# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### HARRISBURG DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC DIOCESE OF HARRISBURG, | Case No. 1:20-bk-00599 (HWV) |
| Debtor.[1] | (Request for Expedited Consideration) |

## DEBTOR'S <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF

The Roman Catholic Diocese of Harrisburg, the debtor and debtor-in-possession (the "***Debtor***") in the above-captioned chapter 11 case (this "***Chapter 11 Case***"), by and through its undersigned counsel, files this motion (this "***Motion***"), pursuant to section 521 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 1007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 1007-1(a) and 1007-3 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Middle District of Pennsylvania (the "***Local Rules***"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"), (i) extending the deadline by which the Debtor must file its schedules of assets and liabilities and statements of financial affairs (collectively, the "***Schedules and Statements***") and (ii) granting related relief. In support of the Motion, the Debtor relies on and incorporates by reference the *Informational Brief of the Roman Catholic Diocese of Harrisburg* (the "***Informational Brief***") and the *Declaration of Christopher G. Linscott in Support of First Day Motions* (the "***Linscott Declaration***" and, with the Informational Brief, collectively, the "***First***

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.

4842-8689-2712.4

*Day Informational Pleadings*") filed contemporaneously herewith, and respectfully states as follows:

**JURISDICTION AND VENUE**

1.    The Court has jurisdiction to consider this Motion, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Order of Reference in Bankruptcy Matters* from the United States District Court for the Middle District of Pennsylvania. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents to the entry of a final judgment or order with respect to the Motion, if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.    Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3.    On the date hereof (the "***Petition Date***"), the Debtor commenced the Chapter 11 Case. The Debtor is operating its business and managing its property as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case, and no committees have been appointed or designated.

4.    A description of the Debtor's history, business operations, operational structure, the reasons for commencing the Chapter 11 Case, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the First Day Informational Pleadings.

**REQUEST FOR EMERGENCY CONSIDERATION**

5.    Pursuant to Local Rule 9075-1, the Debtor requests emergency consideration of this Motion. As discussed in detail below and in the First Day Informational Pleadings, any delay in granting the relief requested could hinder the Debtor's operations and cause immediate and

irreparable harm. As such, the Debtor believes that emergency consideration is necessary and requests that this Motion be heard at the Debtor's first day hearing.

**RELIEF REQUESTED**

6.      By this Motion, the Debtor requests the entry of the Proposed Order (a) extending the deadline by which the Debtor must file its Schedules and Statements by sixteen (16) days, for a total of thirty (30) days from the Petition Date, without prejudice to the Debtor's rights to request additional time and (b) granting such other and further relief as is just and proper.

**BASIS FOR RELIEF REQUESTED**

7.      Under Local Rule 1007-1(a), a motion for an extension of time to file lists, schedules, statements, plans, or other required documents must be filed with the court within fourteen (14) days of the entry of an order for relief or before any previously granted extension expires, pursuant to the computing and extending time guidelines of Bankruptcy Rule 9006. *See* M.D. of Pa. Bankr. L.R. 1007-1(a); Fed. R. Bankr. P. 9006(a).

8.      This Court has authority to grant the Debtor's requested extension under Bankruptcy Rule 1007(c) and Local Rule 1007-1(a). Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown . . . ." Fed. R. Bankr. P. 1007(c). Similarly, Local Rule 1007-1(a) provides that "the motion must state why the extension is needed . . ." M.D. of Pa. Bankr. L.R. 1007-1(a).

9.      The Debtor anticipates that there will be many more creditors and interested parties involved in this Chapter 11 Case, including a multitude of individuals whose claims relate to alleged instances of abuse and whose names and other identifying information will be filed under seal to protect their privacy, pursuant to the relief sought in the *Motion for an Order Authorizing*

*the Debtor to File Under Seal Portions of Schedule F, the Creditor Matrix, and Other Pleadings and Documents* filed contemporaneously herewith. Given the need for confidentiality, preparing the Schedules and Statements accurately and with sufficient detail and adherence to confidentiality requires significant attention from the Debtor's professionals and advisors.

10.     In addition to the reasons set forth above, the Debtor respectfully submits that the size and complexity of its operations, the limited staff available to perform the required internal review of financial records and affairs, the numerous critical operational and mission stabilization matters that the Debtor's personnel must address in the early days of this Chapter 11 Case, and the pressure incident to the commencement of this Chapter 11 Case provide ample cause justifying the requested extension of the deadline to file the Schedules and Statements. Although the Debtor and its professionals have been working diligently on completing the Schedules and Statements, it would be extremely challenging to complete this undertaking prior to the expiration of the Initial Deadline.

11.     The Debtor submits that focusing the attention of key personnel on critical operational and chapter 11 compliance issues during the early days of this Chapter 11 Case will help the Debtor make a smoother transition into bankruptcy and, therefore, will ultimately maximize the value of the Debtor's estate for the benefit of creditors and all parties in interest. Consequently, it is in the best interests of the Debtor and its creditors to obtain an extension of the filing deadline set forth under Bankruptcy Rule 1007(c), which would provide the Debtor with a total of sixty (60) days from the Petition Date to file the Schedules and Statements.

12.     This Court has previously found cause to extend the filing deadline in other chapter 11 cases. *See, e.g., In re Keystone Filler & Mfg. Co.,* Case No. 4:19-bk-02014 (Bankr. M.D. Pa.

May 29, 2019) [Dkt. No. 40]; *In re H & S Towing Service, Inc.,* Case No. 1:19-bk-01801-HWV (Bankr. M.D. Pa. May 14, 2019) [Dkt. No. 12].

13.     The relief requested herein will not prejudice any party in interest. The Debtor intends to work cooperatively with the U.S. Trustee and any other necessary parties in this Chapter 11 Case, to provide access to relevant information regarding the business and financial affairs of the Debtor.

14.     Based on the foregoing, the Debtor submits the relief requested is necessary and appropriate, is in the best interests of the Debtor's estate and creditors, and should be granted.

## <u>NOTICE</u>

15.     The Debtor has provided notice of the filing of the Motion to: (i) the Office of the United States Trustee for the Middle District of Pennsylvania; (ii) the Debtor's 20 largest unsecured creditors; and (iii)  any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "***Notice Parties***"). Notice of this Motion and any order entered in connection with this Motion will be served on all parties required by Local Rule 9013-1. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtor respectfully submits that no further notice of this Motion is required.

[*Remainder of Page Intentionally Left Blank*]

Case 1:20-bk-00599-HWV    Doc 3    Filed 02/19/20    Entered 02/19/20 12:54:06    Desc
Main Document      Page 5 of 9

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: February 19, 2020
Nashville, Tennessee

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

*/s/ Blake D. Roth*
Blake D. Roth (State Bar No. 306951)
Tyler N. Layne (*pro hac vice* admission pending)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:      (615) 244-6380
Facsimile:      (615) 244-6804
Email:      blake.roth@wallerlaw.com
                   tyler.layne@wallerlaw.com

-and-

KLEINBARD, LLC

Matthew H. Haverstick (State Bar No. 85072)
Joshua J. Voss (State Bar No. 306853)
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, Pennsylvania 19103
Telephone:      (215) 568-2000
Facsimile:      (215) 568-0140
Email:      mhaverstick@kleinbard.com
                   jvoss@kleinbard.com

*Proposed Attorneys for the Debtor and Debtor In Possession*

**Exhibit A**

**(Proposed Order)**

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### HARRISBURG DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC DIOCESE OF HARRISBURG, | Case No. 1:20-bk-00599 (HWV) |
| Debtor.[1] | |

## ORDER (I) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "***Motion***")[2] for entry of an order (this "***Order***") (i) extending the time to file schedules of assets and liabilities and statements of financial affairs and (ii) granting related relief; and upon finding this Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Order of Reference in Bankruptcy Matters* from the United States District Court for the Middle District of Pennsylvania; and upon finding venue is proper in this district, pursuant to 28 U.S.C. §§ 1408 and 1409; and upon finding this is a core proceeding, pursuant to 28 U.S.C. § 157(b); and upon finding notice of the Motion is adequate and appropriate under the particular circumstances and no other notice is necessary or required; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "***Hearing***"); and the

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

4842-8689-2712.4

Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is hereby GRANTED.

2.      The time within which the Debtor must file the Debtor's Schedules and Statements is extended for an additional sixteen (16) days, for a total of thirty (30) days from the Petition Date, without prejudice to the Debtor's ability to request additional extensions.

3.      The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

4842-8689-2712.4

2