## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## HARRISBURG DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC DIOCESE OF HARRISBURG, | Case No. 1:20-bk-00599 (HWV) |
| Debtor.[1] | (Request for Expedited Consideration) |

### DEBTOR'S <u>EMERGENCY</u> MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES UNDER SECTION 366 OF THE BANKRUPTCY CODE, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, <u>AND (IV) GRANTING RELATED RELIEF</u>

The Roman Catholic Diocese of Harrisburg, the debtor and debtor in possession (the "***Debtor***") in the above-captioned chapter 11 case (the "***Chapter 11 Case***"), by and through its undersigned counsel, files this emergency motion (this "***Motion***"), pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "***Interim Order***") and **Exhibit B** (the "***Final Order***," and together with the Interim Order, the "***Proposed Orders***"), (i) authorizing Debtor's proposed form of adequate assurance of payment to utility companies under section 366 of the Bankruptcy Code, (ii) establishing procedures for resolving objections by utility companies, (iii) prohibiting utility companies from altering, refusing, or discontinuing service, and (iv) granting related relief. In support of the Motion, the Debtor relies on and incorporates by reference the *Informational Brief of the Roman Catholic Diocese of Harrisburg* (the

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.

4816-6032-4776.11

"***Informational Brief***") and the *Declaration of Christopher G. Linscott in Support of First Day Motions* (the "**Linscott Declaration**" and, with the Informational Brief, collectively, the "***First Day Informational Pleadings***"), and respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion, pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the Middle District of Pennsylvania. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b), and the Debtor consents to the entry of a final judgment or order with respect to this Motion, if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper before this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On the date of this Motion (the "***Petition Date***"), the Debtor commenced the Chapter 11 Case. The Debtor is operating its business and managing its property as a debtor-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case, and no committees have been appointed or designated.

4.      A description of the Debtor's history, business operations, operational structure, the reasons for commencing the Chapter 11 Case, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the First Day Informational Pleadings.

## REQUEST FOR EMERGENCY CONSIDERATION

5.      Pursuant to Local Rule 9075-1 and Bankruptcy Rule 6003, the Debtor requests emergency consideration of this Motion. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm."

4816-6032-4776.11

2

Fed. R. Bankr. P. 6003. As discussed in detail below and in the First Day Informational Pleadings, any delay in granting the relief requested could hinder the Debtor's operations and cause immediate and irreparable harm. As such, the Debtor believes that emergency consideration is necessary and requests that this Motion be heard at the Debtor's first day hearing.

## RELIEF REQUESTED

6. Pursuant to section 366 of the Bankruptcy Code, a utility company is prohibited, within the first thirty (30) days after the filing of a chapter 11 case, from altering, refusing, or discontinuing services to, or discriminating against, a debtor solely on the basis of the commencement of bankruptcy proceedings or the debtor's failure to pay a prepetition debt. 11 U.S.C. § 366(a). Upon expiration of this initial 30-day period, however, a utility company may discontinue services if the debtor has not provided the utility company with "adequate assurance of payment for utility services that is satisfactory to the utility." 11 U.S.C. § 366(c)(2).

7. The Debtor requests entry of the Proposed Orders (i) prohibiting the Utility Companies (as defined below) from altering, refusing, or discontinuing Utility Services (as defined below) to, or discriminating against, the Debtor on account of any outstanding amounts for services rendered prepetition, or any perceived inadequacy of the Debtor's proposed adequate assurance, (ii) determining that the Utility Companies have received adequate assurance of payment for future Utility Services, (iii) approving procedures whereby the Utility Companies may request additional or different assurances beyond those set forth in this Motion, and (iv) approving procedures for resolving objections by the Utility Companies.

## DESCRIPTION OF UTILITY SERVICES

8. The Debtor's ongoing operations require the Debtor to maintain uninterrupted utility services from myriad utility service providers (each, a "*Utility Company*" and collectively, the "*Utility Companies*"), for electricity, natural gas, telephone, water, waste removal, internet,

4816-6032-4776.11

3

and other services (the "*Utility Services*"). The Utility Companies include, without limitation, the entities set forth on the list attached to this Motion as **Exhibit C** (the "*Utility Companies List*"). The Debtor has consistently made payments to the Utility Companies on a regular and timely basis. To the Debtor's knowledge, there are no material defaults or arrearages with respect to the Debtor's undisputed invoices for Utility Services, other than the payment interruptions that may be caused by the commencement of the Chapter 11 Case.[2]

9.      Uninterrupted Utility Services are essential to the continued operation of the Debtor and, consequently, to the success of the Chapter 11 Case. Should any Utility Company alter, refuse, or discontinue service, even for a brief period, the Debtor's operations could be severely disrupted, and such disruption would jeopardize the Debtor's reorganization efforts. Accordingly, the Debtor seeks to establish an orderly process for providing adequate assurance to its Utility Companies without hindering the Debtor's ability to function as a going concern.

10.      The Debtor receives Utility Services from the Utility Companies for multiple facilities. On average, the Debtor pays approximately $16,919.04 each month for the Utility Services, calculated as a seven month trailing average. The Debtor estimates that the cost for the Utility Services during the next two (2) weeks (not including any deposits to be paid) will be approximately $8,459.52, based upon the historical average.

## PROPOSED ADEQUATE ASSURANCE TO UTILITY COMPANIES

11.      As of the Petition Date, the Debtor has cash sufficient to make postpetition payments to the Utility Companies.

---

[2] In order to make payments to third parties, the Debtor funds, or causes to be funded, payments to Harrisburg Catholic Administrative Services, Inc. ("*HCAS*"). As part of its administrative responsibilities pursuant to certain services agreements, HCAS, in turn, makes payments to such third parties on the Debtor's behalf using such funds.
4816-6032-4776.11

12. The Debtor intends to pay its undisputed postpetition obligations to the Utility Companies on a timely basis, in accordance with its prepetition practices, and has the ability to do so.

13. Consistent with section 366(c)(1)(A) of the Bankruptcy Code, which defines the phrase "assurance of payment" to include a "cash deposit," the Debtor proposes to deposit an amount equal to two (2) weeks of Utility Services, calculated as a historical average for fiscal year 2018–2019 (each, an "*Adequate Assurance Deposit*"), into a segregated bank account designated for the Adequate Assurance Deposit (the "*Adequate Assurance Deposit Account*"), within twenty (20) days of the Petition Date. The Adequate Assurance Deposit will be held in the Adequate Assurance Deposit Account for the duration of the Chapter 11 Case and may be applied to any postpetition defaults with respect to payments to the Utility Companies.

14. The Debtor submits that the Adequate Assurance Deposit, in conjunction with the Debtor's ability to pay for future Utility Services in the ordinary course of business (collectively, the "*Proposed Adequate Assurance*") and any deposits held by the Utility Companies, constitutes sufficient adequate assurance of future payment to the Utility Companies, to satisfy the requirements of section 366 of the Bankruptcy Code. Nonetheless, if any Utility Company believes additional assurance is required, the Debtor requests that the Court establish certain procedures, described below, by which a Utility Company may request such assurance.

## ADDITIONAL ADEQUATE ASSURANCE PROCEDURES

15. In light of the severe consequences to the Debtor's operations that would result from any interruption in Utility Services and provide an efficient process to address the right of any Utility Company under section 366(c)(2) of the Bankruptcy Code to seek additional adequate assurance satisfactory to it, the Debtor proposes that the following procedures (the "*Adequate Assurance Procedures*") be adopted:

4816-6032-4776.11

(a)     Any Utility Company desiring assurance of future payment for Utility Services beyond the Proposed Adequate Assurance must serve a request (each, an "***Additional Assurance Request***") so that it is **received** by the Debtor and the Debtor's counsel, by no later than thirty (30) days after the Petition Date (the "***Request Deadline***") at the following address: Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219 (Attn: Blake D. Roth and Tyler N. Layne).

(b)     Any Additional Assurance Request must: (i) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (ii) be made in writing; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits or other security currently held by the requesting Utility Company; (v) explain whether the Debtor prepays for the Utility Company's services; (vi) describe any payment delinquency or irregularity by the Debtor for the postpetition period, if any; and (vii) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(c)     Upon the Debtor's receipt of an Additional Assurance Request to the addresses set forth above, the Debtor shall have the longer of (i) twenty (20) days from the receipt of such Additional Assurance Request or (ii) forty (40) days from the Petition Date (the "***Resolution Period***") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company, without application to or approval by the Court.

(d)     The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, other forms of security, or any combination of the above, if the Debtor believes such is reasonable. If the Debtor and requesting Utility Company resolve the Additional Assurance Request, the Debtor may, by mutual agreement with the requesting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Company's estimated two-week utility expense.

(e)     If the Debtor determines that an Additional Assurance Request is not reasonable, and the parties are not able to resolve such request during the Resolution Period, then during or immediately after the Resolution Period, the Debtor will request a hearing before the Court to determine the adequacy

4816-6032-4776.11

of assurances of payment made to the requesting Utility Company (the "***Determination Hearing***"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f)    Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(g)    Other than through the Objection Procedures (as defined below), any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of any unpaid prepetition charges, or requiring additional assurance of payment beyond the Proposed Adequate Assurance.

## OBJECTIONS TO THE PROPOSED ADEQUATE ASSURANCE PROCEDURES

16.    The Debtor requests that any Utility Company not satisfied with the Adequate Assurance Procedures set forth in this Motion and wishing to object to such Adequate Assurance Procedures comply with the following procedures (the "***Objection Procedures***"):

(a)    A Utility Company that desires to object to the Adequate Assurance Procedures must file an objection (a "***Procedures Objection***") with the Court within twenty-one (21) days of the Petition Date.

(b)    Any Procedures Objection must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits or other security currently held by the objecting Utility Company; (iv) explain whether the Debtor prepays for the Utility Company's services or what payment terms presently apply to the Debtor; and (v) explain why the objecting Utility Company believes the proposed Adequate Assurance Procedures are inadequate.

(c)    The Debtor, in its discretion, may resolve any Procedures Objection by mutual agreement with the objecting Utility Company and without further order of the Court, and may, in connection with any such resolution and in its discretion, provide a Utility Company with assurance of future payment, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, or other forms of security, if the Debtor believes such assurance of payment is reasonable. If the Debtor and objecting Utility Company resolve the Procedures Objection, the Debtor may, by mutual

agreement with the objecting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the objecting Utility Company's estimated two-week utility expense.

(d)     If the Debtor determines that a Procedures Objection is not reasonable and are not able to reach a prompt alternative resolution with the objecting Utility Company, the Debtor will promptly request a hearing before the Court to determine the Procedures Objection (a "***Procedures Objection Hearing***").

(e)     Pending the resolution of a Procedures Objection at a Procedures Objection Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance Procedures.

(f)     Any Utility Company that does not timely file a Procedures Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

## **SUBSEQUENT MODIFICATION OF THE UTILITY COMPANIES LIST**

17.     The Debtor requests that it be allowed, without further order of the Court, to supplement the Utility Companies List if any Utility Company has been inadvertently omitted from the list (each, an "***Additional Utility Company***"). If the Debtor determines that the Utility Companies List should be supplemented, the Debtor will as soon as reasonably practicable file with the Court an amendment to **Exhibit C**, adding the name of any Additional Utility Company. The Debtor will then serve by email or by facsimile transmission (or where the Debtor does not have the email address or fax number of a Utility Company, by First Class Mail) a copy of this Motion and the signed Interim Order or Final Order, as appropriate, on any Additional Utility Company.

18.     The Debtor requests that any Additional Utility Company be subject to the terms of this Motion, including the Adequate Assurance Procedures and the Objection Procedures.

Should any Additional Utility Company be added to the Utility Companies List, the Debtor will not be required to increase the amounts of deposit in the Adequate Assurance Deposit Account.

19.     The Debtor requests that any Additional Utility Company have thirty (30) days from the date of service of this Motion, or Interim Order or Final Order, as applicable, to make an Additional Assurance Request as outlined above. The Additional Utility Company shall serve a Procedures Objection as outlined above.

20.     The Debtor requests that the ability to amend the Utility Companies List to delete a Utility Company, or to terminate a Utility Company, only if it has provided two (2) weeks advance notice to such Utility Company, and has not received a Procedures Objection from such Utility Company. If a Procedures Objection is received, the Debtor requests a Procedures Objection Hearing before this Court at the next omnibus hearing date, or such other date that the Debtor and the Utility Company may agree. The Debtor shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Company that the Debtor seeks to terminate or delete unless and until the two (2) week notice period has passed and the Debtor has not received any objection to termination or deletion from such Utility Company, or until any such objection has been resolved consensually or by order of the Court.

## BASIS FOR RELIEF REQUESTED

**A.    Section 366 of the Bankruptcy Code Grants the Court the Discretion to Determine the Adequacy of the Debtor's Proposed Assurance**.

21.     Congress enacted section 366 of the Bankruptcy Code to protect a debtor from immediate termination of utility services after filing for bankruptcy, while at the same time providing the utility companies with adequate assurance of payment for postpetition utility services. *See* H.R. Rep. No. *95-595*, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306. Section 366 defines "assurance of payment" to mean several forms of security, including, cash

4816-6032-4776.11

9

Should any Additional Utility Company be added to the Utility Companies List, the Debtor will not be required to increase the amounts of deposit in the Adequate Assurance Deposit Account.

19.     The Debtor requests that any Additional Utility Company have thirty (30) days from the date of service of this Motion, or Interim Order or Final Order, as applicable, to make an Additional Assurance Request as outlined above. The Additional Utility Company shall serve a Procedures Objection as outlined above.

20.     The Debtor requests that the ability to amend the Utility Companies List to delete a Utility Company, or to terminate a Utility Company, only if it has provided two (2) weeks advance notice to such Utility Company, and has not received a Procedures Objection from such Utility Company. If a Procedures Objection is received, the Debtor requests a Procedures Objection Hearing before this Court at the next omnibus hearing date, or such other date that the Debtor and the Utility Company may agree. The Debtor shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Company that the Debtor seeks to terminate or delete unless and until the two (2) week notice period has passed and the Debtor has not received any objection to termination or deletion from such Utility Company, or until any such objection has been resolved consensually or by order of the Court.

## BASIS FOR RELIEF REQUESTED

**A.    Section 366 of the Bankruptcy Code Grants the Court the Discretion to Determine the Adequacy of the Debtor's Proposed Assurance**.

21.     Congress enacted section 366 of the Bankruptcy Code to protect a debtor from immediate termination of utility services after filing for bankruptcy, while at the same time providing the utility companies with adequate assurance of payment for postpetition utility services. *See* H.R. Rep. No. *95-595*, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306. Section 366 defines "assurance of payment" to mean several forms of security, including, cash

4816-6032-4776.11

9

deposits, letters of credit, and prepayment of utility services. 11 U.S.C. § 366(c)(1)(A). Section 366(c)(1)(B) explicitly excludes, however, offering administrative expense priority as adequate assurance of payment.

22.     While section 366(c) of the Bankruptcy Code sets forth what constitutes adequate assurance of payment, the bankruptcy court nonetheless retains discretion to determine what, if any, adequate assurance is necessary to satisfy the requirement in section 366 that assurance of payment must only be adequate. *See In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("The bankruptcy courts are in agreement that section 366(b) vests in the bankruptcy court the exclusive responsibility for determining the appropriate security which a debtor must provide to his utilities to preclude termination of service for non-payment of pre-petition utility bills."); *Marion Steel Co. v. Ohio Edison Co. (In re Marion Steel Co.)*, 35 B.R. 188, 198 (Bankr. N.D. Ohio 1983) (same). Accordingly, a court is neither required to give the utility companies an "absolute guarantee of payment," nor require that the adequate assurance take the form of a deposit, bond, letter of credit, or similar security. *See In re Caldor, Inc. – N.Y.*, 199 B.R. 1, 3 (S.D.N.Y. 1996), *aff'd*, 117 F.3d 646 (2d Cir. 1997).

23.     Rather, in considering the facts and circumstances of each case, the Court must only ensure that the utility is not subject to an unreasonable risk of non-payment for postpetition services. *See In re Adelphia*, 280 B.R. at 80; *In re Keydata Corp.*, 12 B.R. 156, 158 (1st Cir. BAP 1981). The Court, therefore, must strike a careful balance between satisfying the utility company's need for adequate assurance and ensuring that the debtor provides no more than what is adequate, as the debtor has a conflicting need to conserve financial resources. *See In re Magnesium Corp. of Am.*, 278 B.R. 698, 714 (Bankr. S.D.N.Y. 2002) (holding that to require the debtor to allocate valuable liquidity to provide further "adequate assurance" to satisfy a utility's obligations before

Case 1:20-bk-00599-HWV    Doc 9    Filed 02/19/20    Entered 02/19/20 13:29:56    Desc
Main Document      Page 10 of 43

their amount has been fixed would prejudice the entirety of the debtor's unsecured creditor body for the benefit of a single one).

24.     In determining whether a utility is subject to an unreasonable risk of non-payment, the Court may consider whether the utility would seek the same additional security from another non-bankruptcy debtor. *See In re Caldor, Inc. – N.Y.*, 199 B.R. at 3 (finding that the utility companies were not seeking additional security for an adequate assurance of future payment, but solely because their monopoly position permitted them to capitalize on the debtors' bankruptcy filing); *In re Whittaker*, 84 B.R. 934, 941-42 (Bankr. E.D. Pa. 1988), *aff'd*, 92 B.R. 110 (E.D. Pa. 1988), *aff'd*, 882 F.2d 791 (3d Cir. 1989). The Court may not consider, however, the absence of security before the petition date, the debtor's history of timely payments, or the availability of an administrative expense priority. 11 U.S.C. § 366(c)(3)(B).

**B.     The Debtor's Proposed Adequate Assurance Has Been Upheld as Adequate By Courts.**

25.     Given that this Court has the discretion to determine the assurance necessary to satisfy the Utility Companies' needs, the Debtor submits that the Proposed Adequate Assurance is more than adequate to ensure that the Debtor will meet its postpetition utility obligations. Indeed, the Debtor's proposal is similar to the relief granted in other chapter 11 cases commenced in this jurisdiction. *See In re Whittaker*, 882 F.2d 791 at 794.

26.     In the Chapter 11 Case, the Debtor is proposing the same type of assurance that has been proposed in previous chapter 11 cases and believes that the Adequate Assurance Deposit Account, together with the proposed Adequate Assurance Procedures, strikes a fair balance between the rights of the Utility Companies and the interests of the Debtor's estate. If the Utility Companies altered, refused, or discontinued service, the Debtor's operations could be severely disrupted. Such disruption could have a devastating impact on the Debtor's operations and

4816-6032-4776.11

revenues, thereby jeopardizing the Debtor's ability to successfully reorganize. By contrast, the Utility Companies will have received the protection of a cash deposit equal to two (2) weeks' worth of Utility Services, and may receive this deposit in the event that the Debtor fails to timely pay its postpetition utility charges. It is, therefore, critical that this Court grant the relief requested in this Motion and prohibit the Utility Companies from altering, refusing, or discontinuing the Debtor's necessary Utility Services during the Chapter 11 Case.

## REQUESTED RELIEF SATISFIES BANKRUPTCY RULE 6003

27.     Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within twenty-one (21) days after the filing of the petition, grant relief regarding . . . a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition ...." Fed. R. Bankr. P. 6003(b). As described herein, the Debtor will suffer immediate and irreparable harm without Court authorization to pay all undisputed invoices for Utility Services rendered by the Utility Companies to the Debtor after the Petition Date, and to provide the Adequate Assurance Deposit for the benefit of the Utility Companies. If the relief is not granted, the Debtor's operations that depend on the constant and reliable provision of Utility Services may suffer a significant disruption, reducing its revenue and profits, and thereby causing immediate and irreparable harm to the Debtor's estate. Accordingly, the Debtor submits that Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

## REQUEST FOR WAIVER OF BANKRUPTCY RULES 6004(a) AND (h)

28.     To implement the foregoing immediately, the Debtor respectfully requests a waiver of the notice requirements under Bankruptcy Rule 6004(a). Furthermore, to implement the foregoing immediately, the Debtor seeks a waiver of any stay of the effectiveness of the order

approving this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." As set forth above, paying all undisputed invoices for Utility Services rendered by the Utility Companies to the Debtor after the Petition Date and to provide the Adequate Assurance Deposit is essential to prevent potentially irreparable damages to the Debtor's operations and its estate. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

29.     Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtor; a waiver of the Debtor's rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code, nor does it waive its rights under the Code of Canon Law, or any applicable State or Federal law. The Debtor expressly reserves its rights to contest any invoice or claim of a Utility Company in accordance with applicable non-bankruptcy law. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## NOTICE

30.     The Debtor has provided notice of the filing of this Motion to: (i) the Office of the United States Trustee for the Middle District of Pennsylvania; (ii) the Debtor's 20 largest unsecured creditors on a consolidated basis; (iii) the Utility Companies; and (iv) all parties entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "***Notice Parties***"). Notice of this Motion and any order entered in connection with this Motion will be served on all parties required by Local Rule 9013-1. Due to the urgency of the circumstances surrounding this Motion and the

4816-6032-4776.11

nature of the relief requested herein, the Debtor respectfully submits that no other or further notice of this Motion is required.

[*Remainder of Page Intentionally Left Blank*]

4816-6032-4776.11

**WHEREFORE**, the Debtor respectfully requests that the Court (i) enter the Interim Order, (ii) pending a final hearing, enter the Final Order, and (iii) grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: February 19, 2020
Nashville, Tennessee

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

/s/ Blake D. Roth
Blake D. Roth (State Bar No. 306951)
Tyler N. Layne (*pro hac vice* admission pending)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:     (615) 244-6380
Facsimile:     (615) 244-6804
Email:     blake.roth@wallerlaw.com
               tyler.layne@wallerlaw.com

-and-

KLEINBARD, LLC

Matthew H. Haverstick (State Bar No. 85072)
Joshua J. Voss (State Bar No. 306853)
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, Pennsylvania 19103
Telephone:     (215) 568-2000
Facsimile:     (215) 568-0140
Email:     mhaverstick@kleinbard.com
               jvoss@kleinbard.com

*Proposed Attorneys for the Debtor and Debtor In Possession*

4816-6032-4776.11

15

# EXHIBIT A

## (*Proposed Interim Order*)

4816-6032-4776.11
4816-6032-4776

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### HARRISBURG DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC DIOCESE OF HARRISBURG, | Case No. 1:20-bk-00599 (HWV) |
| Debtor.[1] | |

## INTERIM ORDER (I) AUTHORIZING DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES UNDER SECTION 366 OF THE BANKRUPTCY CODE, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "***Motion***")[2] filed by the Debtor for entry of an interim order (this "***Interim Order***") (i) authorizing Debtor's proposed form of adequate assurance of payment to utility companies under section 366 of the Bankruptcy Code, (ii) establishing procedures for resolving objections by utility companies, (iii) prohibiting utility companies from altering, refusing, or discontinuing service, and (iv) granting related relief; and the Court having found that it has jurisdiction to consider the Motion, pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the Middle District of Pennsylvania; and upon consideration of the First Day Informational Pleadings; and the Court having found that consideration of the Motion and the relief requested is a core proceeding, pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper, pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

4816-6032-4776.11

relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1.      The Motion is GRANTED on an interim basis as set forth in this Interim Order.

2.      The Debtor is authorized to pay on a timely basis, in accordance with its prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Companies to the Debtor on and after the Petition Date.

3.      The Debtor shall provide an Adequate Assurance Deposit for all Utility Companies identified on **Exhibit C** to the Motion by depositing **$8,459.52**, an amount equal to the estimate amount of two (2) weeks of Utility Services (the "*Adequate Assurance Deposit*"), into a segregated bank account designated for the Adequate Assurance Deposit (the "*Adequate Assurance Deposit Account*"), within twenty (20) days of the Petition Date.

4.      The Adequate Assurance Deposits, in conjunction with the Debtor's ability to pay for future Utility Services in the ordinary course of business (collectively, the "*Proposed Adequate Assurance*"), constitute sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

5.     The Utility Companies are prohibited from: (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on the basis of the commencement of the Chapter 11 Case or on account of any unpaid prepetition charges; or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance as a condition of the Debtor receiving such Utility Services.

6.     The following Adequate Assurance Procedures are approved:

(a)     Any Utility Company desiring assurance of future payment for Utility Services beyond the Proposed Adequate Assurance must serve a request (an "***Additional Assurance Request***") so that it is **received** by the Debtor and the Debtor's counsel, by no later than thirty (30) days after the Petition Date (the "***Request Deadline***") at the following address: Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219 (Attn: Blake D. Roth and Tyler N. Layne).

(b)     Any Additional Assurance Request must: (i) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (ii) be made in writing; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits or other security currently held by the requesting Utility Company; (v) explain whether the Debtor prepays for the Utility Company's services; (vi) describe any payment delinquency or irregularity by the Debtor for the postpetition period, if any; and (vii) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(c)     Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have the longer of (i) twenty (20) days from the receipt of such Additional Assurance Request or (ii) forty (40) days from the Petition Date (collectively, the "***Resolution Period***") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company without application to or approval of the Court.

(d)     The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, other forms of security, or any

combination of the above, if the Debtor believes such additional assurance is reasonable. If the Debtor and requesting Utility Company resolve the Additional Assurance Request, the Debtor may, by mutual agreement with the requesting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Company's estimated two-week utility expense.

(e)     If the Debtor determines that an Additional Assurance Request is not reasonable, and the parties are not able to resolve such request during the Resolution Period, then during or immediately after the Resolution Period, the Debtor will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "***Determination Hearing***"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f)     Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(g)     Other than through the Objection Procedures set forth below, any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of any unpaid prepetition charges, or requiring additional assurance of payment beyond the Proposed Adequate Assurance.

7.     The following Objection Procedures are approved:

(a)     A Utility Company that desires to object to the Adequate Assurance Procedures must file an objection (a "***Procedures Objection***") with the Court and serve such Procedures Objection so that it is **received** by the Debtor and the Debtor's counsel within twenty-one (21) days of the Petition Date.

(b)     Any Procedures Objection must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits or other security currently held by the objecting Utility Company; (iv) explain whether the Debtor prepays for the Utility Company's services or what payment terms presently apply to the Debtor; and (v) explain why the objecting Utility Company believes the proposed Adequate Assurance Procedures are inadequate.

(c)     The Debtor, in its discretion, may resolve any Procedures Objection by

mutual agreement with the objecting Utility Company and without further order of the Court, and may, in connection with any such resolution and in its discretion, provide a Utility Company with assurance of future payment, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, or other forms of security, if the Debtor believes such assurance of payment is reasonable. If the Debtor and objecting Utility Company resolve the Procedures Objection, the Debtor may, by mutual agreement with the objecting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the objecting Utility Company's estimated two-week utility expense.

(d)     If the Debtor determines that a Procedures Objection is not reasonable and is not able to reach a prompt alternative resolution with the objecting Utility Company, the Debtor will promptly request a hearing before the Court to determine the Procedures Objection (a "***Procedures Objection Hearing***").

(e)     Pending the resolution of a Procedures Objection at a Procedures Objection Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance Procedures.

(f)     Any Utility Company that does not timely file a Procedures Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

8.     The Debtor may supplement the Utility Companies List without further order of the Court, if any Utility Company has been inadvertently omitted from the Utility Companies List (each, an "***Additional Utility Company***"), and the Debtor will as soon as reasonably practicable file with the Court an amendment to **Exhibit C** to the Motion adding the name of any Additional Utility Company (the "***Supplement***"). The Debtor will then serve by email or by facsimile transmission (or, where the Debtor does not have the email address or fax number of a Utility Company, by First Class Mail) a copy of the Motion and this Interim Order on any Additional Utility Company. The Debtor will increase the Adequate Assurance Deposit Account by an amount equal to 50% of the Debtor's average monthly utility consumption over the course of the twelve (12) months for any Utility Company added to the Utility Companies List.

9.     Any Additional Utility Company is subject to the terms of this Interim Order, including the Adequate Assurance Procedures and the Objection Procedures.

10.     Any Additional Utility Company shall have thirty (30) days from the date of service of this Interim Order to make an Additional Assurance Request as outlined above. The Additional Utility Company shall serve a Procedures Objection as outlined above.

11.     Should any Additional Utility Company be added to the Utility Companies List, the Debtor will not be required to increase the amounts of deposit in the Adequate Assurance Deposit Account.

12.     No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures or the Objection Procedures, (b) by mutual agreement of the Debtor and the applicable Utility Company, or (c) by further order of the Court. If the Debtor fails to pay for any legitimate postpetition Utility Services when due, a Utility Company may access only that portion of the Adequate Assurance Deposit owing to it in the Adequate Assurance Deposit Account.

13.     The Debtor may amend the Utility Companies List to delete a Utility Company, or may seek to terminate a Utility Company, only if it has provided two (2) weeks advance notice to such Utility Company, and has not received a Procedures Objection from such Utility Company. If a Procedures Objection is received, the Debtor shall request a Procedures Objection Hearing before this Court at the next omnibus hearing date, or such other date that the Debtor and the Utility Company may agree. The Debtor shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Company that the Debtor seeks to terminate or delete unless and until the two (2) week notice period has passed and the Debtor has not received any objection to termination or deletion from such Utility Company, or until any such objection has been resolved

consensually or by order of the Court.

14.     The Debtor shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Interim Order.

15.     Notwithstanding the relief granted in this Interim Order, nothing in the Motion or this Interim Order, shall be deemed or construed as (i) an admission as to the validity or priority of any claim against the Debtor; (ii) a waiver of the Debtor's right to dispute any claim on any ground; (iii) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (iv) a promise or requirement to pay any prepetition claim or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (v) a waiver of the Debtor's rights under the Bankruptcy Code, the Code of Canon Law, or any other applicable law.

16.     Nothing contained herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Companies List.

17.     Within three (3) business days of the date of this Interim Order, the Debtor shall serve a copy of this Interim Order and the Motion on each Utility Company identified on the Utility Companies List, and within three (3) business days of filing the Supplement, the Debtor shall serve a copy of this Interim Order and the Motion on any Additional Utility Company.

18.     All funds held in the Adequate Assurance Deposit Account shall be returned to the Debtor at the conclusion of the Chapter 11 Case.

19.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

20.     The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the

contents of the Motion or otherwise deemed waived.

21.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

22.     The Final Hearing on the Motion shall be held on _____, 2020, at __:__ _.m. prevailing Eastern Time, at the Ronald Reagan Federal Building, 228 Walnut Street, Courtroom 320, Harrisburg, PA 17101, and any objections or responses to the Motion shall be in writing, filed with the Court, with a copy to chambers, on or before_____, 2020.

23.     The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and interpretation of this Interim Order.

# EXHIBIT B

## *(Proposed Final Order)*

4816-6032-4776.11

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC DIOCESE OF HARRISBURG, | Case No. 1:20-bk-00599 (HWV) |
| Debtor.[1] | |

**FINAL ORDER (I) AUTHORIZING DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES UNDER SECTION 366 OF THE BANKRUPTCY CODE, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "***Motion***")[2] filed by the above-captioned Debtor for entry of a final order (this "***Final Order***") (i) authorizing Debtor's proposed form of adequate assurance of payment to utility companies under section 366 of the Bankruptcy Code, (ii) establishing procedures for resolving objections by utility companies, (iii) prohibiting utility companies from altering, refusing, or discontinuing service, and (iv) granting related relief; and the Court having found that it has jurisdiction to consider the Motion, pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the Middle District of Pennsylvania; and the Court having found that consideration of the Motion and the relief requested is a core proceeding, pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper, pursuant to 28 U.S.C. §§ 1408 and

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

4816-6032-4776.11

1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and the First Day Informational Pleadings and having considered the statements of counsel and the evidence adduced with respect to the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted in this Final Order; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1.     The Motion is GRANTED on an final basis as set forth in this Final Order.

2.     The Debtor is authorized to pay on a timely basis, in accordance with its prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Companies to the Debtor on and after the Petition Date.

3.     The Debtor shall provide an Adequate Assurance Deposit for all Utility Companies identified on **Exhibit C** to the Motion by depositing **$8,459.52**, an amount equal to the estimate amount of two (2) weeks of Utility Services (the "***Adequate Assurance Deposit***"), into a segregated bank account designated for the Adequate Assurance Deposit (the "***Adequate Assurance Deposit Account***"), within twenty (20) days of the Petition Date.

4.     The Adequate Assurance Deposits, in conjunction with the Debtor's ability to pay for future Utility Services in the ordinary course of business (collectively, the "***Proposed Adequate Assurance***"), constitute sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

4816-6032-4776.11

2

5. The Utility Companies are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on the basis of the commencement of the Chapter 11 Case or on account of any unpaid prepetition charges; or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance as a condition of the Debtor receiving such Utility Services.

6. The following Adequate Assurance Procedures are approved:

(a) Any Utility Company desiring assurance of future payment for Utility Services beyond the Proposed Adequate Assurance must serve a request (an "***Additional Assurance Request***") so that it is **received** by the Debtor and the Debtor's counsel, by no later than thirty (30) days after the Petition Date (the "***Request Deadline***") at the following address: Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219 (Attn: Blake D. Roth and Tyler N. Layne).

(b) Any Additional Assurance Request must: (i) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (ii) be made in writing; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits or other security currently held by the requesting Utility Company; (v) explain whether the Debtor prepays for the Utility Company's services; (vi) describe any payment delinquency or irregularity by the Debtor for the postpetition period, if any; and (vii) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(c) Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have the longer of (i) twenty (20) days from the receipt of such Additional Assurance Request or (ii) forty (40) days from the Petition Date (collectively, the "***Resolution Period***") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company without application to or approval of the Court.

(d) The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, other forms of security, or any

4816-6032-4776.11

3

combination of the above, if the Debtor believes such additional assurance is reasonable. If the Debtor and requesting Utility Company resolve the Additional Assurance Request, the Debtor may, by mutual agreement with the requesting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Company's estimated two-week utility expense.

(e)     If the Debtor determines that an Additional Assurance Request is not reasonable, and the parties are not able to resolve such request during the Resolution Period, then during or immediately after the Resolution Period, the Debtor will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "***Determination Hearing***"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f)     Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(g)     Other than through the Objection Procedures set forth below, any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of any unpaid prepetition charges, or requiring additional assurance of payment beyond the Proposed Adequate Assurance.

7.     The following Objection Procedures are approved:

(a)     A Utility Company that desires to object to the Adequate Assurance Procedures must file an objection (a "***Procedures Objection***") with the Court and serve such Procedures Objection so that it is **received** by the Debtor and the Debtor's counsel within twenty-one (21) days of the Petition Date.

(b)     Any Procedures Objection must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits or other security currently held by the objecting Utility Company; (iv) explain whether the Debtor prepays for the Utility Company's services or what payment terms presently apply to the Debtor; and (v) explain why the objecting Utility Company believes the proposed Adequate Assurance Procedures are inadequate.

4816-6032-4776.11

4

(c)     The Debtor, in its discretion, may resolve any Procedures Objection by mutual agreement with the objecting Utility Company and without further order of the Court, and may, in connection with any such resolution and in its discretion, provide a Utility Company with assurance of future payment, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, or other forms of security, if the Debtor believes such assurance of payment is reasonable. If the Debtor and objecting Utility Company resolve the Procedures Objection, the Debtor may, by mutual agreement with the objecting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the objecting Utility Company's estimated two-week utility expense.

(d)     If the Debtor determines that a Procedures Objection is not reasonable and is not able to reach a prompt alternative resolution with the objecting Utility Company, the Debtor will promptly request a hearing before the Court to determine the Procedures Objection (a "***Procedures Objection Hearing***").

(e)     Pending the resolution of a Procedures Objection at a Procedures Objection Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance Procedures.

(f)     Any Utility Company that does not timely file a Procedures Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

8.     The Debtor may supplement the Utility Companies List without further order of the Court if any Utility Company has been inadvertently omitted from the Utility Companies List (each, an "***Additional Utility Company***"), and the Debtor will as soon as reasonably practicable file with the Court an amendment to Exhibit C to the Motion adding the name of any Additional Utility Company (the "***Supplement***"). The Debtor will then serve by email or by facsimile transmission (or, where the Debtor does not have the email address or fax number of a Utility Company, by First Class Mail) a copy of the Motion and this Final Order on any Additional Utility Company. The Debtor will increase the Adequate Assurance Deposit Account by an amount equal to 50% of the Debtor's average monthly utility consumption over the course of the twelve (12) months for any Utility Company added to the Utility Companies List.

4816-6032-4776.11

5

9.	Any Additional Utility Company is subject to the terms of this Final Order, including the Adequate Assurance Procedures and the Objection Procedures.

10.	Any Additional Utility Company shall have thirty (30) days from the date of service of this Final Order to make an Additional Assurance Request as outlined above. The Additional Utility Company shall serve a Procedures Objection as outlined above.

11.	Should any Additional Utility Company be added to the Utility Companies List, the Debtor will not be required to increase the amounts of deposit in the Adequate Assurance Deposit Account.

12.	No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures or the Objection Procedures, (b) by mutual agreement of the Debtor and the applicable Utility Company, or (c) by further order of the Court. If the Debtor fails to pay for any legitimate postpetition Utility Services when due, a Utility Company may access only that portion of the Adequate Assurance Deposit owing to it in the Adequate Assurance Deposit Account.

13.	The Debtor may amend the Utility Companies List to delete a Utility Company, or may seek to terminate a Utility Company, only if it has provided two (2) weeks advance notice to such Utility Company, and has not received a Procedures Objection from such Utility Company. If a Procedures Objection is received, the Debtor shall request a Procedures Objection Hearing before this Court at the next omnibus hearing date, or such other date that the Debtor and the Utility Company may agree. The Debtor shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Company that the Debtor seeks to terminate or delete unless and until the two (2) week notice period has passed and the Debtor has not received any objection to termination or deletion from such Utility Company, or until any such objection has been resolved

consensually or by order of the Court.

14.     The Debtor shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Final Order.

15.     Notwithstanding the relief granted in this Final Order, nothing in the Motion or this Final Order, shall be deemed or construed as (i) an admission as to the validity or priority of any claim against the Debtor; (ii) a waiver of the Debtor's right to dispute any claim on any ground; (iii) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (iv) a promise or requirement to pay any prepetition claim or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (v) a waiver of the Debtor's rights under the Bankruptcy Code, the Code of Canon Law, or any other applicable law.

16.     Nothing contained herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Companies List.

17.     Within three (3) business days of the date of this Final Order, the Debtor shall serve a copy of this Final Order and the Motion on each Utility Company identified on the Utility Companies List, and within three (3) business days of filing the Supplement, the Debtor shall serve a copy of this Final Order and the Motion on any Additional Utility Company.

18.     All funds held in the Adequate Assurance Deposit Account shall be returned to the Debtor at the conclusion of the Chapter 11 Case.

19.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

20.     The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the

contents of the Motion or otherwise deemed waived.

21.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

22.     This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and interpretation of this Final Order.

4816-6032-4776.11

**EXHIBIT C**

**Utility Companies List**

| Company | Address | Service Address |
| --- | --- | --- |
| Bloomsburg Municipal Authority | 1000 Market Street, Suite 9 Bloomsburg, PA 17815 | 353 E Main Street, Bloomsburg, PA 17815 |
| Borough of Lewisburg Refuse Department | 55 South Fifth St. Lewisburg, PA 17837 | 610 St. George St., Lewisburg, PA 17837 |
| Capital Region Water | 100 Pine Drive Harrisburg, PA 17103 | 517 S. 13th Street, Harrisburg, PA 17112 |
| Capital Region Water | 100 Pine Drive Harrisburg, PA 17103 | 225-29 North St., Harrisburg, PA |
| Capital Region Water | 100 Pine Drive Harrisburg, PA 17103 | 214 State St., Harrisburg, PA |
| Citizens Electric Co. | 1775 Industrial Blvd Lewisburg, PA 17837 | 610 St. George St., Lewisburg, PA 17837 |
| City of Lancaster, Pennsylvania | 39 W Chestnut St P.O. Box 1020 Lancaster, PA 17608 | 221 E. Lemon St., Lancaster, PA |
| City of Lancaster, Pennsylvania | 39 W Chestnut St P.O. Box 1020 Lancaster, PA 17608 | 470 St. Joseph Road, Lancaster, PA |

4816-6032-4776.11

| Company | Address | Service Address |
|---|---|---|
| City of Lancaster, Pennsylvania | 39 W Chestnut St<br>P.O. Box 1020<br>Lancaster, PA 17608 | 170 Charles Rd., Lancaster, PA |
| City of Lancaster, Pennsylvania | 39 W Chestnut St<br>P.O. Box 1020<br>Lancaster, PA 17608 | 123 Locust St., Lancaster, PA |
| City of Lancaster, Pennsylvania | 39 W Chestnut St<br>P.O. Box 1020<br>Lancaster, PA 17608 | 401 New Holland Ave., Lancaster, PA |
| City of Lancaster, Pennsylvania | 39 W Chestnut St<br>P.O. Box 1020<br>Lancaster, PA 17608 | 227 N. George St., Lancaster, PA |
| Direct Energy Business | 1001 Liberty Ave, Suite 1200<br>Pittsburgh, PA 15222 | 4800 Union Deposit, Harrisburg, PA |
| Evans Disposal | 2705 Snyder Ave<br>Bloomsburg, PA 17815 | 353 E. 2nd St., Bloomsburg, PA |
| Filson Water LLC | 11 Roadway Drive, Suite A<br>Carlisle, PA 17015 | 116 S. Oak Grove Rd., Harrisburg, PA |
| Filson Water LLC | 11 Roadway Drive, Suite A<br>Carlisle, PA 17015 | 4075 Derry St., Harrisburg, PA |
| LAJSA | P.O. Box 305<br>Lewisburg, PA 17837-0305 | 610 St. George St., Lewisburg, PA |

4816-6032-4776.11

| Company | Address | Service Address |
|---------|---------|-----------------|
| Lebanon Farms Disposal | P.O. Box 380 Schaefferstown, PA 17088 | 123 Locust St., Lancaster, PA |
| Lebanon Farms Disposal | P.O. Box 380 Schaefferstown, PA 17088 | 116 S. Oak Grove Rd., Harrisburg, PA |
| Lebanon Farms Disposal | P.O. Box 380 Schaefferstown, PA 17088 | 1810 Jay St., Lebanon, PA |
| Lebanon Farms Disposal | P.O. Box 380 Schaefferstown, PA 17088 | 170 Charles Rd., Lancaster, PA |
| Lebanon Farms Disposal | P.O. Box 380 Schaefferstown, PA 17088 | 4800 Union Deposit Rd., Harrisburg, PA |
| Lebanon Farms Disposal | P.O. Box 380 Schaefferstown, PA 17088 | 123 Locust St., Lancaster, PA |
| Lebanon Farms Disposal | P.O. Box 380 Schaefferstown, PA 17088 | 116 S. Oak Grove Rd., Harrisburg, PA |
| Lebanon Farms Disposal | P.O. Box 380 Schaefferstown, PA 17088 | 1810 Jay St., Lebanon, PA |
| Lebanon Farms Disposal | P.O. Box 380 Schaefferstown, PA 17088 | 4800 Union Deposit Rd., Harrisburg, PA |
| Lower Paxton Township | 425 Prince Street, Suite 139 Harrisburg, PA 17109-3020 | 4800 Union Deposit Rd., Harrisburg, PA |

4816-6032-4776.11

| **Company** | **Address** | **Service Address** |
| --- | --- | --- |
| Lower Paxton Township | 425 Prince Street, Suite 139 Harrisburg, PA 17109-3020 | 4800 Union Deposit Rd., Harrisburg, PA |
| Met-Ed - First Energy Corp. | P.O. Box 16001 Reading, PA 19612-6001 | 3420 N. Susquehanna Trail, York, PA |
| Met-Ed - First Energy Corp. | P.O. Box 16001 Reading, PA 19612-6001 | 1810 Jay St., Lebanon, PA |
| Millersville Borough | 100 Municipal Drive Millersville, PA 17551-1424 | 227 N. George St., Millersville, PA |
| Mostik Brother's Disposal | 491 W Saylor St. Atlas, PA 17851 | 172 All Saints Rd., Elysburg, PA |
| Mostik/Fought's Disposal | 491 W Saylor St. Atlas, PA 17851 | 353 E. 2nd St., Bloomsburg, PA |
| Mostik/Fought's Disposal | 491 W Saylor St. Atlas, PA 17851 | 172 All Saints Rd., Elysburg, PA |
| North Lebanon Township | 725 Kimmerlings Road Lebanon, PA 17046 | N. of N. 20th St., Lebanon, PA |
| Penn Waste Inc. | P.O. Box 3066 York, PA 17402 | 3420 N. Susquehanna Trail., York, PA |
| Penn Waste Inc. | P.O. Box 3066 York, PA 17402 | 1313 S. York St., Mechanicsburg, PA |

| Company | Address | Service Address |
|---|---|---|
| Pennsylvania American Water | P.O. Box 371412 Pittsburgh, PA 15250-7412 | 610 St. George St., Lewisburg, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 214 State St., Harrisburg, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 214 State St., Harrisburg, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 120 Charles St., Bausman, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | Fairview Ave., Bausman, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 227 N. George St., Millersville, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 675 Rutherford Rd., Residence, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 4075 Derry St., Harrisburg, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 127 All Saints Rd., Elysburg PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 127 All Saints Rd., Elysburg PA |

4816-6032-4776.11

| Company | Address | Service Address |
|---|---|---|
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 4800 Union Deposit Rd., Harrisburg, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 223 North St., Harrisburg, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 223 North St., Apt. 3, Harrisburg, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 123 Locust St., Lancaster, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 4800 Union Deposit Rd., Harrisburg, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 1313 York St., Mechanicsburg, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 1313 York St., Mechanicsburg, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 353 E. 2nd St., Bloomsburg, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 116 S. Oak Grove Rd., Harrisburg, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 116 S. Oak Grove Rd., Harrisburg, PA |
| PPL Electric Utilities Corp. | 2 North 9th Street Allentown, PA 18101-1175 | 116 S. Oak Grove Rd., Harrisburg, PA |

| Company | Address | Service Address |
|---|---|---|
| Republic Services | 3730 Sandhurst Drive<br>York, PA 17406-793535 | 123 Locust St., Lancaster, PA |
| Suez Water Pennsylvania | 8189 Adams Drive<br>Hummelstown, PA 17037 | 4075 Derry St., Harrisburg, PA |
| Suez Water Pennsylvania | 8189 Adams Drive<br>Hummelstown, PA 17037 | 4810 Union Deposit Rd., Harrisburg, PA |
| Suez Water Pennsylvania | 8189 Adams Drive<br>Hummelstown, PA 17037 | 353 E. Main St., Bloomsburg, PA |
| Suez Water Pennsylvania | 8189 Adams Drive<br>Hummelstown, PA 17037 | 4800 Union Deposit Rd., Harrisburg, PA |
| Superior Plus Energy Services | 5917 State Route 61<br>Paxinos, PA 17860 | 610 St. George St., Lewisburg, PA |
| Swatara Township Authority | P.O. Box 4920<br>Harrisburg, PA 17111-0929 | 4075 Derry St., Harrisburg, PA |
| Talley Petroleum | 10046 Allentown Blvd<br>Grantville, PA 17028 | 1810 Jay St., Lebanon, PA |
| Talley Petroleum | 10046 Allentown Blvd<br>Grantville, PA 17028 | 116 S. Oak Grove Rd., Harrisburg, PA |
| Talley Petroleum | 10046 Allentown Blvd<br>Grantville, PA 17028 | 3420 N. Susquehanna Trail, York, PA |

4816-6032-4776.11

| **Company** | **Address** | **Service Address** |
|---|---|---|
| Town of Bloomsburg | 1000 Market Street, Suite 9 Bloomsburg, PA 17815 | 353 E. 2nd St., Bloomsburg, PA |
| Tulpehocken Mountain Spring Water | P.O. Box 187 Bloomsburg, PA 17815 750 Point Township Dr Northumberland, PA 17857-8789 | 172 All Saints Rd., Elysburg, PA |
| UGI | P.O. Box 13009 Reading, PA 19612-3009 | 223 North St., 3 F, Harrisburg, PA |
| UGI | P.O. Box 13009 Reading, PA 19612-3009 | 223 North St., 2 F, Harrisburg, PA |
| UGI | P.O. Box 13009 Reading, PA 19612-3009 | 123 Locust St., Lancaster, PA |
| UGI | P.O. Box 13009 Reading, PA 19612-3009 | 4800 Union Deposit Rd., Harrisburg, PA |
| UGI | P.O. Box 13009 Reading, PA 19612-3009 | 227 N. George St., Millersville, PA |
| UGI | P.O. Box 13009 Reading, PA 19612-3009 | 4800 Union Deposit Rd., Harrisburg, PA |
| UGI | P.O. Box 13009 Reading, PA 19612-3009 | 353 E. 2nd St., Bloomsburg, PA |
| UGI | P.O. Box 13009 Reading, PA 19612-3009 | 214 State St., Fl 1, Harrisburg, PA |

| Company | Address | Service Address |
|---|---|---|
| UGI | P.O. Box 13009<br>Reading, PA 19612-3009 | 214 State St., Fl 2, Harrisburg, PA |
| Upper Allen Township | 100 Gettysburg Pike<br>Mechanicsburg, PA 17055 | 1313 York St., Mechanicsburg, PA |
| Walters Services Inc. | P.O. Box 340<br>Grantville, PA 17028 | 4800 Union Deposit Rd., Harrisburg, PA |
| Waste Industries | 230 Obie Rd<br>Newmanstown, PA 17073 | 4075 Derry St., Harrisburg, PA |
| Waste Industries | 230 Obie Rd<br>Newmanstown, PA 17073 | 4800 Union Deposit Rd., Harrisburg, PA |
| Waste Industries | 230 Obie Rd<br>Newmanstown, PA 17073 | 123 Locust St., Lancaster, PA |
| Waste Industries | 230 Obie Rd<br>Newmanstown, PA 17073 | 4075 Derry St., Harrisburg, PA |
| Waste Industries | 230 Obie Rd<br>Newmanstown, PA 17073 | 116 S. Oak Grove Rd., Harrisburg, PA |
| Waste Industries | 230 Obie Rd<br>Newmanstown, PA 17073 | 1810 Jay St., Lebanon, PA |
| Waste Industries | 230 Obie Rd<br>Newmanstown, PA 17073 | 170 Charles Rd., Lancaster, PA |

4816-6032-4776.11

| Company | Address | Service Address |
|---------|---------|-----------------|
| Waste Management of Pennsylvania, Inc. | P.O. Box 13648<br>Philadelphia, PA 19101-3648 | 1810 Jay St., Lebanon, PA |
| Waste Management of Pennsylvania, Inc. | P.O. Box 13648<br>Philadelphia, PA 19101-3648 | 116 S. Oak Grove Rd., Harrisburg, PA |
| Waste Management of Pennsylvania, Inc. | P.O. Box 13648<br>Philadelphia, PA 19101-3648 | 170 Charles Rd., Lancaster, PA |
| Waste Management of Pennsylvania, Inc. | P.O. Box 13648<br>Philadelphia, PA 19101-3648 | 4800 Union Deposit Rd., Harrisburg, PA |
| Waste Management of Pennsylvania, Inc. | P.O. Box 13648<br>Philadelphia, PA 19101-3648 | 4075 Derry St., Harrisburg, PA |
| Waste Management of Pennsylvania, Inc. | P.O. Box 13648<br>Philadelphia, PA 19101-3648 | 675 Rutherford Rd., Harrisburg, PA |
| Waste Management of Pennsylvania, Inc. | P.O. Box 13648<br>Philadelphia, PA 19101-3648 | 1313 York St., Mechanicsburg, PA |