# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
# HARRISBURG DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC DIOCESE OF HARRISBURG, | Case No. 1:20-bk-00599 (HWV) |
| Debtor.[1] | |

**INTERIM ORDER: (I) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM AND BANK ACCOUNTS; (II) EXTENDING THE TIME TO COMPLY WITH, OR SEEK A WAIVER OF, CERTAIN UNITED STATES TRUSTEE REQUIREMENTS AND SECTION 345(b) OF THE BANKRUPTCY CODE; (III) AUTHORIZING THE DEBTOR TO CONTINUE EXISTING DEPOSIT PRACTICES; (IV) AUTHORIZING THE DEBTOR TO MAINTAIN INVESTMENT PRACTICES; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "*Motion*")[2] for entry of an interim order (this "*Interim Order*") (i) authorizing the Debtor to continue to use its Cash Management System, Bank Accounts and Investment Accounts, (ii) extending the time to comply with, or seek a waiver of, certain bank account and related requirements of the Office of the U.S. Trustee and section 345(b) of the Bankruptcy Code, (iii) authorizing the Debtor to continue their existing deposit practices under the Cash Management System, (iv) authorizing the Debtor to maintain investment practices; (v) authorizing the Debtor's continued use of credit cards; and (vi) granting other related relief, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested in the Motion, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Middle District of Pennsylvania; and upon consideration of the First Day Informational Pleadings; and the Court

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

4826-1506-7061.4

1

having found that consideration of the Motion and the relief requested in the Motion is a core proceeding, pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper, pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth in this Interim Order.

2. The Debtor is authorized, but not required, to: (a) use in the ordinary course, subject to the terms of this Interim Order, the Cash Management System described in the Motion, including the Bank Accounts and Investment Accounts; and (b) open new bank accounts or close existing bank accounts; <u>provided</u>, that such opening or closing of an account shall be timely indicated on the Debtor's monthly operating reports and notice of such opening shall be provided within five (5) business days to the U.S. Trustee, counsel to any statutory committee appointed in the Chapter 11 Case; <u>provided</u> <u>further</u>, that the Debtor shall open any such new bank account at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at such bank that is willing to immediately execute such agreement. Any bank accounts that are opened pursuant to this Interim Order shall be deemed to be Bank Accounts for purposes of this Interim Order.

3. The Debtor is authorized to continue to use the Bank Accounts under existing account numbers without interruption; provided, however, that all Banks maintaining any of the Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtor specifically issues timely stop payment orders in accordance with the documents governing such Bank Accounts.

4. For all Banks at which the Debtor maintains Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of the date of entry of this Interim Order, the Debtor shall (a) provide each such Bank with each of the Debtor's employee identification numbers and (b) identify each of their Bank Accounts held at such Banks as being held by a debtor in possession in a chapter 11 case.

5. As to Banks that are not in compliance with the U.S. Trustee guidelines and section 345(b) of the Bankruptcy Code, the Debtor will be given an extension of forty-five (45) days from the Petition Date to adhere such requirements.

6. Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

7. All existing deposit agreements between the Debtor and the Banks shall continue to govern the postpetition cash management relationship between the Debtor and the Banks and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. The Debtor and the Banks are authorized, without further order of this Court, to implement such changes to the Cash Management System and

procedures in the ordinary course of business in accordance with the terms of the existing deposit and disbursement agreements. In the course of providing cash management services to the Debtor, the Banks are authorized without further order of this Court to deduct from the appropriate Bank Accounts their customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor, which arise prepetition or postpetition (the "**Bank Fees**"), and further, to charge back to the appropriate accounts of the Debtor any amounts resulting from returned checks or other returned items, including, without limitation, returned items that result from ACH transfers, wire transfers, or other electronic transfers of any kind (collectively, the "**Returned Items**") regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the Returned Items relate to prepetition or postpetition items or transfers.

8. The Banks are authorized to continue to service and administer the Bank Accounts as accounts of the Debtor as a debtor in possession, without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or ACH transfers drawn on the Bank Accounts after the Petition Date by the holders or makers thereof (to the extent of available funds), as the case may be, including with respect to checks or other items issued prior to the Petition Date to the extent authorized by this Interim Order or a further order of this Court.

9. Without prejudice to the Debtor's ability to seek an order from the Court determining that some or all of the bank accounts maintained by Related Entities under the Debtor's EIN are not property of the estate, the Banks are authorized to continue to service and administer any bank accounts maintained by Related Entities under the Debtor's EIN as accounts of the Related Entities, without interruption and in the usual and ordinary course, and to receive,

process, honor and pay any all checks, drafts, wires, or ACH transfers drawn on such bank accounts after the Petition Date by the holders or makers thereof, as the case may be, including with respect to checks or other items issued prior the Petition Date. Within five (5) business days of the entry of this Order, the Debtor shall provide to the U.S. Trustee statements for each of the bank accounts maintained by a Related Entity in the Debtor's EIN. In addition, the Debtor shall work with the U.S. Trustee to provide such other or additional information as requested by the U.S. Trustee. To the extent the Debtor learns of additional accounts maintained by Related Entities under the Debtor's EIN, the Debtor shall notify the U.S. Trustee and provide a bank statement for each such account.

10. Except for those checks, drafts, wires, or ACH transfers that may be honored and paid in accordance with any order(s) of this Court authorizing payment of certain prepetition claims, and except as otherwise set forth in this Interim Order, no checks, drafts, wires, or ACH transfers issued on the existing Bank Accounts prior to the Petition Date but presented for payment after the Petition Date shall be honored or paid.

11. The Banks are authorized to continue to honor any standing instructions of the Debtor with respect to daily or periodic wires, ACH transfers or other debits made to the Bank Accounts in accordance with the Debtor's prepetition instructions. The Banks are further authorized to debit the Bank Accounts in the ordinary course of business and without further order of this Court on account of all checks drawn on the Debtor's accounts which were cashed at the counter of Banks or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

12. The requirement to establish separate accounts for tax payments is hereby waived.

13. The Debtor is authorized to continue to use their existing Business Forms with the legend "Debtor in Possession" or the bankruptcy case number until such time that the Debtor exhausts its existing stock of Business Forms, but no later than forty-five (45) days from the Petition Date. If the Debtor orders new check stock, such check stock shall be required to include the legend "Debtor in Possession" and the Debtor's bankruptcy case number.

14. Without prejudice to the Debtor's ability to seek an order from the Court determining that some or all of its investments are not property of the estate, the Debtor is authorized and empowered to continue its prepetition investment practices without the requirement of a bond or investment exclusively in securities insured or guaranteed by the United States or backed by the full faith and credit of the United States. Within five (5) business days of the entry of this Order, the Debtor shall provide to the U.S. Trustee statements for each of the Investment Accounts set forth on **Exhibit D** to the Motion covering the twelve month period prior to the Petition Date. In addition, the Debtor shall work with the U.S. Trustee to provide such other or additional information as requested by the U.S. Trustee.

15. The Debtor is authorized to continue to use the Credit Card in the ordinary course of business in accordance with the Credit Card Agreement and to pay all amounts due thereunder, whether arising prepetition or postpetition and PNC Bank is authorized to debit the Operating Account ending in 0537 identified in **Exhibit C** attached to the Motion when such payments are due in accordance with the Credit Card Agreement. The Credit Card is and shall continue to be secured by a lien and security interest in all of the Debtor's deposit accounts held with PNC Bank (the "*Credit Card Collateral*"), in accordance with the terms of the Credit Card Agreement. All amounts due and owing under the Credit Card Agreement, whether prepetition or postpetition, shall be secured by the Credit Card Collateral. The Debtor shall not permit (a) the balance under

4826-1506-7061.4

6

Case 1:20-bk-00599-HWV    Doc 45    Filed 02/21/20    Entered 02/21/20 14:42:57    Desc
Main Document    Page 6 of 8

the Credit Card to exceed $500,000 and (b) the balance of the Credit Card Collateral (net of the Debtor's issued and outstanding letters of credit issued by PNC Bank)[3] to be less than 125% of the outstanding balance of the Credit Card. Any unpaid balance due under the Credit Card Agreement that is not secured by the Credit Card Collateral shall be treated as an administrative expense pursuant to 11 U.S.C. § 364(a).

16. Nothing herein (a) modifies or amends the Credit Card Agreement, or (b) affects PNC Bank's right to renew or not renew the Credit Card Agreement in accordance with its terms.

17. Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtor, (b) a waiver of any of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between any Debtor and any third party under section 365 of the Bankruptcy Code.

18. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

19. To the extent that any Bank or any other party that has control over any Bank Account uses the Debtor's cash to satisfy any asserted prepetition or postpetition obligations of the Debtor (other than Bank Fees and amounts that the Debtor is authorized to pay pursuant to this Interim Order or another order of the Court), the rights of the Debtor and any other party to

---

[3] Such letters of credit are and shall continue to be secured by the Debtor's collateral account ending in 2348 with PNC Bank.
4826-1506-7061.4

7

Case 1:20-bk-00599-HWV    Doc 45    Filed 02/21/20    Entered 02/21/20 14:42:57    Desc
Main Document    Page 7 of 8

challenge the validity of such payment are expressly reserved, including, without limitation, that such payment was in violation of the automatic stay.

20. A final hearing (the "**Final Hearing**") to consider the relief requested in the Motion on a final basis shall be held on____, 2020, at ___:___ __.m. (prevailing Eastern Time) and any objections to entry of such order shall be filed on or before _____, 2020.

21. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

22. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

23. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

24. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

25. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.