**UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION**

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC DIOCESE OF HARRISBURG,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 1:20-bk-00599 (HWV) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

The Roman Catholic Diocese of Harrisburg, the debtor and debtor in possession (the "***Debtor***"), by and through its undersigned proposed counsel, files this motion seeking entry of an order approving certain interim compensation procedures for professionals and, in support of this motion, the Debtor respectfully states as follows:

**RELIEF REQUESTED**

1. The Debtor seeks entry of an order, substantially in the form attached to this motion as **Exhibit A**, approving the Compensation Procedures (as defined below) for an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.

4827-5011-4227.2

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Middle District of Pennsylvania. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue for this motion is proper in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On February 19, 2020 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief in this Court, pursuant to chapter 11 of the Bankruptcy Code, commencing this case (the "***Chapter 11 Case***").

5. The Debtor continues to operate its business as a debtor in possession, pursuant to sections 1107(a) and 1008 of the Bankruptcy Code.

6. No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case, nor have any committees been appointed or designated.

7. A description of the Debtor's business, the reasons for commencing this Chapter 11 Case, the relief sought from this Court, and the facts and circumstances supporting this motion are set forth in the *Informational Brie of the Roman Catholic Diocese of Harrisburg* (the "***Informational Brief***") and the *Declaration of Christopher G. Linscott in Support of First Day Motions* (the "***Linscott Declaration***" and, with the Informational Brief, collectively, the "***First Day Informational Pleadings***").

## RETENTION OF PROFESSIONALS

8. The Debtor has filed or will file applications to retain the following professionals (collectively, the "***Debtor's Professionals***"): (a) Waller Lansden Dortch & Davis, LLP, proposed counsel for the Debtor; (b) Kleinbard LLC, proposed special counsel to the Debtor; and (c) Keegan Linscott & Associates, PC, financial advisor for the Debtor.

9. The Debtor anticipates it also may retain other professionals, pursuant to section 327 of the Bankruptcy Code during the pendency of the Chapter 11 Case.

10. Moreover, any official committees appointed in this case may retain counsel and a financial advisor (or other professionals) to represent them in connection with the Chapter 11 Case (such professionals with the Debtor's Professionals, the "***Professionals***").

## PROPOSED COMPENSATION PROCEDURES

11. Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every one hundred twenty (120) days, or more often if the Court permits. *See* 11 U.S.C. § 331.

12. In addition, section 105(a) of the Bankruptcy Code authorizes this Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

13. Accordingly, the Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the Professionals (such procedures, the "***Compensation Procedures***") be structured as follows[2]:

    a. On or after the twenty-first (21st) day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (a "***Monthly Fee Statement***") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee

---

[2] In order to make payments to third parties, the Debtor funds, or causes to be funded, payments to Harrisburg Catholic Administrative Services, Inc. ("***HCAS***"). As part of its administrative responsibilities pursuant to certain services agreements, HCAS, in turn, makes payments to such third parties on the Debtor's behalf using such funds.

4827-5011-4227.2

3

Case 1:20-bk-00599-HWV    Doc 52    Filed 02/24/20    Entered 02/24/20 16:31:30    Desc
Main Document    Page 3 of 15

Statement by electronic mail on: (i) the Debtor, the Roman Catholic Diocese of Harrisburg, Attn: Fr. David L. Danneker, 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111, frddanneker@hbgdiocese.org; (ii) proposed counsel to the Debtor, Waller Lansden Dortch & Davis, LLP, Attn: Blake D. Roth, 511 Union Street, Suite 2700, Nashville, Tennessee 37219, blake.roth@wallerlaw.com; (iii) counsel to any statutory committee appointed in this chapter 11 case; and (iv) the Office of the United States Trustee, 228 Walnut Street, Suite 1190, Harrisburg, Pennsylvania 17101 (collectively, the "***Application Recipients***").

b. Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

c. Each Application Recipient shall have until 4:00 p.m. (prevailing Central time) on the twenty-first (21st) day after service of the Monthly Fee Statement to object to the requested fees and expenses as follows:

    i. If an Application Recipient objects to a Monthly Fee Statement, such Application Recipient shall, within twenty-one (21) days of service of the Monthly Fee Statement, serve via electronic mail a written notice upon the respective Professional and each other Application Recipient (the "***Notice of Objection***") setting forth with particularity the precise nature of and basis for the objection and the amount at issue.

    ii. If the parties reach an agreement, the Debtor shall be entitled to pay eighty percent (80%) of the agreed fees and one hundred percent (100%) of the agreed expenses.

    iii. If, however, the parties are unable to reach a resolution of the objections set forth in the Notice of Objection within fourteen (14) days (or such longer period as mutually agreed to by the Professional and objecting Application Recipient) after service of the Notice of Objection, the objecting Application Recipient shall file its objection (the "***Objection***") with the Court within three (3) business days and serve such Objection on the respective Professional and each other Application Recipient.

    iv. Thereafter, such Professional may either: (A) file with the Court a response to the Objection, together with a request for the payment of the difference (the "***Incremental Amount***"), if any, between (I) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable Monthly Fee Statement (together, the "***Maximum Monthly Payment***") and (II) eighty percent (80%) of the fees and one hundred percent (100%) of the

expenses not subject to the Objection; or (B) forego payment of the Incremental Amount until the next hearing on an Interim Fee Application or Final Fee Application (as defined below), at which time the applicable Professional and objecting Application Recipient may request the Court consider the Objection.

d. Upon the expiration of such twenty-one (21) day period, if no Notice of Objection or Objection has been served or filed, as applicable, the Debtor is authorized and directed to pay the Professional the Maximum Monthly Payment.

e. Each Professional may submit its first Monthly Fee Statement no earlier than April 21, 2020, covering the period from the Petition Date through March 31, 2020.

f. Beginning with the period ending on May 31, 2020 and at three-month intervals from then forward (each a "*Quarterly Fee Period*"), each Professional may file with the Court and serve on the Application Recipients an interim fee application (each, an "*Interim Fee Application*") for compensation and reimbursement of expenses sought in the Monthly Fee Statements served during the applicable Quarterly Fee Period.

g. Each Interim Fee Application must include: (i) a narrative discussion; (ii) a summary of the Monthly Fee Statements subject of the applicable Interim Fee Application; (iii) the amount of fees and expenses paid to date or subject to an Objection; and (iv) the deadline for parties other than the Application Recipients to file objections.

h. All parties shall have at least twenty-one (21) days from service of an Interim Fee Application to file an objection to such Interim Fee Application.

i. The Debtor will request that this Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as this Court deems appropriate; provided, however, that this Court, in its discretion, may approve an uncontested Interim Fee Application, without need for a hearing.

j. Upon allowance by this Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all requested fees (including the twenty percent (20%) holdback) and expenses not previously paid.

k. No pending Objection to payment of compensation or reimbursement of expenses shall disqualify a Professional from future payment of compensation or reimbursement of expenses under these Compensation Procedures.

14. In addition, the Debtor requests that each member of any official committee formed by the United States Trustee be permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective official committee's counsel, which counsel will collect and file to request reimbursement on behalf of such committee member, in accordance with and subject to the Compensation Procedures.

15. Finally, the Debtor requests this Court limit service of the Interim Fee Applications and final fee applications (together with Interim Fee Applications, the "***Applications***") to the Application Recipients, with all other parties to be served with only notice of hearings on Applications (each such notice, a "***Hearing Notice***"), because such service will permit the parties most active in this case to review and objection to Professionals' fees and expenses, will save unnecessary duplication and mailing expenses, and will still afford all parties notice of the Applications and ability to request copies of same, to the extent such parties desire to review and potentially object to such Applications.

## BASIS FOR RELIEF

16. Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every one hundred twenty (120) days, or more often if the bankruptcy court permits. 11 U.S.C. § 331.

17. Further, section 105(a) of the Bankruptcy Code permits this Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

18. When determining whether to establish interim compensation procedures, courts consider factors such as "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services

4827-5011-4227.2

6

necessary to achieve a successful reorganization of the debtors . . . ." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981).

19.     In this case, the amount of time and effort that will be required from the Professionals to successfully reorganize the Debtor's business justifies the Compensation Procedures requested in this motion.

20.     Moreover, the Compensation Procedures are necessary to ensure that Professionals are timely and fairly compensated for the services provided in this case and are not forced to bear undue financial burden and risk caused by long delays in payment of potentially significant sums.

21.     Further, relief similar to the relief sought in this motion has been granted in other cases within this jurisdiction and the Third Circuit. *E.g.*, *In re United Gilsonite Laboratories*, No. 11-02032 (Bankr. M.D. Pa. May 19, 2011); *In re New World Pasta Co.*, No. 04-02817 (Bankr. M.D. Pa. Aug. 2, 2004). *See also In re R.E. Gas Dev., LLC*, No. 18-22032 (Bankr. W.D. Pa. June 26, 2018).

22.     In addition to the foregoing, the Compensation Procedures will: (a) better enable the Debtor to monitor the costs of administration, maintain level cash flow, and implement efficient cash management procedures; and (b) allow this Court and key parties to ensure the reasonableness and necessity of compensation and reimbursement on a more regular basis.

23.     As a result of the foregoing, the Debtor submits establishing the Compensation Procedures will significantly aid in the efficient administration of this chapter 11 case and, accordingly, believes the relief sought in this motion is in the best interests of the Debtor's estate, creditors, and other parties in interest.

### RESERVATION OF RIGHTS

24.     Nothing contained in this motion is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any

claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

25. Similarly, if this Court grants the relief sought in this motion, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

## **NOTICE**

26. The Debtor has provided notice of this motion by electronic mail, facsimile, or overnight mail to: (a) the Office of the United States Trustee for the Middle District of Pennsylvania; (b) the Debtor's twenty (20) largest unsecured creditors; (c) the Debtor's secured creditors; and (d) all parties entitled to notice pursuant to Rule 2002 of the Bankruptcy Rules.

27. Given the nature of the relief requested in this motion, the Debtor submits that no other or further notice is necessary or required.

## **NO PRIOR REQUEST**

28. The Debtor has not made a prior request to this Court or any other court for the relief sought in this motion.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtor respectfully requests that this Court enter the Proposed Order granting the relief requested in the Motion and granting such other and further relief as this Court deems just and proper.

Dated: February 24, 2020
        Nashville, Tennessee

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

*/s/ Blake D. Roth*
Blake D. Roth (State Bar No. 306951)
Tyler N. Layne (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:   (615) 244-6380
Facsimile:    (615) 244-6804
Email:        blake.roth@wallerlaw.com
              tyler.layne@wallerlaw.com

-and-

KLEINBARD, LLC

Matthew H. Haverstick (State Bar No. 85072)
Joshua J. Voss (State Bar No. 306853)
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, Pennsylvania 19103
Telephone:   (215) 568-2000
Facsimile:    (215) 568-0140
Email:        mhaverstick@kleinbard.com
              jvoss@kleinbard.com

*Proposed Attorneys for the Debtor and Debtor In Possession*

# EXHIBIT A
## PROPOSED FORM OF ORDER

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
# HARRISBURG DIVISION

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC DIOCESE OF HARRISBURG,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 1:20-bk-00599 (HWV) |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon consideration of the *Debtor's Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "**Motion**")[2]; and upon finding that this Court has jurisdiction over the Motion and venue for the Motion is proper in this Court; and upon finding that due and adequate notice of the Motion has been given and no other notice is necessary or required; and upon finding that the relief sought in the Motion is in the best interest of the Debtor, Debtor's estate, creditors, and other parties in interest; and upon due deliberation and finding sufficient cause for the relief sought in the Motion, it is hereby

1. **ORDERED** that the Motion is GRANTED as set forth in this order; and it is further

2. **ORDERED** that any objections to the Motion that were not resolved or withdrawn prior to entry of this order are expressly OVERRULED; and it is further

3. **ORDERED** that all Professionals in these case may seek compensation in accordance with the following procedures (the "*Compensation Procedures*"):

    a. On or after the twenty-first (21st) day of each month following the month for which compensation is sought, each Professional seeking compensation may file an

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.

[2] Capitalized terms used in this order and not otherwise defined shall have the meanings ascribed to them in the Motion.

application (a "***Monthly Fee Statement***") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Statement by electronic mail on: (i) the Debtor, the Roman Catholic Diocese of Harrisburg, Attn: Fr. David L. Danneker, 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111, frddanneker@hbgdiocese.org; (ii) proposed counsel to the Debtor, Waller Lansden Dortch & Davis, LLP, Attn: Blake D. Roth, 511 Union Street, Suite 2700, Nashville, Tennessee 37219, blake.roth@wallerlaw.com; (iii) counsel to any statutory committee appointed in this chapter 11 case; and (iv) the Office of the United States Trustee, 228 Walnut Street, Suite 1190, Harrisburg, Pennsylvania 17101 (collectively, the "***Application Recipients***").

b. Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

c. Each Application Recipient shall have until 4:00 p.m. (prevailing Central time) on the twenty-first (21st) day after service of the Monthly Fee Statement to object to the requested fees and expenses as follows:

   i. If an Application Recipient objects to a Monthly Fee Statement, such Application Recipient shall, within twenty-one (21) days of service of the Monthly Fee Statement, serve via electronic mail a written notice upon the respective Professional and each other Application Recipient (the "***Notice of Objection***") setting forth with particularity the precise nature of and basis for the objection and the amount at issue.

   ii. If the parties reach an agreement, the Debtor shall be entitled to pay eighty percent (80%) of the agreed fees and one hundred percent (100%) of the agreed expenses.

   iii. If, however, the parties are unable to reach a resolution of the objections set forth in the Notice of Objection within fourteen (14) days (or such longer period as mutually agreed to by the Professional and objecting Application Recipient) after service of the Notice of Objection, the objecting Application Recipient shall file its objection (the "***Objection***") with the Court within three (3) business days and serve such Objection on the respective Professional and each other Application Recipient.

   iv. Thereafter, such Professional may either: (A) file with the Court a response to the Objection, together with a request for the payment of the difference (the "***Incremental Amount***"), if any, between (I) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable Monthly Fee Statement (together, the "***Maximum Monthly Payment***") and (II) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to the Objection; or (B) forego payment of the Incremental Amount until the next hearing on an Interim

Fee Application or Final Fee Application (as defined below), at which time the applicable Professional and objecting Application Recipient may request the Court consider the Objection.

d. Upon the expiration of such twenty-one (21) day period, if no Notice of Objection or Objection has been served or filed, as applicable, the Debtor is authorized and directed to pay the Professional the Maximum Monthly Payment.

e. Each Professional may submit its first Monthly Fee Statement no earlier than April 21, 2020, covering the period from the Petition Date through March 31, 2020.

f. Beginning with the period ending on May 31, 2020 and at three-month intervals from then forward (each a "***Quarterly Fee Period***"), each Professional may file with the Court and serve on the Application Recipients an interim fee application (each, an "***Interim Fee Application***") for compensation and reimbursement of expenses sought in the Monthly Fee Statements served during the applicable Quarterly Fee Period.

g. Each Interim Fee Application must include: (i) a narrative discussion; (ii) a summary of the Monthly Fee Statements subject of the applicable Interim Fee Application; (iii) the amount of fees and expenses paid to date or subject to an Objection; and (iv) the deadline for parties other than the Application Recipients to file objections.

h. All parties shall have at least twenty-one (21) days from service of an Interim Fee Application to file an objection to such Interim Fee Application.

i. The Debtor will request that this Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as this Court deems appropriate; provided, however, that this Court, in its discretion, may approve an uncontested Interim Fee Application, without need for a hearing.

j. Upon allowance by this Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all requested fees (including the twenty percent (20%) holdback) and expenses not previously paid.

k. No pending Objection to payment of compensation or reimbursement of expenses shall disqualify a Professional from future payment of compensation or reimbursement of expenses under these Compensation Procedures;

and it is further

4. **ORDERED** that neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses nor (b) the filing of or failure to file an Objection with this Court will bind any party in interest or this Court with respect to the

4827-5011-4227.2

3

final allowance of applications for compensation and reimbursement of expenses of Professionals, with all fees and expenses paid to Professionals under the Compensation Procedures remaining subject to challenge and disgorgement until final allowance by this Court; and it is further

5. **ORDERED** that in each Interim Fee Application and Final Fee Application, all attorneys who have been or are later retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is retained in the ordinary course pursuant to another order of this Court (collectively, the "***Required Professionals***"), (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any applicable orders of this Court and (b) intend to make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in this Chapter 11 Case; and it is further

6. **ORDERED** that each member of any official committee formed by the United States Trustee is permitted to submit statements of expenses incurred in the performance of the duties of the committee and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures; and it is further

7. **ORDERED** that the Professionals shall only be required to serve (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Applications on the Application

Recipients, and (b) notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in this Chapter 11 Case; and it is further

8. **ORDERED** that all notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules; and it is further

9. **ORDERED** that notice of the Motion as provided in this order shall be deemed good and sufficient notice of such Motion and the requirements of Rule 6004(a) of Bankruptcy Rules and all applicable Local Rules are satisfied by such notice; and it is further

10. **ORDERED** that all time periods set forth in this order shall be calculated in accordance with Rule 9006(a) of the Bankruptcy Rules; and it is further

11. **ORDERED** that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion; and it is further

12. **ORDERED** that this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this order.