**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC DIOCESE OF HARRISBURG, | Case No. 1:20-bk-00599 (HWV) |
| Debtor.[1] | |

**DEBTOR'S APPLICATION FOR ENTRY OF AN**
**ORDER APPROVING THE EMPLOYMENT AND RETENTION OF**
**KLEINBARD, LLC AS SPECIAL COUNSEL FOR THE DEBTOR**
**AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

The Roman Catholic Diocese of Harrisburg, the debtor and debtor in possession (the "***Debtor***"), by and through its undersigned proposed counsel, files this application for entry of an order, substantially in the form attached to this application as **Exhibit A**, authorizing the Debtor to retain and employ Kleinbard, LLC ("***Kleinbard***") as special counsel effective as of the Petition Date (as defined below). In support of this application, the Debtor submits the declaration of Matthew H. Haverstick, a managing partner of Kleinbard (the "***Haverstick Declaration***"), which is attached to this application as **Exhibit B**, and the declaration of Very Reverend David L. Danneker, Ph.D., Vicar General of the Debtor (the "***Danneker Declaration***"), which is attached to this application as **Exhibit C**. In further support of this application, the Debtor respectfully states as follows:

<u>**JURISDICTION AND VENUE**</u>

1.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.

the Middle District of Pennsylvania. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.        Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.        On February 19, 2020 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief in this Court, pursuant to chapter 11 of the Bankruptcy Code, commencing this case (the "*Chapter 11 Case*").

4.        The Debtor continues to operate its business as a debtor in possession, pursuant to sections 1107(a) and 1008 of the Bankruptcy Code.

5.        No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case, nor have any committees been appointed or designated.

6.        A description of the Debtor's business, the reasons for commencing this Chapter 11 Case, the relief sought from this Court, and the facts and circumstances supporting this motion are set forth in the *Informational Brie of the Roman Catholic Diocese of Harrisburg* (the "*Informational Brief*") and the *Declaration of Christopher G. Linscott in Support of First Day Motions* (the "*Linscott Declaration*" and, with the Informational Brief, collectively, the "*First Day Informational Pleadings*").

## RELIEF REQUESTED

7.        By this application, the Debtor seeks entry of an order authorizing the retention and employment of Kleinbard as its attorneys, in accordance with the terms and conditions set forth in that certain engagement letter between the Debtor and Kleinbard, effective as of February 1, 2020

(the "***Engagement Letter***"), a copy of which is attached as **Exhibit 1-B** to the Haverstick Declaration.

<div align="center">

**BASIS FOR RELIEF**

</div>

8.      The bases for the relief requested in this application are sections 327(a) and 330 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 2014(a) and 2016 of the Bankruptcy Rules, and Local Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules (the "***Local Rules***") for the United States Bankruptcy Court for the Middle District of Pennsylvania.

<div align="center">

**KLEINBARD'S QUALIFICATIONS**

</div>

9.      Kleinbard is well qualified to represent the Debtor in this Chapter 11 Case. Kleinbard is a Philadelphia-based firm with approximately 35 attorneys in its Philadelphia and Harrisburg offices.

10.     The employment of Kleinbard as an additional professional in this case is necessary because of Kleinbard's specialized experience in similar diocesan matters. The Debtor selected Kleinbard as special counsel due to their reputation for providing excellent legal representation to similar entities addressing such matters as criminal investigations, child sexual abuse litigation, complex litigation matters, and corporate structuring.

11.     Further, the employment of Kleinbard as special counsel will not result in duplication of efforts by the Debtor's other retained professionals, including those provided by Waller Lansden Dortch & Davis LLP ("***Waller***").

12.     Kleinbard's professionals have worked closely with the Debtor's management and other professionals with regard to these matters and has become well-acquainted with the Debtor's corporate history, structure, business operations, and the background that has lead the Debtor to file this Chapter 11 Case.

4828-8767-5571.3

<div align="center">

3

</div>

13.     As a result, Kleinbard has developed relevant experience and expertise regarding

the Debtor that will assist Kleinbard in providing effective and efficient services in this Chapter

11 Case.

<u>SERVICES TO BE PROVIDED</u>

14.     Subject to further order of this Court, and consistent with the Engagement Letter,

the Debtor requests the retention and employment of Kleinbard to render the following legal

services:

    a.     advice and support in connection with the Debtor's chapter 11 bankruptcy
proceeding;

    b.     advice and support in connection with any ongoing or newly arising
criminal or regulatory investigations;

    c.     advice and support for seeking insurance coverage, including through
litigation in the course of the Debtor's chapter 11 bankruptcy proceeding;

    d.     advice and support for various internal investigations; and

    e.     advice and support in connection with claims and litigation arising from
childhood sexual abuse.

<u>PROFESSIONAL COMPENSATION</u>

15.     Kleinbard intends to apply for compensation for professional services rendered on

an hourly basis and reimbursement of expenses incurred in connection with this Chapter 11 Case,

subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, and Local Rules, and any other applicable procedures and orders of

the Court.

16.     The hourly rates and corresponding rate structure Kleinbard will use in this Chapter

11 Case are the same as the hourly rates and corresponding rate structure that Kleinbard uses in

other restructuring matters, as well as similar complex corporate, securities, and litigation matters,

whether in court or otherwise, regardless of whether a fee application is required.

4828-8767-5571.3

4

17.     These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

18.     Kleinbard operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

19.     Kleinbard's currently hourly rates for the 2020 calendar year (the "***Current Hourly Rates***") for matters related to the Debtor's restructuring and this Chapter 11 Case are as follows:

| **Professional Level** | **Hourly Rate Range** |
|------------------------|-----------------------|
| Partner                | $400–$425             |
| Counsel                | $400                  |
| Associate              | $295                  |
| Paralegal              | $195                  |

20.     Kleinbard's hourly rates are set at a level designed to compensate Kleinbard fairly for the work of its professionals and paraprofessionals and to cover fixed and routine expenses. The hourly rates charged by Kleinbard vary with experience and seniority of the individuals providing services. The hourly rates are subject to periodic adjustments, to reflect economic and other conditions.

21.     These hourly rates are consistent with the rates that Kleinbard charges other non-bankruptcy and chapter 11 clients, regardless of the location.

22.     The rate structure provided by Kleinbard is appropriate and not significantly different from (a) the rates Kleinbard charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work similar to the work Kleinbard proposed to perform in this Chapter 11 Case.

23. In addition, Kleinbard maintains a policy of charging its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for the representation of that particular client.

24. Kleinbard only charges its clients the amount actually incurred by Kleinbard in connection with such items.

25. In the ordinary course of Kleinbard's representation of the Debtor, Kleinbard engaged certain third-party vendors to provide services such as hosting electronic records. Kleinbard has made every attempt to assure all prepetition amounts due and owing to third-party vendors has been billed and paid; however, out of an abundance of caution, Kleinbard seeks authority to have any remaining amounts owed to such third-party vendors billed and paid postpetition, in the ordinary course.

26. Examples of items Kleinbard charges to clients include, but are not limited to, postage (including overnight mail), transportation, overtime expenses, computer assisted legal research, photocopies, and travel expenses (*e.g.*, airfare, meals, and lodging).

### COMPENSATION RECEIVED BY KLEINBARD FROM THE DEBTOR

27. On September 20, 2019, the Debtor paid $60,000 to Kleinbard as an advance payment retainer consistent with the Pennsylvania Rules of Professional Conduct[2].

28. Per the terms of the Engagement Letter, Kleinbard has maintained the $60,000 (the "***Retainer Balance***") as an advance payment retainer consistent with the Pennsylvania Rules of Professional Conduct.

---

[2] In order to make payments to third parties, the Debtor funds, or causes to be funded, payments to Harrisburg Catholic Administrative Services, Inc. ("***HCAS***"). As part of its administrative responsibilities pursuant to certain services agreements, HCAS, in turn, makes payments to such third parties on the Debtor's behalf using such funds.
4828-8767-5571.3

6

29.     A chart identifying the statements setting forth the professional services provided by Kleinbard to the Debtor and the expenses incurred by Kleinbard in connection with such services, as well as the advance payment retainer transferred by the Debtor to Kleinbard, prior to the Petition Date is set forth in the Haverstick Declaration.

30.     Pursuant to Rule 2016(b), Kleinbard has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Kleinbard or (b) any compensation another person or party has received or may receive.

31.     As of the Petition Date, the Debtor did not owe Kleinbard any amounts for legal services rendered before the Petition Date.

32.     Although certain expenses and fees may have been incurred but not yet applied to Kleinbard's advance payment retainer, the amount of Kleinbard's advance payment retainer always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis) prior to the Petition Date.

33.     Consistent with past practice, Kleinbard will charge no more than $0.20 per page for standard duplication services in this Chapter 11 Case, and Kleinbard does not charge its clients for incoming facsimile transmissions.

34.     Throughout this Chapter 11 Case, Kleinbard will maintain detailed, contemporaneous records of time spent, as well as any actual and necessary expenses incurred, in connection with the rendering of the legal services described above by category and nature of the services rendered.

4828-8767-5571.3

7

35.     Notwithstanding the foregoing, Kleinbard acknowledges its compensation will be subject to approval by this Court.

36.     As set forth in the Haverstick Declaration, Kleinbard intends to apply to this Court for payment of compensation and reimbursement of expenses, in accordance with the procedures set forth in the applicable provisions of section 330 and section 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local rules, as those procedures may be modified or supplemented by order of this Court.

37.     Kleinbard has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this Chapter 11 Case, other than as permitted pursuant to section 504 of the Bankruptcy Code.

38.     Kleinbard also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the U.S. Trustee Fee Guidelines, both in connection with this application and the interim and final fee applications to be filed by Kleinbard in this Chapter 11 Case.

39.     The Debtor will be approving a prospective budget and staffing plan for Kleinbard's engagement for the postpetition period as appropriate.

40.     In accordance with the U.S. Trustee Fee Guidelines, the budget may be amended, as necessary to reflect changed or unanticipated developments.

41.     The Debtor has also approved the Kleinbard attorneys staffed on this engagement, subject to modification depending upon further case developments.

42.     As set forth in the Danneker Declaration, the Debtor recognizes that it is the Debtor's responsibility to review the billing practices of its counsel, to ensure that the fees and

expenses remain consistent with the Debtor's expectations and the exigencies of this Chapter 11 Case.

43.    The Debtor will review the invoices of its professionals, including the invoices of Kleinbard.

44.    By separate application, the Debtor is seeking Court approval of the retention and employment of Waller as primary counsel and Keegan, Linscott & Associates, PC as financial advisors. The Debtor has also previously sought approval of Epiq Corporate Restructuring, LLC as the Debtor's claims, noticing, and balloting agent. The Debtor may also file motions or applications to employ additional professionals. Each of the Debtor's Professionals works and will continue to work under the direction of the Debtor's management.

45.    The Debtor's directors and senior management are committed to minimizing duplication of services to reduce professional costs, among other things. To that end, Kleinbard will work closely with each of the Debtor's Professionals to ensure that there is no unnecessary duplication of effort or cost.

<div align="center">

**KLEINBARD'S DISINTERESTEDNESS**

</div>

46.    To the best of the Debtor's knowledge and as disclosed in this application and the Haverstick Declaration, (a) Kleinbard is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and (b) Kleinbard has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed in the Haverstick Declaration.

47.    Kleinbard will review its files periodically during the pendency of this Chapter 11 Case, to ensure that no conflicts or other disqualifying circumstances exist or arise.

4828-8767-5571.3

48.     If any new relevant facts or relationships are discovered or arise, Kleinbard will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Rules 2014(a) of the Bankruptcy Rules.

## BASIS FOR RELIEF REQUESTED

49.     Section 327(a) of the Bankruptcy Code provides that a debtor in possession may, with the court's approval, employ professionals that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as defined by section 101(14) of the Bankruptcy Code, to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code. *See* 11 U.S.C. § 101(14). Additionally, section 1107(b) of the Bankruptcy Code provides that a professional is not disqualified for employment by a chapter 11 debtor in possession under section 327(a) of the Bankruptcy Code solely because of its employment by or representation of the debtor before the commencement of the case. *See* 11 U.S.C. § 1107(b).

50.     Kleinbard will utilize its extensive experience in defending diocesan entities—both in and out of the bankruptcy context—to ensure the Debtor is properly represented in any criminal or regulatory investigations, in seeking insurance coverage, in its various internal investigations, and in connect with all other claims or litigation arising from childhood sexual abuse. Based upon both its extensive experience and expertise, and its prior representation of the Debtor, Kleinbard is both well-qualified and uniquely able to represent the Debtor during the Chapter 11 Case in an efficient, cost-effective, and timely manner. As stated above, the Debtor does not believe that Kleinbard holds or represents any interest adverse to the Debtor's estate, and they believe that Kleinbard is a "disinterested person" under the Bankruptcy Code. Accordingly, the Debtor submits that the retention of Kleinbard is in the best interests of the Debtor, their estate, and their creditors and should be approved by the Court.

## RESERVATION OF RIGHTS

51.     Nothing contained in this application is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

52.     Similarly, if this Court grants the relief sought in this application, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

## NOTICE

53.     The Debtor has provided notice of this application by electronic mail, facsimile, or overnight mail to: (a) the Office of the United States Trustee for the Middle District of Pennsylvania; (b) the Debtor's twenty (20) largest unsecured creditors; (c) the Debtor's secured creditors; and (d) all parties entitled to notice pursuant to Rule 2002 of the Bankruptcy Rules.

54.     Given the nature of the relief requested in this motion, the Debtor submits that no other or further notice is necessary or required.

## NO PRIOR REQUEST

55.     The Debtor has not made a prior request to this Court or any other court for the relief sought in this motion.

*[Remainder of Page Intentionally Left Blank]*

4828-8767-5571.3

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: February 24, 2020

Respectfully submitted,

*/s/ David L. Danneker*
Very Reverend David L. Danneker, Ph.D.
Vicar General and Moderator of the Curia

**WALLER LANSDEN DORTCH & DAVIS, LLP**

Blake D. Roth (State Bar No. 306951)
Tyler N. Layne (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:     (615) 244-6380
Facsimile:     (615) 244-6804
Email:         blake.roth@wallerlaw.com
               tyler.layne@wallerlaw.com

-and-

**KLEINBARD, LLC**

Matthew H. Haverstick (State Bar No. 85072)
Joshua J. Voss (State Bar No. 306853)
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, Pennsylvania 19103
Telephone:     (215) 568-2000
Facsimile:     (215) 568-0140
Email:         mhaverstick@kleinbard.com
               jvoss@kleinbard.com

*Proposed Attorneys for the Debtor and Debtor In Possession*

**Exhibit A**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### HARRISBURG DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC DIOCESE OF HARRISBURG, | Case No. 1:20-bk-00599 (HWV) |
| Debtor.[1] | |

## ORDER APPROVING THE EMPLOYMENT AND RETENTION OF KLEINBARD, LLC AS SPECIAL COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

Upon consideration the application (the "*Application*")[2] filed by the above-captioned Debtor; and the Court having found that it has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and upon consideration of the Haverstick Declaration and Danneker Declaration in support thereof; and the Court having found that consideration of the Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Application as set forth therein is sufficient under the circumstances; and the Court having reviewed the Application and having considered statements in support of the Application at the hearing held before this Court (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.
[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

036905-08024/4823-0006-0853.2

**IT IS THEREFORE ORDERED**:

1.      Pursuant to section 327(a) of the Bankruptcy Code and Local Rule 2014(c), the Debtor shall be, and hereby is, authorized to employ Kleinbard effective as of the Petition Date, in accordance with the terms and conditions set forth in the Application and in the Engagement Letter, as modified herein, as special counsel to render legal services to the Debtor as needed throughout the course of this Chapter 11 Case, including all professional services as outlined in the Application and Engagement Letter, and Kleinbard is hereby authorized to perform any and all such necessary and appropriate professional services for the Debtor in this case.

2.      Kleinbard shall charge the Debtor's estate for its legal services in accordance with its ordinary and customary hourly rates in effect on the date services are rendered, and Kleinbard shall maintain detailed records of all actual, necessary and appropriate costs and expenses incurred in connection with the aforementioned professional services.

3.      Kleinbard shall be compensated upon appropriate application in accordance with sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court, including by making a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "***Revised UST Guidelines***"), both in connection with the Application and the interim and final fee applications to be filed by Kleinbard in this chapter 11 case.

4.      The costs and expenses incurred by Kleinbard shall be reimbursed in conformity with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Revised UST Guidelines.

5.    Kleinbard is authorized to apply the advance payments to satisfy any unbilled or other remaining prepetition fees and expenses Kleinbard becomes aware of during its ordinary course billing review and reconciliation.

6.    Prior to any increases in Kleinbard's rates beyond the 2020 rates set forth in the Application, Kleinbard shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7.    Kleinbard shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this Chapter 11 Case.

8.    The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Case, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Case to a case under chapter 7.

9.    The Debtor and Kleinbard are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10.    Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules are satisfied by the contents of the Application.

11.     To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit B**

**Declaration of Matthew H. Haverstick**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC DIOCESE OF HARRISBURG, | Case No. 1:20-bk-00599 (HWV) |
| Debtor.[1] | |

**DECLARATION OF MATTHEW H. HAVERSTICK IN SUPPORT OF DEBTOR'S
APPLICATION FOR ENTRY OF AN ORDER APPROVING THE EMPLOYMENT
AND RETENTION OF KLEINBARD, LLC AS SPECIAL COUNSEL FOR THE
DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION
DATE, TOGETHER WITH DISCLOSURE OF COMPENSATION
<u>PURSUANT TO BANKRUPTCY RULE 2016(b)</u>**

Pursuant to 28 U.S.C. § 1746, I, Matthew H. Haverstick, hereby declare and state as

follows:

<u>**FOUNDATION**</u>

1.        I am a managing partner in the law firm of Kleinbard, LLC ("***Kleinbard***"). I am

admitted to practice before the courts of the State of Pennsylvania and the United States District

Court for the Middle District of Pennsylvania, among others. I submit this declaration (this

"***Declaration***"), pursuant to sections 327(a) and 329 of title 11 of the United States Code (the

"***Bankruptcy Code***"), Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure (the

"***Bankruptcy Rules***"), Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United

States Bankruptcy Court for the Middle District of Pennsylvania (the "***Local Rules***"), and the

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

*Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.

4846-5896-0562.5

(the "**_U.S. Trustee Fee Guidelines_**"), in support of the _Debtor's Application for Entry of an Order Approving the Employment and Retention of Kleinbard LLC as Special Counsel for the Debtor and Debtor in Possession Effective as of the Petition Date_ (the "**_Application_**").[2] Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

## THE DEBTOR'S RETENTION OF KLEINBARD

2.     Kleinbard is a Philadelphia-based firm with approximately 35 attorneys in its Philadelphia and Harrisburg offices. Kleinbard has extensive expertise and experience in many aspects of the law that may arise in the above-captioned chapter 11 case (the "**_Chapter 11 Case_**"), including substantial expertise in matters that arise in diocesan matters.

3.     The attorneys at Kleinbard have general experience representing clients in connection with chapter 11 bankruptcies, and specialized experience representing diocesan entities in such matters as criminal investigations, child sexual abuse litigation, complex litigation matters, and corporate structuring.

4.     Since September 1, 2016 (the "**_Retention Date_**"), Kleinbard has been engaged by the Debtor in connection with various non-bankruptcy matters relating to, among other things, criminal investigations, child sexual abuse litigation, and complex litigation matters, pursuant to engagement letters dated: (a) September 1, 2016; (b) September 20, 2018; (c) September 25, 2018; (d) October 10, 2018; (e) November 5, 2018; (f) January 15, 2019; and (g) July 26, 2019, with addendums dated October 21, 2019 and December 2, 2019 (collectively, the "**_Original Engagement Letter_**"), copies of which are attached to this Declaration as **Exhibit 1-A**.

5.     On February 1, 2020, the Debtor executed an amended and restated engagement letter (the "**_Engagement Letter_**") with Kleinbard, a true and correct copy of which is attached

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Application.
4846-5896-0562.5

2

hereto as **Exhibit 1-B** concerning Kleinbard's retention as special counsel in connection with and during the course of this chapter 11 proceeding.

6.      The Engagement Letter sets forth the scope of Kleinbard's services. Since the Retention Date, Kleinbard has provided the Debtor with a wide array of legal services in connection with criminal investigations, civil litigation, and corporate advice. Kleinbard's professionals have worked closely with the Debtor's management and other professionals with regard to these matters and, given both past representations and recent work, Kleinbard is well-acquainted with the Debtor's corporate history, structure, business operations, and the background that has lead the Debtor to file this Chapter 11 Case. As a result, Kleinbard has developed relevant experience and expertise regarding the Debtor that will assist it in providing effective and efficient services in the Chapter 11 Case.

## SERVICES TO BE PROVIDED

7.      The Debtor seeks to employ Kleinbard on an hourly basis to act as the Debtor's general bankruptcy and litigation counsel in the Chapter 11 Case and in matters that arise with respect thereto or to the Debtor, and to provide the Debtor with general legal services in other areas, including, without limitation, legal services relating to the operation of the Debtor's businesses, securities laws, tax, and corporate governance. In particular, the Debtor anticipate that Kleinbard will render, among others, the following professional services:

    a.      advice and support in connection with the Debtor's chapter 11 proceeding;

    b.      advice and support in connection with any ongoing or newly arising criminal or regulatory investigations;

    c.      advice and support for seeking insurance coverage, including through litigation in the course of the Debtor's chapter 11 bankruptcy proceeding;

    d.      advice and support for various internal investigations; and

e. advice and support in connection with claims and litigation arising from childhood sexual abuse.

8. The Debtor requires knowledgeable counsel to provide these essential professional services. Kleinbard has stated its desire and willingness to act in the Chapter 11 Case and provide the necessary services as attorneys for the Debtor. As noted above, Kleinbard has substantial expertise in all of these areas, and has gained valuable knowledge of the Debtor's business and financial affairs as a result of its prepetition representation of the Debtor. For all of these reasons, Kleinbard is both well qualified and uniquely able to represent the Debtor's interests in the Chapter 11 Case.

## PREPETITION PAYMENTS TO KLEINBARD

9. Per the terms of the Original Engagement Letter, on or about September 20, 2019, the Debtor paid $60,000 to Kleinbard as an advance payment retainer consistent with the Pennsylvania Rules of Professional Conduct.

10. Per the terms of the Engagement Letter, Kleinbard has maintained the $60,000 (the "***Retainer Balance***") as an advance payment retainer consistent with the Pennsylvania Rules of Professional Conduct.

11. Shortly before the Petition Date, Kleinbard applied a portion of the Retainer Balance to pay all then accrued and anticipated unpaid fees for services performed and expenses incurred. Accordingly, Debtor will not owe Kleinbard any sums for prepetition services.

12. In the ordinary course of Kleinbard's representation of the Debtor, Kleinbard engaged certain third-party vendors to provide services such as hosting electronic records. Kleinbard has made every attempt to assure all prepetition amounts due and owing to these third-

party vendors has been billed and paid; however, out of an abundance of caution, Kleinbard is seeking authority to have any remaining amounts paid postpetition.

13. In the twelve (12) months prior to the filing of the Chapter 11 Case, Kleinbard received payments from the Debtor in the aggregate amount of approximately $1,159,029.81 for professional services rendered and expenses incurred. After giving effect to the reconciliation process described in the preceding paragraph, Kleinbard expects the Retainer Balance to be approximately $60,000.00. This Retainer Balance will be held by Kleinbard as security for post-petition services and expenses. A chart detailing the timing and amount of each advance payment and application of the Retainer Balance against fees and expenses is attached hereto as **Exhibit 2**.

## KLEINBARD'S FEES FOR SERVICES TO BE RENDERED IN CONNECTION WITH THE CHAPTER 11 CASE

14. Except as described herein, pursuant to the terms and conditions of the Engagement Letter and subject to the Court's approval, Kleinbard intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered, and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

15. Kleinbard's current hourly rates for matters related to this Chapter 11 Case are as follows:

| Professional Level | Hourly Rate Range |
|--------------------|-------------------|
| Partner | $400–$425 |
| Counsel | $400 |
| Associate | $295 |
| Paralegal | $195 |

16. Kleinbard's hourly rates are set at a level designed to compensate Kleinbard fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[3] Kleinbard has represented the Debtor during the period before the Petition Date using the hourly rates listed above, subject to the periodic adjustments reflecting economic and other conditions. These hourly rates are consistent with the rates that Kleinbard charges other non-bankruptcy and chapter 11 clients, regardless of the location. Moreover, the rate structure is appropriate and not significantly different from (a) the rates Kleinbard charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Kleinbard will perform in this Chapter 11 Case.

17. A list of the professionals currently expected to provide services to the Debtor and the current hourly rates for these professionals for 2020 is attached hereto as **Schedule 1**. Other attorneys may also provide services to the Debtor as well, depending on the legal issues facing the Debtor.

18. Kleinbard will maintain detailed, contemporaneous records of time spent, as well as any actual and necessary expenses incurred, in connection with the rendering of the legal services described above by category and nature of the services rendered. Notwithstanding the foregoing, Kleinbard acknowledges its compensation will be subject to approval by this Court.

---

[3] The hourly rates charged by Kleinbard professionals differ based on, among other things, the professional's level of experience. Like many of its peer law firms, Kleinbard increases the hourly billing rate of attorneys and paraprofessionals each year in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Fee Guidelines). As set forth in the Proposed Order, Kleinbard will provide ten business days' notice to the Debtor, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file such notice with the Court.

4846-5896-0562.5

19.     Kleinbard intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the procedures set forth in the applicable provisions of sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, as those procedures may be modified or supplemented by order of this Court. As specified above, Kleinbard will hold the Retainer Balance as security for post- petition services and expenses and will bill the Debtor during the pendency of the Chapter 11 Case, subject to approval by the Court. The Retainer Balance will be applied to Kleinbard's final fee application, as approved by the Court.

20.     Kleinbard has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with the Chapter 11 Case, other than as permitted pursuant to section 504 of the Bankruptcy Code. Kleinbard also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the U.S. Trustee Fee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Kleinbard in this Chapter 11 Case.

21.     It is Kleinbard's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Kleinbard's policy to charge its clients only the amount actually incurred by Kleinbard in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging. In addition, Kleinbard professionals also may charge their overtime meals and overtime transportation to the Debtor consistent with prepetition practices.

4846-5896-0562.5

7

22.     Consistent with past practice, Kleinbard will charge no more than $0.20 per page for standard duplication services in this Chapter 11 Case. Kleinbard does not charge its clients for incoming facsimile transmissions.

23.     By separate applications, the Debtor is seeking Court approval for the retention of Waller, Lansden, Dortch & Davis, LLP as primary bankruptcy counsel and Keegan, Linscott & Associates, PC as financial advisors (collectively with Waller, the "***Debtor's Professionals***"). The Debtor previously sought approval to retain Epiq Corporate Restructuring, LLC as their claims, noticing and balloting agent. The Debtor may also file motions or applications to employ additional professionals.

24.     Each of the firms listed above works, and will continue to work, under the direction of the Debtor's management. I understand that the Debtor's directors and senior management are committed to minimizing duplication of services to reduce professional costs, among other things.  To that end, Kleinbard will work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

## KLEINBARD'S DISINTERESTEDNESS

25.     To the best of my knowledge, information, and belief, (a) other than its prior representations of the Debtor and its representation in connection with the Chapter 11 Case, Kleinbard has no connection with the Debtor except as disclosed herein; (b) Kleinbard does not represent, and has not represented, any entity other than the Debtor in the Chapter 11 Case; (c)  Kleinbard does not have any connection with, and has not represented in the past, the United States Trustee for the Middle District of Pennsylvania, or any person employed by the Office of the United States Trustee for the Middle District of Pennsylvania; and (d) Kleinbard does not

have any connection with the Debtor's creditors, any other party in interest, or their respective attorneys and accountants, except as set forth below.

26. To check and clear conflicts, and in preparing my declaration, Kleinbard used a set of procedures that it has developed to ensure compliance with the requirements of the Pennsylvania Rules of Professional Conduct, conflicts rules observed by the Third Circuit Court of Appeals, the Bankruptcy Code, and the Bankruptcy Rules regarding the retention of professionals in chapter 11 cases. Pursuant to these procedures, Kleinbard performed the following actions to determine whether Kleinbard or any of its attorneys has any connections with, has in the past represented, or is currently representing potential parties in interest in the Chapter 11 Case:

(a) A list of interested parties (the "***Interested Parties***") was created using information provided by the Debtor and additional information identified by Kleinbard. The list of Interested Parties is comprised of the following entities, whose identities are set forth in **<u>Schedule 2</u>**, attached hereto:

    (i) the Debtor and certain non-debtor affiliates;

    (ii) the Debtor's secured bank lenders and their counsel;

    (iii) the Debtor's top 20 unsecured creditors;

    (iv) the Debtor's prepetition and (proposed) postpetition advisors, attorneys, and other professionals;

    (v) officers, managers, and board members of the Debtor serving currently or within the past two years;

    (vi) the Debtor's cash management banks, landlords, utility providers, insurers, insurance brokers, and taxing authorities;

    (vii) parties adverse to the Debtor in significant litigation;

    (viii) lienholders on property of the Debtor's estates;

    (ix) United States Bankruptcy Judges in the Middle District of Pennsylvania; and

United States Trustee for the Middle District of Pennsylvania, Harrisburg Division, and their attorneys.

(b) Kleinbard compared each of the Interested Parties to the names that Kleinbard maintains in its master conflicts database. Kleinbard's client database includes: (i) the name of each current or former client; (ii) the names of any entities materially related to, or materially adverse to, such current or former client; (iii) the names of the Kleinbard attorneys responsible for such current or former clients; (iv) the status of the matter as either "active" or "inactive"; and (v) the dates on which the matter was opened and/or closed. Kleinbard also circulated the list of Interested Parties to its attorneys, who were required to disclose any actual or potential conflicts of interest as part of Kleinbard's normal conflicts screening procedures; and

(c) Any matches between the Interested Parties and the entities in Kleinbard's client database were identified, reviewed by an attorney, and compiled for purposes of this Declaration. To the extent that Kleinbard currently represents, or has represented within the last three years, any of the Interested Parties, the identities of such entities are set forth in this Declaration. In determining whether a client is presently represented by Kleinbard, Kleinbard attorneys relied on the existence of an "active" notation on the report to reflect current representation. With respect to matters showing as "inactive," Kleinbard relied on the "close date" to determine whether the representation occurred within the past three years. If an "inactive" matter opened prior to February 2017 showed no "close date," Kleinbard assumed for purposes of this disclosure that the matter was inactive during the past three years and did not include the client in this Declaration. If an "inactive" matter was opened on or after February 2017 but showed no "close date," the client is included in this Declaration.

27. Based on the search of names set forth in <u>Schedule 2</u>, Kleinbard concluded it has

the following connections with the Debtor and the Interested Parties:

(a) Kleinbard has represented Bishop Ronald W. Gainer in his capacity as Bishop of the Roman Catholic Diocese of Harrisburg in civil litigation filed against the Debtor.

(b) Kleinbard has represented the Lancaster County District Attorney in civil litigation unrelated to the Debtor. The litigation ended on January 10, 2020.

(c) Kleinbard and one of its attorneys currently represents, and may in the future continue to represent, PNC's Wealth Management Group in its capacity as executor or trustee in various trust and estate matters in connection with accountings, petitions for adjudication, and estate administrations. Kleinbard does not believe its representation of PNC's Wealth Management Group presents a conflict for Kleinbard, but is making this disclosure out of an abundance of

caution. To be clear, Kleinbard has not represented and will not represent PNC Wealth Management Group or any other parties other than the Debtor in this Chapter 11 Case.

(d)    From time to time, Kleinbard has represented, and likely will continue to represent, the Graham Group and certain other creditors of the Debtor and other parties actually or potentially adverse to the Debtor in matters unrelated to the Chapter 11 Case. As described herein, Kleinbard has undertaken a detailed search to determine whether it represents or has represented any significant creditors, insiders or other parties in interest in such unrelated matters, and all such known representations within the last three years are described herein. Due to the breadth of Kleinbard's client base, the firm is not subject to undue influence of any single client.

28.    Other than as disclosed in the preceding paragraph, Kleinbard's does not have any connections with the Interested Parties. These entities, and/or their affiliates or related entities as identified by Kleinbard's master client database, are among the Interested Parties in this Chapter 11 Case. Services provided to the entities disclosed herein and/or their affiliates or related entities as identified by Kleinbard's master client database, do not individually represent a material percentage of Kleinbard's revenue for the twelve-month period ending February 1, 2020. Moreover, Kleinbard has a diverse client base and does not believe that any individual entity (or in the case of affiliated entities, any such affiliate group) on the Interested Parties list represents more than 1.5% of Kleinbard's revenue for the twelve-month period ending February 1, 2020. Due to the breadth of Kleinbard's client base, the firm is not subject to the undue influence of any single client. To be clear, Kleinbard does not and will not represent any of these parties in connection with the Chapter 11 Case.

29.    I am confident that our diligence has resulted, to the greatest extent possible, in the disclosure of all potential conflicts. However, despite the efforts described herein to identify and disclose Kleinbard's connections with parties in interest in the Chapter 11 Case, I am unable to state with absolute certainty that every client representation or other connection has been

disclosed because Kleinbard is a national law firm with over 235 attorneys in five offices. In this regard, if Kleinbard discovers additional information that requires disclosure, Kleinbard will file a supplemental disclosure with the Court. Additionally, to the extent that issues may arise which would cause the Debtor to be adverse to any of Kleinbard's clients, Kleinbard will obtain and disclose waivers or, to the extent that it would not be appropriate for Kleinbard to represent the Debtor with respect to such matters, other counsel employed by the Debtor will represent the Debtor in connection with such matters.

30.     Based upon information available to me at this time, I believe that Kleinbard is a "disinterested person" pursuant to section 101(14) of the Bankruptcy Code, and that Kleinbard does not hold or represent an interest adverse to the Debtor or their estates as required by section 327(a) of the Bankruptcy Code. Specifically, I do not believe that the connections between Kleinbard and the entities listed herein will impair Kleinbard's ability to represent the Debtor in this Chapter 11 Case.

31.     No promises have been received by Kleinbard or any member or associate thereof as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules. Other than with members and regular associates of the firm, Kleinbard has no agreement with any other entity to share with such entity any compensation received by Kleinbard.

32.     Consistent with the U.S. Trustee Fee Guidelines, I state as follows:

- Kleinbard has not agreed to a variation of its standard or customary billing arrangements for this engagement.

- None of Kleinbard's professionals included in this engagement have varied their rate based on the geographic location of the Chapter 11 Case.

4846-5896-0562.5

12

- Kleinbard was retained by the Debtor pursuant to the Engagement Letter dated as of February 1, 2020. The material terms of the prepetition engagement are the same as the terms described in the Application and herein, and the billing rates have not changed other than periodic annual increases as provided in the Engagement Letter and explained in the Application.

- The Debtor has approved or will be approving a prospective budget and staffing plan for Kleinbard's engagement for the postpetition period as appropriate. In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments.

33.    The foregoing constitutes the statement of Kleinbard pursuant to sections 327(a), 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on February 24, 2020

*/s/ Matthew H. Haverstick*
Matthew H. Haverstick

4846-5896-0562.5

13

**EXHIBIT 1-A**

**<u>ORIGINAL ENGAGEMENT LETTERS</u>**

Matthew H. Haverstick
mhaverstick@kleinbard.com
215.496.7225



**KLEINBARD** ᴸᴸᶜ

September 1, 2016

*Private and Confidential*

**Via Email & U.S.P.S.**

Diocese of Harrisburg
ATTN: Terrence J. Kerwin,
      Solicitor, Diocese of Harrisburg
Kerwin & Kerwin
4245 Route 209
Elizabethville, PA 17023

**RE: Engagement for Legal Services**

Dear Mr. Kerwin:

      I would like to thank you for engaging Kleinbard LLC ("*we*", "*us*" or the "*Firm*") to represent the Diocese of Harrisburg (the "*Client[s]*" or "*you*") in the matters discussed below. In accordance with the Rules of Professional Conduct governing attorneys in the Commonwealth of Pennsylvania (the "*Professional Rules*"), this letter agreement (this "*Agreement*") confirms our engagement and sets forth our fee arrangement with you in connection with these matters and, unless otherwise agreed, any other matters for which the Firm may render legal services to the Diocese of Harrisburg.

      **Scope of Representation *[and Limitations Thereon]*.** You have engaged the Firm to represent the Diocese of Harrisburg in connection with a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ We do not represent any person or entity that has not been specifically identified in this Agreement as a client and no duties have been undertaken or assumed for any such person or entity.

      **Fees.** You have agreed to compensate the Firm at our prevailing hourly rates for the legal services rendered by our attorneys or paralegals. These rates vary for each attorney and paralegal based upon experience and years of practice. Our current hourly rates for attorneys range from $295 to $675 and are adjusted from time to time, usually annually, but we anticipate that they will remain in effect throughout 2016. I will have overall responsibility for this engagement and our representation of the Diocese of Harrisburg, at an hourly rate of $415; along with my partner, Mark E. Seiberling, at an hourly rate of $400; and our associate Joshua J. Voss,



Terrence J. Kerwin,
   Solicitor, Diocese of Harrisburg
September 1, 2016
Page 2

at an hourly rate of $330. In addition, the Firm will utilize the services of other attorneys and paralegals where, in our discretion, we determine that it is in your best interest.

**Costs and Expenses.** You have also agreed to pay the Firm for all related costs and expenses that the Firm incurs (e.g., database searching and retrieval charges, filing fees, courier services, transcription services, facsimile charges, duplication charges). Please note that the Firm has the right, but not the obligation, to advance costs on your behalf. In addition, please keep in mind that billing for certain of these costs and expenses may lag the rendering or use of the underlying services because of delays in the receipt of third-party bills and the posting of accounts. Fees and expenses of other professionals engaged by the Firm on your behalf (e.g., consultants, appraisers, local counsel) generally will not be paid by the Firm, but will be billed directly to you.

**Billing Statements.** Because we have learned from experience that clients prefer to be billed timely, the Firm will submit written billing statements to you, usually monthly, for legal services rendered (and costs and expenses incurred) during the period covered by such statement, with payment in full of the total balance due twenty (20) days after the date of such statement. We ask that you review our billing statements promptly upon receipt and advise us immediately if there are any questions about them, so that we can investigate and respond to such questions while memories remain fresh. If a billing statement is not questioned by the time payment becomes due, we will rely upon our understanding that the amount and details of the bill are self-explanatory and satisfactory. The Firm does not currently charge interest to clients and, in order to permit us to continue this policy, we expect all of our clients to keep their payments current. If payments are not kept current, we may require that you deliver to us a retainer prior to performing additional work. If you fail to keep payments current or to pay promptly any such retainers, the Firm reserves the right to withdraw from our representation. Notwithstanding any such withdrawal, you will remain obligated to pay to the Firm any and all outstanding amounts due and owing to the Firm pursuant to the terms of this Agreement.

**Communications.** The Firm regularly communicates with its clients and with third parties, on behalf of its clients, through the use of landline, digital and cellular telephones, unencrypted email and facsimile machines. Each of these means of communication is practically and technologically susceptible to varying risks of interception by (or misdelivery to) unintended recipients. By executing this Agreement, you consent to the Firm's utilization of the foregoing means of communication. In addition, we are often asked, in a marketing context, to identify clients of the Firm. Although we will not disclose privileged or confidential information regarding you or our representation of your interests, unless you advise us to the contrary, the Firm will assume that you authorize us to identify you as a client of the Firm in our brochures, on our website and in other written materials used to market the Firm's services.



Terrence J. Kerwin,
  Solicitor, Diocese of Harrisburg
September 1, 2016
Page 3

**Miscellaneous**. This Agreement and any right or claim arising from our engagement may not be transferred or assigned by the Diocese of Harrisburg without the Firm's prior written consent. In addition, you agree that the Firm may consult with its internal counsel about the Firm's duties and obligations to the Diocese of Harrisburg and any such communications will be considered privileged as between the Firm and such internal counsel.

If you are in agreement with the foregoing, please execute and return to me a copy of this Agreement. Upon execution of this Agreement by the Firm and you, this Agreement will supersede all prior understandings regarding our engagement and will constitute a binding agreement between the Firm and you effective as of the date that we first provided legal services on the Diocese of Harrisburg behalf. This Agreement shall be governed by and construed in accordance with the Professional Rules and the substantive law of the Commonwealth of Pennsylvania.

We are pleased to have the opportunity to be of service to you. If you have any questions concerning this Agreement or anything else about our representation either now or in the future, please contact me.

Very truly yours,

MATTHEW H. HAVERSTICK

MHH/gk
cc: Philip J. Murren, Esq. (Via Email Only)
    Mark E. Seiberling, Esq. (Via Email Only)
    Joshua J. Voss, Esq. (Via Email Only)

*Acknowledged and Agreed as of*
*the Date First Above Written:*

**DIOCESE OF HARRISBURG**

By: _Terrence J Kerwin_
   Name: **TERRENCE J. KERWIN**
   Title: **SOLICITOR, DIOCESE OF HARRISBURG**

9-14-16

Matthew H. Haverstick
mhaverstick@kleinbard.com
215.496.7225



KLEINBARD LLC

November 15, 2016

***Private and Confidential***

**Via U.S.P.S.**

Diocese of Harrisburg
ATTN: Terrence J. Kerwin,
        Solicitor, Diocese of Harrisburg
Kerwin & Kerwin
4245 Route 209
Elizabethville, PA 17023

**RE:    Engagement for Legal Services**

Dear Mr. Kerwin:

I would like to thank you for engaging Kleinbard LLC ("*we*", "*us*" or the "*Firm*") to represent the Diocese of Harrisburg (the "*Client[s]*" or "*you*") in the matters discussed below. In accordance with the Rules of Professional Conduct governing attorneys in the Commonwealth of Pennsylvania (the "*Professional Rules*"), this letter agreement (this "*Agreement*") confirms our engagement and sets forth our fee arrangement with you in connection with these matters and, unless otherwise agreed, any other matters for which the Firm may render legal services to the Diocese of Harrisburg.

**Scope of Representation *[and Limitations Thereon]*.**  You have engaged the Firm to represent the Diocese of Harrisburg in connection with Insurance Coverage ▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ We do not represent any person or entity that has not been specifically identified in this Agreement as a client and no duties have been undertaken or assumed for any such person or entity.

**Fees**.  You have agreed to compensate the Firm at our prevailing hourly rates for the legal services rendered by our attorneys or paralegals.  These rates vary for each attorney and paralegal based upon experience and years of practice.  Our current hourly rates for attorneys range from $295 to $675 and are adjusted from time to time, usually annually, but we anticipate that they will remain in effect throughout 2016.  I will have overall responsibility for this engagement and our representation of the Diocese of Harrisburg, at an hourly rate of $415; along with my partners, Steven J. Engelmyer, at an hourly rate of $415, and Mark E. Seiberling, at an hourly rate of $400; and our associate Joshua J. Voss, at an hourly rate of $330.  In addition, the Firm will utilize the services of other attorneys and paralegals where, in our discretion, we determine that it is in your best interest.



**Costs and Expenses**. You have also agreed to pay the Firm for all related costs and expenses that the Firm incurs (e.g., database searching and retrieval charges, filing fees, courier services, transcription services, facsimile charges, duplication charges). Please note that the Firm has the right, but not the obligation, to advance costs on your behalf. In addition, please keep in mind that billing for certain of these costs and expenses may lag the rendering or use of the underlying services because of delays in the receipt of third-party bills and the posting of accounts. Fees and expenses of other professionals engaged by the Firm on your behalf (e.g., consultants, appraisers, local counsel) generally will not be paid by the Firm, but will be billed directly to you.

**Billing Statements**. Because we have learned from experience that clients prefer to be billed timely, the Firm will submit written billing statements to you, usually monthly, for legal services rendered (and costs and expenses incurred) during the period covered by such statement, with payment in full of the total balance due twenty (20) days after the date of such statement. We ask that you review our billing statements promptly upon receipt and advise us immediately if there are any questions about them, so that we can investigate and respond to such questions while memories remain fresh. If a billing statement is not questioned by the time payment becomes due, we will rely upon our understanding that the amount and details of the bill are self-explanatory and satisfactory. The Firm does not currently charge interest to clients and, in order to permit us to continue this policy, we expect all of our clients to keep their payments current. If payments are not kept current, we may require that you deliver to us a retainer prior to performing additional work. If you fail to keep payments current or to pay promptly any such retainers, the Firm reserves the right to withdraw from our representation. Notwithstanding any such withdrawal, you will remain obligated to pay to the Firm any and all outstanding amounts due and owing to the Firm pursuant to the terms of this Agreement.

**Communications**. The Firm regularly communicates with its clients and with third parties, on behalf of its clients, through the use of landline, digital and cellular telephones, unencrypted email and facsimile machines. Each of these means of communication is practically and technologically susceptible to varying risks of interception by (or misdelivery to) unintended recipients. By executing this Agreement, you consent to the Firm's utilization of the foregoing means of communication. In addition, we are often asked, in a marketing context, to identify clients of the Firm. Although we will not disclose privileged or confidential information regarding you or our representation of your interests, unless you advise us to the contrary, the Firm will assume that you authorize us to identify you as a client of the Firm in our brochures, on our website and in other written materials used to market the Firm's services.

**Miscellaneous**. This Agreement and any right or claim arising from our engagement may not be transferred or assigned by the Diocese of Harrisburg without the Firm's prior written consent. In addition, you agree that the Firm may consult with its internal counsel about the Firm's duties and obligations to the Diocese of Harrisburg and any such communications will be considered privileged as between the Firm and such internal counsel.



If you are in agreement with the foregoing, please execute and return to me a copy of this Agreement. Upon execution of this Agreement by the Firm and you, this Agreement will supersede all prior understandings regarding our engagement and will constitute a binding agreement between the Firm and you effective as of the date that we first provided legal services on the Diocese of Harrisburg's behalf. This Agreement shall be governed by and construed in accordance with the Professional Rules and the substantive law of the Commonwealth of Pennsylvania.

We are pleased to have the opportunity to be of service to you. If you have any questions concerning this Agreement or anything else about our representation either now or in the future, please contact me.

Very truly yours,

MATTHEW H. HAVERSTICK

MHH/gk

*Acknowledged and Agreed as of
the Date First Above Written*:

**DIOCESE OF HARRISBURG**

By:_____
    Name: **TERRENCE J. KERWIN**
    Title: **SOLICITOR, DIOCESE OF HARRISBURG**

Matthew H. Haverstick
mhaverstick@kleinbard.com
215.496.7225



## KLEINBARD LLC

September 20, 2018

**VIA HAND DELIVERY**

*Private and Confidential*

Very Reverend David L. Danneker
Vicar General and Moderator of the Curia
Diocese of Harrisburg
4800 Union Deposit Road
Harrisburg, PA 17111-3710

RE: **Engagement for Legal Services**

Dear Fr. David Danneker:

I would like to thank you for engaging Kleinbard LLC ("*we*", "*us*" or the "*Firm*") to represent the Diocese of Harrisburg (the "*Client*" or "*you*") in the matters discussed below. In accordance with the Rules of Professional Conduct governing attorneys in the Commonwealth of Pennsylvania (the "*Professional Rules*"), this letter agreement (this "*Agreement*") confirms our engagement and sets forth our fee arrangement with you in connection with these matters and, unless otherwise agreed, any other matters for which the Firm may render legal services to the Diocese of Harrisburg.

**Scope of Representation and Limitations Thereon**. You have engaged the Firm to represent the Diocese of Harrisburg in connection with a claim involving John Allen and John Doe regarding allegations of child sexual abuse. We do not represent any person or entity that has not been specifically identified in this Agreement as a client and no duties have been undertaken or assumed for any such person or entity.

**Fees**. You have agreed to compensate the Firm at our prevailing hourly rates for the legal services rendered by our attorneys or paralegals. These rates vary for each attorney and paralegal based upon experience and years of practice. Our current hourly rates for attorneys range from $285 to $715 and are adjusted from time to time, usually annually, but we anticipate that they will remain in effect throughout 2018. Mark E. Seiberling, Joshua J. Voss and I will have overall responsibility for this engagement and our representation of the Diocese of Harrisburg, at a blended hourly rate of $250. In addition, the Firm will utilize the services of other attorneys and paralegals where, in our discretion, we determine that it is in your best interest.

**Costs and Expenses**. You have also agreed to pay the Firm for all related costs and expenses that the Firm incurs (e.g., database searching and retrieval charges, filing fees, courier services, transcription services, facsimile charges, duplication charges). Please note that the

{01529928;v1 }

One Liberty Place, 46th Floor   1650 Market Street   Philadelphia, PA 19103   T: 215.568.2000   F: 215.568.0140      Kleinbard.com

Case 1:20-bk-00599-HWV   Doc 55   Filed 02/24/20   Entered 02/24/20 16:41:46   Desc
Main Document      Page 39 of 88



Firm has the right, but not the obligation, to advance costs on your behalf. In addition, please keep in mind that billing for certain of these costs and expenses may lag the rendering or use of the underlying services because of delays in the receipt of third-party bills and the posting of accounts. Fees and expenses of other professionals engaged by the Firm on your behalf (e.g., consultants, appraisers, local counsel) generally will not be paid by the Firm, but will be billed directly to you.

**Billing Statements**. The Firm will submit written billing statements to you, usually monthly, for legal services rendered (and costs and expenses incurred) during the period covered by such statement, with payment in full of the total balance due twenty (20) days after the date of such statement *(even if you have remitted to us any advance retainers as discussed below)*. We ask that you review our billing statements promptly upon receipt and advise us immediately if there are any questions about them, so that we can investigate and respond to such questions while memories remain fresh. If a billing statement is not questioned by the time payment becomes due, we will rely upon our understanding that the amount and details of the bill are self-explanatory and satisfactory. The Firm does not currently charge interest to clients and, in order to permit us to continue this policy, we expect all of our clients to keep their payments current. If payments are not kept current, we may require that you deliver to us additional advance retainers prior to performing additional work. If you fail to keep payments current or to pay promptly any such retainers, the Firm reserves the right to withdraw from our representation. Notwithstanding any such withdrawal, you will remain obligated to pay to the Firm any and all outstanding amounts due and owing to the Firm pursuant to the terms of this Agreement.

**File Retention**. The Firm has a file retention policy that will apply to any files, documents, or other information, in any media, received, created, or stored by us in connection with our representation of you (the "File Retention Policy"). You acknowledge and consent to the File Retention Policy, as it may be amended from time to time, including the elements described in this paragraph. At the Firm's discretion, certain documents or information may be retained as electronic data or in other storage media both before and after closure of a file. In general, at the conclusion of a matter the Firm will close a file and transfer it to long-term storage, and may destroy such file after a period specified in the policy (currently seven years) if at such time it appears reasonable to us to do so, and unless we have reached a different agreement with you or received contrary instructions in writing from you. We have discretion to retain elements of a file in the Firm's records as forms or otherwise. The File Retention Policy has special provisions regarding original executed estate planning documents such as wills, trusts, or powers of attorney. We will retain such documents indefinitely, and will deliver them to you at any time on your written request, subject to your compliance with the terms of this letter. Original estate planning documents that have been superseded or have otherwise become ineffective may be destroyed in our discretion or at your request.

**Communications**. The Firm regularly communicates with its clients and with third parties, on behalf of its clients, through the use of landline, digital and cellular telephones, unencrypted email and facsimile machines. Each of these means of communication is practically



and technologically susceptible to varying risks of interception by (or misdelivery to) unintended recipients. By executing this Agreement, you consent to the Firm's utilization of the foregoing means of communication. In addition, we are often asked, in a marketing context, to identify clients of the Firm. Although we will not disclose privileged or confidential information regarding you or our representation of your interests, unless you advise us to the contrary, the Firm will assume that you authorize us to identify you as a client of the Firm in our brochures, on our website and in other written materials used to market the Firm's services.

**Miscellaneous**. This Agreement and any right or claim arising from our engagement may not be transferred or assigned by the Diocese of Harrisburg without the Firm's prior written consent. In addition, you agree that the Firm may consult with its internal counsel about the Firm's duties and obligations to the Diocese of Harrisburg and any such communications will be considered privileged as between the Firm and such internal counsel.

If you are in agreement with the foregoing, please execute and return to me a copy of this Agreement. Upon execution of this Agreement by the Firm and you, this Agreement will supersede all prior understandings regarding our engagement and will constitute a binding agreement between the Firm and you effective as of the date that we first provided legal services on the Diocese of Harrisburg's behalf. This Agreement shall be governed by and construed in accordance with the Professional Rules and the substantive law of the Commonwealth of Pennsylvania.

We are pleased to have the opportunity to be of service to you. If you have any questions concerning this Agreement or anything else about our representation either now or in the future, please contact me.

Very truly yours,

MATTHEW H. HAVERSTICK

cc: Terrence J. Kerwin, Solicitor
    Diocese of Harrisburg

*Acknowledged and Agreed as of
the Date First Above Written*:

**DIOCESE OF HARRISBURG**

By: _____
    Very Reverend David L. Danneker
    Vicar General and Moderator of the Curia

{01529928;v1 }

MATTHEW H. HAVERSTICK
MHAVERSTICK@KLEINBARD.COM
*Direct Dial 215.496.7225*



KLEINBARD

September 25, 2018

**VIA EMAIL**

*Private and Confidential*

Very Reverend David L. Danneker
Vicar General and Moderator of the Curia
Diocese of Harrisburg
4800 Union Deposit Road
Harrisburg, PA 17111-3710
frddanneker@hbgdiocese.org

**RE:   Engagement for Legal Services**

Dear Fr. David Danneker:

      I would like to thank you for engaging Kleinbard LLC ("*we*", "*us*" or the "*Firm*") to represent the Diocese of Harrisburg and Bp. Ronald Gainer (collectively, the "***Diocese of Harrisburg***", the "***Client***" or "***you***") in the matters discussed below.  In accordance with the Rules of Professional Conduct governing attorneys in the Commonwealth of Pennsylvania (the "***Professional Rules***"), this letter agreement (this "***Agreement***") confirms our engagement and sets forth our fee arrangement with you in connection with these matters and, unless otherwise agreed, any other matters for which the Firm may render legal services to the Diocese of Harrisburg.

      **Scope of Representation and Limitations Thereon**.  You have engaged the Firm to represent the Diocese of Harrisburg in connection with a class action suit.  We do not represent any person or entity that has not been specifically identified in this Agreement as a client and no duties have been undertaken or assumed for any such person or entity.

      **Fees**.  You have agreed to compensate the Firm at our prevailing hourly rates for the legal services rendered by our attorneys or paralegals.  These rates vary for each attorney and paralegal based upon experience and years of practice.  Our current hourly rates for attorneys range from $285 to $715 and are adjusted from time to time, usually annually, but we anticipate that they will remain in effect throughout 2018.  Mark E. Seiberling and I will have overall responsibility for this engagement and our representation of the Diocese of Harrisburg, each at an hourly rate of $415; along with our associate Joshua J. Voss, at an hourly rate of $360.  In addition, the Firm will utilize the services of other attorneys and paralegals where, in our discretion, we determine that it is in your best interest.

{01531088.v1 }

One Liberty Place, 46th Floor   1650 Market Street   Philadelphia, PA 19103   tel 215.568.2000   fax 215.568.0140     Kleinbard.com



**Costs and Expenses**. You have also agreed to pay the Firm for all related costs and expenses that the Firm incurs (e.g., database searching and retrieval charges, filing fees, courier services, transcription services, facsimile charges, duplication charges). Please note that the Firm has the right, but not the obligation, to advance costs on your behalf. In addition, please keep in mind that billing for certain of these costs and expenses may lag the rendering or use of the underlying services because of delays in the receipt of third-party bills and the posting of accounts. Fees and expenses of other professionals engaged by the Firm on your behalf (e.g., consultants, appraisers, local counsel) generally will not be paid by the Firm, but will be billed directly to you.

**Billing Statements**. The Firm will submit written billing statements to you, usually monthly, for legal services rendered (and costs and expenses incurred) during the period covered by such statement, with payment in full of the total balance due twenty (20) days after the date of such statement *(even if you have remitted to us any advance retainers as discussed below)*. We ask that you review our billing statements promptly upon receipt and advise us immediately if there are any questions about them, so that we can investigate and respond to such questions while memories remain fresh. If a billing statement is not questioned by the time payment becomes due, we will rely upon our understanding that the amount and details of the bill are self-explanatory and satisfactory. The Firm does not currently charge interest to clients and, in order to permit us to continue this policy, we expect all of our clients to keep their payments current. If payments are not kept current, we may require that you deliver to us additional advance retainers prior to performing additional work. If you fail to keep payments current or to pay promptly any such retainers, the Firm reserves the right to withdraw from our representation. Notwithstanding any such withdrawal, you will remain obligated to pay to the Firm any and all outstanding amounts due and owing to the Firm pursuant to the terms of this Agreement.

**File Retention**. The Firm has a file retention policy that will apply to any files, documents, or other information, in any media, received, created, or stored by us in connection with our representation of you (the "File Retention Policy"). You acknowledge and consent to the File Retention Policy, as it may be amended from time to time, including the elements described in this paragraph. At the Firm's discretion, certain documents or information may be retained as electronic data or in other storage media both before and after closure of a file. In general, at the conclusion of a matter the Firm will close a file and transfer it to long-term storage, and may destroy such file after a period specified in the policy (currently seven years) if at such time it appears reasonable to us to do so, and unless we have reached a different agreement with you or received contrary instructions in writing from you. We have discretion to retain elements of a file in the Firm's records as forms or otherwise. The File Retention Policy has special provisions regarding original executed estate planning documents such as wills, trusts, or powers of attorney. We will retain such documents indefinitely, and will deliver them to you at any time on your written request, subject to your compliance with the terms of this letter. Original estate planning documents that have been superseded or have otherwise become ineffective may be destroyed in our discretion or at your request.

{01531088.v1 }



**Communications.** The Firm regularly communicates with its clients and with third parties, on behalf of its clients, through the use of landline, digital and cellular telephones, unencrypted email and facsimile machines. Each of these means of communication is practically and technologically susceptible to varying risks of interception by (or misdelivery to) unintended recipients. By executing this Agreement, you consent to the Firm's utilization of the foregoing means of communication. In addition, we are often asked, in a marketing context, to identify clients of the Firm. Although we will not disclose privileged or confidential information regarding you or our representation of your interests, unless you advise us to the contrary, the Firm will assume that you authorize us to identify you as a client of the Firm in our brochures, on our website and in other written materials used to market the Firm's services.

**Miscellaneous.** This Agreement and any right or claim arising from our engagement may not be transferred or assigned by the Diocese of Harrisburg without the Firm's prior written consent. In addition, you agree that the Firm may consult with its internal counsel about the Firm's duties and obligations to the Diocese of Harrisburg and any such communications will be considered privileged as between the Firm and such internal counsel.

If you are in agreement with the foregoing, please execute and return to me a copy of this Agreement. Upon execution of this Agreement by the Firm and you, this Agreement will supersede all prior understandings regarding our engagement and will constitute a binding agreement between the Firm and you effective as of the date that we first provided legal services on the Diocese of Harrisburg's behalf. This Agreement shall be governed by and construed in accordance with the Professional Rules and the substantive law of the Commonwealth of Pennsylvania.

We are pleased to have the opportunity to be of service to you. If you have any questions concerning this Agreement or anything else about our representation either now or in the future, please contact me.

Very truly yours,

MATTHEW H. HAVERSTICK

cc:  Terrence J. Kerwin, Solicitor
Diocese of Harrisburg

{01531088.v1 }

Very Reverend David L. Danneker
September 25, 2018
Page 4



*Acknowledged and Agreed as of*
*the Date First Above Written*:

**DIOCESE OF HARRISBURG**

By: _____
     Very Reverend David L. Danneker
     Vicar General and Moderator of the Curia

{01531088.v1 }



Matthew H. Haverstick
mhaverstick@kleinbard.com
215.496.7225

**KLEINBARD** LLC

October 10, 2018

**VIA HAND DELIVERY**

*Private and Confidential*

Very Reverend David L. Danneker
Vicar General and Moderator of the Curia
Diocese of Harrisburg
4800 Union Deposit Road
Harrisburg, PA 17111-3710
frddanneker@hbgdiocese.org

**RE: Engagement for Legal Services**

Dear Fr. David Danneker:

     I would like to thank you for engaging Kleinbard LLC ("*we*", "*us*" or the "*Firm*") to represent the Diocese of Harrisburg (the "*Diocese of Harrisburg*", the "*Client*" or "*you*") in the matters discussed below. In accordance with the Rules of Professional Conduct governing attorneys in the Commonwealth of Pennsylvania (the "*Professional Rules*"), this letter agreement (this "*Agreement*") confirms our engagement and sets forth our fee arrangement with you in connection with these matters and, unless otherwise agreed, any other matters for which the Firm may render legal services to the Diocese of Harrisburg.

     **Scope of Representation and Limitations Thereon**. You have engaged the Firm to represent the Diocese of Harrisburg in connection with a ▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓ We do not represent any person or entity that has not been specifically identified in this Agreement as a client and no duties have been undertaken or assumed for any such person or entity.

     **Fees**. You have agreed to compensate the Firm at our prevailing hourly rates for the legal services rendered by our attorneys or paralegals. These rates vary for each attorney and paralegal based upon experience and years of practice. Our current hourly rates for attorneys range from $285 to $715 and are adjusted from time to time, usually annually, but we anticipate that they will remain in effect throughout 2018. Mark E. Seiberling and I will have overall responsibility for this engagement and our representation of the Diocese of Harrisburg, each at an hourly rate of $425; along with our associate Joshua J. Voss, at an hourly rate of $360. In addition, the Firm will utilize the services of other attorneys and paralegals where, in our discretion, we determine that it is in your best interest.

{01537233;v1 }



**Costs and Expenses**. You have also agreed to pay the Firm for all related costs and expenses that the Firm incurs (e.g., database searching and retrieval charges, filing fees, courier services, transcription services, facsimile charges, duplication charges). Please note that the Firm has the right, but not the obligation, to advance costs on your behalf. In addition, please keep in mind that billing for certain of these costs and expenses may lag the rendering or use of the underlying services because of delays in the receipt of third-party bills and the posting of accounts. Fees and expenses of other professionals engaged by the Firm on your behalf (e.g., consultants, appraisers, local counsel) generally will not be paid by the Firm, but will be billed directly to you.

**Billing Statements**. The Firm will submit written billing statements to you, usually monthly, for legal services rendered (and costs and expenses incurred) during the period covered by such statement, with payment in full of the total balance due twenty (20) days after the date of such statement *(even if you have remitted to us any advance retainers as discussed below)*. We ask that you review our billing statements promptly upon receipt and advise us immediately if there are any questions about them, so that we can investigate and respond to such questions while memories remain fresh. If a billing statement is not questioned by the time payment becomes due, we will rely upon our understanding that the amount and details of the bill are self-explanatory and satisfactory. The Firm does not currently charge interest to clients and, in order to permit us to continue this policy, we expect all of our clients to keep their payments current. If payments are not kept current, we may require that you deliver to us additional advance retainers prior to performing additional work. If you fail to keep payments current or to pay promptly any such retainers, the Firm reserves the right to withdraw from our representation. Notwithstanding any such withdrawal, you will remain obligated to pay to the Firm any and all outstanding amounts due and owing to the Firm pursuant to the terms of this Agreement.

**File Retention**. The Firm has a file retention policy that will apply to any files, documents, or other information, in any media, received, created, or stored by us in connection with our representation of you (the "File Retention Policy"). You acknowledge and consent to the File Retention Policy, as it may be amended from time to time, including the elements described in this paragraph. At the Firm's discretion, certain documents or information may be retained as electronic data or in other storage media both before and after closure of a file. In general, at the conclusion of a matter the Firm will close a file and transfer it to long-term storage, and may destroy such file after a period specified in the policy (currently seven years) if at such time it appears reasonable to us to do so, and unless we have reached a different agreement with you or received contrary instructions in writing from you. We have discretion to retain elements of a file in the Firm's records as forms or otherwise. The File Retention Policy has special provisions regarding original executed estate planning documents such as wills, trusts, or powers of attorney. We will retain such documents indefinitely, and will deliver them to you at any time on your written request, subject to your compliance with the terms of this letter. Original estate planning documents that have been superseded or have otherwise become ineffective may be destroyed in our discretion or at your request.

{01537233;v1 }



**Communications**. The Firm regularly communicates with its clients and with third parties, on behalf of its clients, through the use of landline, digital and cellular telephones, unencrypted email and facsimile machines. Each of these means of communication is practically and technologically susceptible to varying risks of interception by (or misdelivery to) unintended recipients. By executing this Agreement, you consent to the Firm's utilization of the foregoing means of communication. In addition, we are often asked, in a marketing context, to identify clients of the Firm. Although we will not disclose privileged or confidential information regarding you or our representation of your interests, unless you advise us to the contrary, the Firm will assume that you authorize us to identify you as a client of the Firm in our brochures, on our website and in other written materials used to market the Firm's services.

**Miscellaneous**. This Agreement and any right or claim arising from our engagement may not be transferred or assigned by the Diocese of Harrisburg without the Firm's prior written consent. In addition, you agree that the Firm may consult with its internal counsel about the Firm's duties and obligations to the Diocese of Harrisburg and any such communications will be considered privileged as between the Firm and such internal counsel.

If you are in agreement with the foregoing, please execute and return to me a copy of this Agreement. Upon execution of this Agreement by the Firm and you, this Agreement will supersede all prior understandings regarding our engagement and will constitute a binding agreement between the Firm and you effective as of the date that we first provided legal services on the Diocese of Harrisburg's behalf. This Agreement shall be governed by and construed in accordance with the Professional Rules and the substantive law of the Commonwealth of Pennsylvania.

We are pleased to have the opportunity to be of service to you. If you have any questions concerning this Agreement or anything else about our representation either now or in the future, please contact me.

Very truly yours,

MATTHEW H. HAVERSTICK

cc: Terrence J. Kerwin, Solicitor
    Diocese of Harrisburg

{01537233;v1 }



*Acknowledged and Agreed as of*
*the Date First Above Written*:

**DIOCESE OF HARRISBURG**

By: _____
Very Reverend David L. Danneker
Vicar General and Moderator of the Curia

Matthew H. Haverstick
mhaverstick@kleinbard.com
215.496.7225



**KLEINBARD** ㏄

November 5, 2018

**VIA HAND DELIVERY**

*Private and Confidential*

Very Reverend David L. Danneker
Vicar General and Moderator of the Curia
Diocese of Harrisburg
4800 Union Deposit Road
Harrisburg, PA 17111-3710
frddanneker@hbgdiocese.org

RE: **Engagement for Legal Services**

Dear Fr. David Danneker:

I would like to thank you for engaging Kleinbard LLC ("*we*", "*us*" or the "*Firm*") to represent the Diocese of Harrisburg (the "*Diocese of Harrisburg*", the "*Client*" or "*you*") in the matters discussed below. In accordance with the Rules of Professional Conduct governing attorneys in the Commonwealth of Pennsylvania (the "*Professional Rules*"), this letter agreement (this "*Agreement*") confirms our engagement and sets forth our fee arrangement with you in connection with these matters and, unless otherwise agreed, any other matters for which the Firm may render legal services to the Diocese of Harrisburg.

**Scope of Representation and Limitations Thereon**. You have engaged the Firm to represent the Diocese of Harrisburg in connection with the creation, operation and monitoring of a victims' compensation fund. We do not represent any person or entity that has not been specifically identified in this Agreement as a client and no duties have been undertaken or assumed for any such person or entity.

**Fees**. You have agreed to compensate the Firm at our prevailing hourly rates for the legal services rendered by our attorneys or paralegals. These rates vary for each attorney and paralegal based upon experience and years of practice. Our current hourly rates for attorneys range from $285 to $715 and are adjusted from time to time, usually annually, but we anticipate that they will remain in effect throughout 2018. Mark E. Seiberling and I will have overall responsibility for this engagement and our representation of the Diocese of Harrisburg, each at an hourly rate of $425; along with our associate Joshua J. Voss, at an hourly rate of $360. No other attorney will bill at a rate higher than $425. In addition, the Firm will utilize the services of other attorneys and paralegals where, in our discretion, we determine that it is in your best interest.

{01606565;v1 }



**Costs and Expenses**. You have also agreed to pay the Firm for all related costs and expenses that the Firm incurs (e.g., database searching and retrieval charges, filing fees, courier services, transcription services, facsimile charges, duplication charges). Please note that the Firm has the right, but not the obligation, to advance costs on your behalf. In addition, please keep in mind that billing for certain of these costs and expenses may lag the rendering or use of the underlying services because of delays in the receipt of third-party bills and the posting of accounts. Fees and expenses of other professionals engaged by the Firm on your behalf (e.g., consultants, appraisers, local counsel) generally will not be paid by the Firm, but will be billed directly to you.

**Billing Statements**. The Firm will submit written billing statements to you, usually monthly, for legal services rendered (and costs and expenses incurred) during the period covered by such statement, with payment in full of the total balance due twenty (20) days after the date of such statement *(even if you have remitted to us any advance retainers as discussed below)*. We ask that you review our billing statements promptly upon receipt and advise us immediately if there are any questions about them, so that we can investigate and respond to such questions while memories remain fresh. If a billing statement is not questioned by the time payment becomes due, we will rely upon our understanding that the amount and details of the bill are self-explanatory and satisfactory. The Firm does not currently charge interest to clients and, in order to permit us to continue this policy, we expect all of our clients to keep their payments current. If payments are not kept current, we may require that you deliver to us additional advance retainers prior to performing additional work. If you fail to keep payments current or to pay promptly any such retainers, the Firm reserves the right to withdraw from our representation. Notwithstanding any such withdrawal, you will remain obligated to pay to the Firm any and all outstanding amounts due and owing to the Firm pursuant to the terms of this Agreement.

**File Retention**. The Firm has a file retention policy that will apply to any files, documents, or other information, in any media, received, created, or stored by us in connection with our representation of you (the "File Retention Policy"). You acknowledge and consent to the File Retention Policy, as it may be amended from time to time, including the elements described in this paragraph. At the Firm's discretion, certain documents or information may be retained as electronic data or in other storage media both before and after closure of a file. In general, at the conclusion of a matter the Firm will close a file and transfer it to long-term storage, and may destroy such file after a period specified in the policy (currently seven years) if at such time it appears reasonable to us to do so, and unless we have reached a different agreement with you or received contrary instructions in writing from you. We have discretion to retain elements of a file in the Firm's records as forms or otherwise. The File Retention Policy has special provisions regarding original executed estate planning documents such as wills, trusts, or powers of attorney. We will retain such documents indefinitely, and will deliver them to you at any time on your written request, subject to your compliance with the terms of this letter. Original estate planning documents that have been superseded or have otherwise become ineffective may be destroyed in our discretion or at your request.

{01606565;v1 }



**Communications**. The Firm regularly communicates with its clients and with third parties, on behalf of its clients, through the use of landline, digital and cellular telephones, unencrypted email and facsimile machines. Each of these means of communication is practically and technologically susceptible to varying risks of interception by (or misdelivery to) unintended recipients. By executing this Agreement, you consent to the Firm's utilization of the foregoing means of communication. In addition, we are often asked, in a marketing context, to identify clients of the Firm. Although we will not disclose privileged or confidential information regarding you or our representation of your interests, unless you advise us to the contrary, the Firm will assume that you authorize us to identify you as a client of the Firm in our brochures, on our website and in other written materials used to market the Firm's services.

**Miscellaneous**. This Agreement and any right or claim arising from our engagement may not be transferred or assigned by the Diocese of Harrisburg without the Firm's prior written consent. In addition, you agree that the Firm may consult with its internal counsel about the Firm's duties and obligations to the Diocese of Harrisburg and any such communications will be considered privileged as between the Firm and such internal counsel.

If you are in agreement with the foregoing, please execute and return to me a copy of this Agreement. Upon execution of this Agreement by the Firm and you, this Agreement will supersede all prior understandings regarding our engagement and will constitute a binding agreement between the Firm and you effective as of the date that we first provided legal services on the Diocese of Harrisburg's behalf. This Agreement shall be governed by and construed in accordance with the Professional Rules and the substantive law of the Commonwealth of Pennsylvania.

We are pleased to have the opportunity to be of service to you. If you have any questions concerning this Agreement or anything else about our representation either now or in the future, please contact me.

Very truly yours,

MATTHEW H. HAVERSTICK

cc: Terrence J. Kerwin, Solicitor
    Diocese of Harrisburg

{01606565:v1 }



*Acknowledged and Agreed as of*
*the Date First Above Written:*

**DIOCESE OF HARRISBURG**

By: _____
    Very Reverend David L. Danneker
    Vicar General and Moderator of the Curia

{01606565:v1 }

MATTHEW H. HAVERSTICK
MHAVERSTICK@KLEINBARD.COM
*Direct Dial 215.496.7225*



K L E I N B A R D

January 15, 2019

**VIA EMAIL**

*Private and Confidential*

Very Reverend David L. Danneker
Vicar General and Moderator of the Curia
Diocese of Harrisburg
4800 Union Deposit Road
Harrisburg, PA 17111-3710
frddanneker@hbgdiocese.org

**RE: Engagement for Legal Services**

Dear Fr. David Danneker:

I would like to thank you for engaging Kleinbard LLC ("*we*", "*us*" or the "*Firm*") to represent the Diocese of Harrisburg (the "*Diocese of Harrisburg*", the "*Client*" or "*you*") in the matters discussed below. In accordance with the Rules of Professional Conduct governing attorneys in the Commonwealth of Pennsylvania (the "*Professional Rules*"), this letter agreement (this "*Agreement*") confirms our engagement and sets forth our fee arrangement with you in connection with these matters and, unless otherwise agreed, any other matters for which the Firm may render legal services to the Diocese of Harrisburg.

**Scope of Representation and Limitations Thereon.** You have engaged the Firm to represent the Diocese of Harrisburg in connection with a civil action filed by Daniel Hillanbrand and Leeanne Natali. We do not represent any person or entity that has not been specifically identified in this Agreement as a client and no duties have been undertaken or assumed for any such person or entity.

**Fees.** You have agreed to compensate the Firm at our prevailing hourly rates for the legal services rendered by our attorneys or paralegals. These rates vary for each attorney and paralegal based upon experience and years of practice. Our current hourly rates for attorneys range from $295 to $735 and are adjusted from time to time, usually annually, but we anticipate that they will remain in effect throughout 2019. Mark E. Seiberling and I will have overall responsibility for this engagement and our representation of the Diocese of Harrisburg, each at an hourly rate of $425; along with our associate Joshua J. Voss, at an hourly rate of $360. No other attorney will bill at a rate higher than $425. In addition, the Firm will utilize the services of other attorneys and paralegals where, in our discretion, we determine that it is in your best interest.

{01699984;v1 }

Kleinbard.com



**Costs and Expenses**. You have also agreed to pay the Firm for all related costs and expenses that the Firm incurs (e.g., database searching and retrieval charges, filing fees, courier services, transcription services, facsimile charges, duplication charges). Please note that the Firm has the right, but not the obligation, to advance costs on your behalf. In addition, please keep in mind that billing for certain of these costs and expenses may lag the rendering or use of the underlying services because of delays in the receipt of third-party bills and the posting of accounts. Fees and expenses of other professionals engaged by the Firm on your behalf (e.g., consultants, appraisers, local counsel) generally will not be paid by the Firm, but will be billed directly to you.

**Billing Statements**. The Firm will submit written billing statements to you, usually monthly, for legal services rendered (and costs and expenses incurred) during the period covered by such statement, with payment in full of the total balance due twenty (20) days after the date of such statement *(even if you have remitted to us any advance retainers as discussed below)*. We ask that you review our billing statements promptly upon receipt and advise us immediately if there are any questions about them, so that we can investigate and respond to such questions while memories remain fresh. If a billing statement is not questioned by the time payment becomes due, we will rely upon our understanding that the amount and details of the bill are self-explanatory and satisfactory. The Firm does not currently charge interest to clients and, in order to permit us to continue this policy, we expect all of our clients to keep their payments current. If payments are not kept current, we may require that you deliver to us additional advance retainers prior to performing additional work. If you fail to keep payments current or to pay promptly any such retainers, the Firm reserves the right to withdraw from our representation. Notwithstanding any such withdrawal, you will remain obligated to pay to the Firm any and all outstanding amounts due and owing to the Firm pursuant to the terms of this Agreement.

**File Retention**. The Firm has a file retention policy that will apply to any files, documents, or other information, in any media, received, created, or stored by us in connection with our representation of you (the "*File Retention Policy*"). You acknowledge and consent to the File Retention Policy, as it may be amended from time to time, including the elements described in this paragraph. At the Firm's discretion, certain documents or information may be retained as electronic data or in other storage media both before and after closure of a file. In general, at the conclusion of a matter the Firm will close a file and transfer it to long-term storage, and may destroy such file after a period specified in the policy (currently seven years) if at such time it appears reasonable to us to do so, and unless we have reached a different agreement with you or received contrary instructions in writing from you. We have discretion to retain elements of a file in the Firm's records as forms or otherwise. The File Retention Policy has special provisions regarding original executed estate planning documents such as wills, trusts, or powers of attorney. We will retain such documents indefinitely, and will deliver them to you at any time on your written request, subject to your compliance with the terms of this letter. Original estate planning documents that have been superseded or have otherwise become ineffective may be destroyed in our discretion or at your request.

{01699984.v1 }



**Communications**. The Firm regularly communicates with its clients and with third parties, on behalf of its clients, through the use of landline, digital and cellular telephones, unencrypted email and facsimile machines. Each of these means of communication is practically and technologically susceptible to varying risks of interception by (or misdelivery to) unintended recipients. By executing this Agreement, you consent to the Firm's utilization of the foregoing means of communication. In addition, we are often asked, in a marketing context, to identify clients of the Firm. Although we will not disclose privileged or confidential information regarding you or our representation of your interests, unless you advise us to the contrary, the Firm will assume that you authorize us to identify you as a client of the Firm in our brochures, on our website and in other written materials used to market the Firm's services.

**Miscellaneous**. This Agreement and any right or claim arising from our engagement may not be transferred or assigned by the Diocese of Harrisburg without the Firm's prior written consent. In addition, you agree that the Firm may consult with its internal counsel about the Firm's duties and obligations to the Diocese of Harrisburg and any such communications will be considered privileged as between the Firm and such internal counsel.

If you are in agreement with the foregoing, please execute and return to me a copy of this Agreement. Upon execution of this Agreement by the Firm and you, this Agreement will supersede all prior understandings regarding our engagement and will constitute a binding agreement between the Firm and you effective as of the date that we first provided legal services on the Diocese of Harrisburg's behalf. This Agreement shall be governed by and construed in accordance with the Professional Rules and the substantive law of the Commonwealth of Pennsylvania.

We are pleased to have the opportunity to be of service to you. If you have any questions concerning this Agreement or anything else about our representation either now or in the future, please contact me.

Very truly yours,

MATTHEW H. HAVERSTICK

cc: Terrence J. Kerwin, Solicitor
    Diocese of Harrisburg

{01699984.v1 }

Very Reverend David L. Danneker
January 15, 2019
Page 4



*Acknowledged and Agreed as of*
*the Date First Above Written*:

**DIOCESE OF HARRISBURG**

By: _____
      Very Reverend David L. Danneker
      Vicar General and Moderator of the Curia

{01699984.v1 }

Matthew H. Haverstick
mhaverstick@kleinbard.com
215.496.7225



**KLEINBARD** LLC

July 26, 2019

**VIA EMAIL**

*Private and Confidential*

Very Reverend David L. Danneker
Vicar General and Moderator of the Curia
Diocese of Harrisburg
4800 Union Deposit Road
Harrisburg, PA 17111-3710
frddanneker@hbgdiocese.org

RE:   **Engagement for Legal Services--Updated**

Dear Fr. David Danneker:

I would like to thank you for engaging Kleinbard LLC ("*we*", "*us*" or the "*Firm*") to represent the Diocese of Harrisburg (the "*Diocese*", the "*Client*" or "*you*") in the matters discussed below. In accordance with the Rules of Professional Conduct governing attorneys in the Commonwealth of Pennsylvania (the "*Professional Rules*"), this letter agreement (this "*Agreement*") confirms our engagement and sets forth our fee arrangement with you in connection with these matters and, unless otherwise agreed, any other matters for which the Firm may render legal services to the Diocese.

**Scope of Representation and Limitations Thereon.** You have engaged the Firm to represent the Diocese in connection with the following:

- advice and support for seeking insurance coverage from various current and historical insurers of the Diocese;

- compliance with ███████████████████████████████████████ ney ████████████████████████████████████████████████

- advice and support for various internal ████████████████████████████████;

- advice and support for the Diocese's Survivor Compensation Program;

- the litigation captioned *Doe v. Allen*;

- the litigation captioned *O'Connor v. Roman Catholic Diocese of Pittsburgh*;



- the litigation captioned, *Hillanbrand v. Pennsylvania Catholic Conference*;

- the litigation captioned, *Asbee v. Diocese of Harrisburg*;

- the threatened litigation by various claimants, former claimants, and potential claimants of the Survivor Compensation Program; and

- advice and support for potential or actual bankruptcy filings and litigation by the Diocese.

We do not represent any person or entity that has not been specifically identified in this Agreement as a client and no duties have been undertaken or assumed for any such person or entity.

**Fees**. Unless otherwise specified below, you have agreed to compensate the Firm at our prevailing hourly rates for the legal services rendered by our attorneys or paralegals. These rates vary for each attorney and paralegal based upon experience and years of practice. Our current hourly rates for attorneys range from $295 to $735 and are adjusted from time to time, usually annually, but we anticipate that they will remain in effect throughout 2019.

However, the following specific hourly rates shall apply to the time worked by each attorney listed, with the exception of the *Doe v. Allen* matter, which is separately addressed below:

- Matthew H. Haverstick: $425;

- Mark E. Seiberling: $425;

- Joshua J. Voss: $385;

- Eric J. Schreiner: $415;

- Steven J. Engelmyer: $415; and

- Paul G. Gagne: $400.

In the *Doe v. Allen* matter, all attorneys shall bill at an hourly rate of $250.

Finally, the Firm will utilize the services of other attorneys and paralegals where, in our discretion, we determine that it is in your best interest.

**Costs and Expenses**. You have also agreed to pay the Firm for all related costs and expenses that the Firm incurs (e.g., database searching and retrieval charges, filing fees, courier services, transcription services, facsimile charges, duplication charges). Please note that the Firm



has the right, but not the obligation, to advance costs on your behalf. In addition, please keep in mind that billing for certain of these costs and expenses may lag the rendering or use of the underlying services because of delays in the receipt of third-party bills and the posting of accounts. Fees and expenses of other professionals engaged by the Firm on your behalf (e.g., consultants, appraisers, local counsel) generally will not be paid by the Firm, but will be billed directly to you.

**Billing Statements**. The Firm will submit written billing statements to you, usually monthly, for legal services rendered (and costs and expenses incurred) during the period covered by such statement, with payment in full of the total balance due twenty (20) days after the date of such statement *(even if you have remitted to us any advance retainers as discussed below)*. We ask that you review our billing statements promptly upon receipt and advise us immediately if there are any questions about them, so that we can investigate and respond to such questions while memories remain fresh. If a billing statement is not questioned by the time payment becomes due, we will rely upon our understanding that the amount and details of the bill are self-explanatory and satisfactory. The Firm does not currently charge interest to clients and, in order to permit us to continue this policy, we expect all of our clients to keep their payments current. If payments are not kept current, we may require that you deliver to us additional advance retainers prior to performing additional work. If you fail to keep payments current or to pay promptly any such retainers, the Firm reserves the right to withdraw from our representation. Notwithstanding any such withdrawal, you will remain obligated to pay to the Firm any and all outstanding amounts due and owing to the Firm pursuant to the terms of this Agreement.

**Retainers**. As we discussed, you have agreed to remit to the Firm a retainer in the amount of **$60,000**. Any retainers paid to the Firm will be placed in the Firm's escrow account and will be held by us until the conclusion of our representation. At our discretion, we may apply the amount of some or all of the retainer against the fees for legal services rendered by the Firm to the Diocese. If you direct us that our representation of you has concluded, we will deliver the balance of the retainer to you, without interest, less any then due fees and expenses. Upon the conclusion of our representation, you will remain liable for all outstanding fees for legal services rendered by the Firm, and all outstanding costs and expenses incurred by the Firm in connection therewith.

**File Retention**. The Firm has a file retention policy that will apply to any files, documents, or other information, in any media, received, created, or stored by us in connection with our representation of you (the "*File Retention Policy*"). You acknowledge and consent to the File Retention Policy, as it may be amended from time to time, including the elements described in this paragraph. At the Firm's discretion, certain documents or information may be retained as electronic data or in other storage media both before and after closure of a file. In general, at the conclusion of a matter the Firm will close a file and transfer it to long-term storage, and may destroy such file after a period specified in the policy (currently seven years) if at such time it appears reasonable to us to do so, and unless we have reached a different



agreement with you or received contrary instructions in writing from you. We have discretion to retain elements of a file in the Firm's records as forms or otherwise. The File Retention Policy has special provisions regarding original executed estate planning documents such as wills, trusts, or powers of attorney. We will retain such documents indefinitely, and will deliver them to you at any time on your written request, subject to your compliance with the terms of this letter. Original estate planning documents that have been superseded or have otherwise become ineffective may be destroyed in our discretion or at your request.

**Communications**. The Firm regularly communicates with its clients and with third parties, on behalf of its clients, through the use of landline, digital and cellular telephones, unencrypted email and facsimile machines. Each of these means of communication is practically and technologically susceptible to varying risks of interception by (or misdelivery to) unintended recipients. By executing this Agreement, you consent to the Firm's utilization of the foregoing means of communication. In addition, we are often asked, in a marketing context, to identify clients of the Firm. Although we will not disclose privileged or confidential information regarding you or our representation of your interests, unless you advise us to the contrary, the Firm will assume that you authorize us to identify you as a client of the Firm in our brochures, on our website and in other written materials used to market the Firm's services.

**Miscellaneous**. This Agreement and any right or claim arising from our engagement may not be transferred or assigned by the Diocese of Harrisburg without the Firm's prior written consent. In addition, you agree that the Firm may consult with its internal counsel about the Firm's duties and obligations to the Diocese of Harrisburg and any such communications will be considered privileged as between the Firm and such internal counsel.

If you are in agreement with the foregoing, please execute and return to me a copy of this Agreement (together with the retainer referred to above). Upon execution of this Agreement by the Firm and you, this Agreement will supersede all prior understandings regarding our engagement and will constitute a binding agreement between the Firm and you effective as of the date that we first provided legal services on the Diocese of Harrisburg's behalf. This Agreement shall be governed by and construed in accordance with the Professional Rules and the substantive law of the Commonwealth of Pennsylvania.



We are pleased to have the opportunity to be of service to you. If you have any questions concerning this Agreement or anything else about our representation either now or in the future, please contact me.

Very truly yours,

MATTHEW H. HAVERSTICK

cc: Terrence J. Kerwin, Solicitor
Diocese of Harrisburg

*Acknowledged and Agreed as of*
*the Date First Above Written:*

**DIOCESE OF HARRISBURG**

By:
Very Reverend David L. Danneker
Vicar General and Moderator of the Curia

MATTHEW H. HAVERSTICK
MHAVERSTICK@KLEINBARD.COM
*Direct Dial 215.496.7225*



October 21, 2019

**VIA EMAIL**

*Private and Confidential*

Very Reverend David L. Danneker
Vicar General and Moderator of the Curia
Diocese of Harrisburg
4800 Union Deposit Road
Harrisburg, PA 17111-3710
frddanneker@hbgdiocese.org

RE:   **Engagement for Legal Services--Addendum**

Dear Fr. David Danneker:

I would like to thank you for engaging Kleinbard LLC ("***we***", "***us***" or the "***Firm***") to represent the Diocese of Harrisburg (the "***Diocese***", the "***Client***" or "***you***") in the matter discussed below. In accordance with the Rules of Professional Conduct governing attorneys in the Commonwealth of Pennsylvania (the "***Professional Rules***"), this letter addendum agreement (this "***Addendum Agreement***") confirms our engagement for the additional matter set forth below, under the same terms and conditions as the agreement dated July 26, 2019 between the Firm and the Diocese (the "***Agreement***").

**Addendum to Scope of Representation and Limitations Thereon**. In addition to the matters set forth in the Agreement, you have engaged the Firm to represent the Diocese in connection with the litigation captioned *Duggan v. Diocese of Harrisburg*. We do not represent any person or entity that has not been specifically identified in the Agreement or this Addendum Agreement as a client and no duties have been undertaken or assumed for any such person or entity.

If you are in agreement with the foregoing, please execute and return to me a copy of this Addendum Agreement. Upon execution of this Addendum Agreement by the Firm and you, this Addendum Agreement will supersede all prior understandings regarding our engagement for the matter set forth above and will constitute a binding agreement between the Firm and you effective as of the date that we first provided legal services on the Diocese of Harrisburg's behalf. This Addendum Agreement shall be governed by and construed in accordance with the Professional Rules and the substantive law of the Commonwealth of Pennsylvania.

Three Logan Square    1717 Arch Street, 5th Floor    Philadelphia, PA 19103    tel 215.568.2000    fax 215.568.0140    **Kleinbard.com**

Case 1:20-bk-00599-HWV    Doc 55    Filed 02/24/20    Entered 02/24/20 16:41:46    Desc
Main Document        Page 63 of 88



We are pleased to have the opportunity to be of service to you. If you have any questions concerning this Addendum Agreement or anything else about our representation either now or in the future, please contact me.

Very truly yours,

MATTHEW H. HAVERSTICK

cc: Terrence J. Kerwin, Esq. (via email)

*Acknowledged and Agreed as of*
*the Date First Above Written*:

**DIOCESE OF HARRISBURG**

By: _____
Very Reverend David L. Danneker
Vicar General and Moderator of the Curia

MATTHEW H. HAVERSTICK
MHAVERSTICK@KLEINBARD.COM
*Direct Dial 215.496.7225*



**KLEINBARD**

December 2, 2019

**VIA EMAIL**

*Private and Confidential*

Very Reverend David L. Danneker
Vicar General and Moderator of the Curia
Diocese of Harrisburg
4800 Union Deposit Road
Harrisburg, PA 17111-3710
frddanneker@hbgdiocese.org

RE:    **Engagement for Legal Services—Second Addendum**

Dear Fr. David Danneker:

I would like to thank you for engaging Kleinbard LLC ("*we*", "*us*" or the "*Firm*") to represent the Diocese of Harrisburg (the "*Diocese*", the "*Client*" or "*you*") in the matter discussed below. In accordance with the Rules of Professional Conduct governing attorneys in the Commonwealth of Pennsylvania (the "*Professional Rules*"), this letter addendum agreement (this "*Second Addendum Agreement*") confirms our engagement for the additional matter set forth below, under the same terms and conditions as the agreement dated July 26, 2019 between the Firm and the Diocese (the "*Agreement*").

**Addendum to Scope of Representation and Limitations Thereon**. In addition to the matters set forth in the Agreement, you have engaged the Firm to represent the Diocese in connection with the litigation filed in New Jersey by Patty Fortney-Julius and Lara Fortney-McKeever against the Diocese. We do not represent any person or entity that has not been specifically identified in the Agreement or this Second Addendum Agreement as a client and no duties have been undertaken or assumed for any such person or entity.

If you are in agreement with the foregoing, please execute and return to me a copy of this Second Addendum Agreement. Upon execution of this Second Addendum Agreement by the Firm and you, this Second Addendum Agreement will supersede all prior understandings regarding our engagement for the matter set forth above and will constitute a binding agreement between the Firm and you effective as of the date that we first provided legal services on the Diocese of Harrisburg's behalf. This Second Addendum Agreement shall be governed by and construed in accordance with the Professional Rules and the substantive law of the Commonwealth of Pennsylvania.

Very Reverend David L. Danneker
December 3, 2019
Page 2



We are pleased to have the opportunity to be of service to you. If you have any questions concerning this Second Addendum Agreement or anything else about our representation either now or in the future, please contact me.

Very truly yours,

MATTHEW H. HAVERSTICK

cc: Terrence J. Kerwin, Esq. (via email)

*Acknowledged and Agreed as of*
*the Date First Above Written:*

**DIOCESE OF HARRISBURG**

By: David L. Danneker  12/2/19
      Very Reverend David L. Danneker
      Vicar General and Moderator of the Curia

**EXHIBIT 1-B**

**<u>ENGAGEMENT LETTER</u>**

4846-5896-0562.5

MATTHEW H. HAVERSTICK
MHAVERSTICK@KLEINBARD.COM
*Direct Dial 215.496.7225*



**KLEINBARD** LLC

February 1, 2020

**VIA EMAIL**

*Private and Confidential*

Very Reverend David L. Danneker
Vicar General and Moderator of the Curia
Diocese of Harrisburg
4800 Union Deposit Road
Harrisburg, PA 17111-3710
frddanneker@hbgdiocese.org

RE:    **Engagement for Legal Services—Amended and Restated**

Dear Fr. David Danneker:

I would like to thank you for engaging Kleinbard LLC ("*we*", "*us*" or the "*Firm*") to represent the Roman Catholic Diocese of Harrisburg (the "*Diocese*", the "*Client*" or "*you*") in the matters discussed below. In accordance with the Rules of Professional Conduct governing attorneys in the Commonwealth of Pennsylvania (the "*Professional Rules*"), this letter amended and restated agreement (this "*Agreement*") confirms our engagement and sets forth our fee arrangement with you in connection with these matters and, unless otherwise agreed, any other matters for which the Firm may render legal services to the Diocese. This Agreement supersedes the agreement dated July 26, 2019 and the addendums thereto, dated October 21, 2019, and December 2, 2019.

**Scope of Representation and Limitations Thereon**. You have engaged the Firm to represent the Diocese in connection with the following:

- advice and support for seeking insurance coverage;

- criminal investigations;

- advice and support for various internal investigations;

- the litigation captioned *Doe v. Allen*;

- the litigation captioned *O'Connor v. Roman Catholic Diocese of Pittsburgh*;

- the litigation captioned *Asbee v. Diocese of Harrisburg*;



- the threatened litigation by various claimants;

- advice and support for potential or actual bankruptcy filings and litigation by the Diocese;

- the litigation captioned *Duggan v. Diocese of Harrisburg*; and

- the litigation captioned *Fortney-Julius v. Diocese of Harrisburg.*

We do not represent any person or entity that has not been specifically identified in this Agreement as a client and no duties have been undertaken or assumed for any such person or entity.

**Fees**. Unless otherwise specified below, you have agreed to compensate the Firm at our prevailing hourly rates for the legal services rendered by our attorneys or paralegals. These rates vary for each attorney and paralegal based upon experience and years of practice. Our current hourly rates for attorneys range from $295 to $735 and are adjusted from time to time, usually annually, but we anticipate that they will remain in effect throughout 2020.

However, the following specific hourly rates shall apply to the time worked by each attorney listed, with the exception of the *Doe v. Allen* matter, which is separately addressed below:

- Matthew H. Haverstick: $425;

- Mark E. Seiberling: $425;

- Joshua J. Voss: $400;

- Eric J. Schreiner: $415;

- Steven J. Engelmyer: $415; and

- Paul G. Gagne: $400.

In the *Doe v. Allen* matter, all attorneys shall bill at an hourly rate of $250.

Finally, the Firm will utilize the services of other attorneys and paralegals where, in our discretion, we determine that it is in your best interest.

**Costs and Expenses**. You have also agreed to pay the Firm for all related costs and expenses that the Firm incurs (e.g., database searching and retrieval charges, filing fees, courier services, transcription services, facsimile charges, duplication charges). Please note that the Firm



has the right, but not the obligation, to advance costs on your behalf. In addition, please keep in mind that billing for certain of these costs and expenses may lag the rendering or use of the underlying services because of delays in the receipt of third-party bills and the posting of accounts. Fees and expenses of other professionals engaged by the Firm on your behalf (e.g., consultants, appraisers, local counsel) generally will not be paid by the Firm, but will be billed directly to you.

**Billing Statements**. The Firm will submit written billing statements to you, usually monthly, for legal services rendered (and costs and expenses incurred) during the period covered by such statement, with payment in full of the total balance due twenty (20) days after the date of such statement ***(even if you have remitted to us any advance retainers as discussed below)***. We ask that you review our billing statements promptly upon receipt and advise us immediately if there are any questions about them, so that we can investigate and respond to such questions while memories remain fresh. If a billing statement is not questioned by the time payment becomes due, we will rely upon our understanding that the amount and details of the bill are self-explanatory and satisfactory. The Firm does not currently charge interest to clients and, in order to permit us to continue this policy, we expect all of our clients to keep their payments current. If payments are not kept current, we may require that you deliver to us additional advance retainers prior to performing additional work. If you fail to keep payments current or to pay promptly any such retainers, the Firm reserves the right to withdraw from our representation. Notwithstanding any such withdrawal, you will remain obligated to pay to the Firm any and all outstanding amounts due and owing to the Firm pursuant to the terms of this Agreement.

**Retainers**. You have agreed to remit to the Firm a retainer in the amount of $60,000, which we have already received under the agreement dated July 26, 2019. Any retainers paid to the Firm will be placed in the Firm's escrow account and will be held by us until the conclusion of our representation. At our discretion, we may apply the amount of some or all of the retainer against the fees for legal services rendered by the Firm to the Diocese. If you direct us that our representation of you has concluded, we will deliver the balance of the retainer to you, without interest, less any then due fees and expenses. Upon the conclusion of our representation, you will remain liable for all outstanding fees for legal services rendered by the Firm, and all outstanding costs and expenses incurred by the Firm in connection therewith.

**File Retention**. The Firm has a file retention policy that will apply to any files, documents, or other information, in any media, received, created, or stored by us in connection with our representation of you (the "***File Retention Policy***"). You acknowledge and consent to the File Retention Policy, as it may be amended from time to time, including the elements described in this paragraph. At the Firm's discretion, certain documents or information may be retained as electronic data or in other storage media both before and after closure of a file. In general, at the conclusion of a matter the Firm will close a file and transfer it to long-term storage, and may destroy such file after a period specified in the policy (currently seven years) if at such time it appears reasonable to us to do so, and unless we have reached a different

agreement with you or received contrary instructions in writing from you. We have discretion to retain elements of a file in the Firm's records as forms or otherwise. The File Retention Policy has special provisions regarding original executed estate planning documents such as wills, trusts, or powers of attorney. We will retain such documents indefinitely, and will deliver them to you at any time on your written request, subject to your compliance with the terms of this letter. Original estate planning documents that have been superseded or have otherwise become ineffective may be destroyed in our discretion or at your request.

**Communications**. The Firm regularly communicates with its clients and with third parties, on behalf of its clients, through the use of landline, digital and cellular telephones, unencrypted email and facsimile machines. Each of these means of communication is practically and technologically susceptible to varying risks of interception by (or misdelivery to) unintended recipients. By executing this Agreement, you consent to the Firm's utilization of the foregoing means of communication. In addition, we are often asked, in a marketing context, to identify clients of the Firm. Although we will not disclose privileged or confidential information regarding you or our representation of your interests, unless you advise us to the contrary, the Firm will assume that you authorize us to identify you as a client of the Firm in our brochures, on our website and in other written materials used to market the Firm's services.

**Miscellaneous**. This Agreement and any right or claim arising from our engagement may not be transferred or assigned by the Diocese of Harrisburg without the Firm's prior written consent. In addition, you agree that the Firm may consult with its internal counsel about the Firm's duties and obligations to the Diocese of Harrisburg and any such communications will be considered privileged as between the Firm and such internal counsel.

If you are in agreement with the foregoing, please execute and return to me a copy of this Agreement (together with the retainer referred to above). Upon execution of this Agreement by the Firm and you, this Agreement will supersede all prior understandings regarding our engagement and will constitute a binding agreement between the Firm and you effective as of the date that we first provided legal services on the Diocese of Harrisburg's behalf. This Agreement shall be governed by and construed in accordance with the Professional Rules and the substantive law of the Commonwealth of Pennsylvania.



We are pleased to have the opportunity to be of service to you. If you have any questions concerning this Agreement or anything else about our representation either now or in the future, please contact me.

Very truly yours,

MATTHEW H. HAVERSTICK

cc: Terrence J. Kerwin, Solicitor
    Diocese of Harrisburg

*Acknowledged and Agreed as of
the Date First Above Written*:

**DIOCESE OF HARRISBURG**

By: _____

Very Reverend David L. Danneker
Vicar General and Moderator of the Curia

**EXHIBIT 2**

**PREPETITION PAYMENTS**

| Date | Payment | Application to Fees and Expenses | Retainer Balance | Narrative |
|---|---|---|---|---|
| 02/21/2019 | $35,540.08 | $35,540.08 | $0.00 | Payment for services billed |
| 02/21/2019 | $3,356.32 | $3,356.32 | $0.00 | Payment for services billed |
| 02/21/2019 | $12,623.62 | $12,623.62 | $0.00 | Payment for services billed |
| 02/21/2019 | $693.75 | $693.75 | $0.00 | Payment for services billed |
| 03/01/2019 | $22,992.50 | $22,992.50 | $0.00 | Payment for services billed |
| 03/01/2019 | $93,127.56 | $93,127.56 | $0.00 | Payment for services billed |
| 04/09/2019 | $36,281.04 | $36,281.04 | $0.00 | Payment for services billed |
| 04/09/2019 | $42,063.50 | $42,063.50 | $0.00 | Payment for services billed |
| 04/09/2019 | $12,086.50 | $12,086.50 | $0.00 | Payment for services billed |
| 04/09/2019 | $20,443.89 | $20,443.89 | $0.00 | Payment for services billed |
| 04/18/2019 | $3,900.00 | $3,900.00 | $0.00 | Payment for services billed |
| 04/29/2019 | $5,195.31 | $5,195.31 | $0.00 | Payment for services billed |
| 04/29/2019 | $54,293.21 | $54,293.21 | $0.00 | Payment for services billed |
| 04/29/2019 | $7,178.27 | $7,178.27 | $0.00 | Payment for services billed |
| 04/29/2019 | $4,397.00 | $4,397.00 | $0.00 | Payment for services billed |
| 04/29/2019 | $11,489.50 | $11,489.50 | $0.00 | Payment for services billed |
| 04/29/2019 | $78,795.80 | $78,795.80 | $0.00 | Payment for services billed |
| 07/03/2019 | $49,455.75 | $49,455.75 | $0.00 | Payment for services billed |
| 07/03/2019 | $6,884.00 | $6,884.00 | $0.00 | Payment for services billed |
| 07/03/2019 | $1,050.00 | $1,050.00 | $0.00 | Payment for services billed |
| 07/03/2019 | $4,593.00 | $4,593.00 | $0.00 | Payment for services billed |
| 07/03/2019 | $12,292.55 | $12,292.55 | $0.00 | Payment for services billed |
| 07/03/2019 | $687.75 | $687.75 | $0.00 | Payment for services billed |
| 08/02/2019 | $3,348.00 | $3,348.00 | $0.00 | Payment for services billed |
| 08/07/2019 | $3,412.50 | $3,412.50 | $0.00 | Payment for services billed |
| 08/07/2019 | $938.03 | $938.03 | $0.00 | Payment for services billed |
| 08/07/2019 | $2,486.00 | $2,486.00 | $0.00 | Payment for services billed |
| 08/07/2019 | $2,061.97 | $2,061.97 | $0.00 | Payment for services billed |
| 08/07/2019 | $591.25 | $591.25 | $0.00 | Payment for services billed |
| 08/07/2019 | $1,450.00 | $1,450.00 | $0.00 | Payment for services billed |
| 08/07/2019 | $4,408.75 | $4,408.75 | $0.00 | Payment for services billed |
| 08/07/2019 | $4,732.08 | $4,732.08 | $0.00 | Payment for services billed |
| 08/07/2019 | $7,990.00 | $7,990.00 | $0.00 | Payment for services billed |
| 08/07/2019 | $9,510.00 | $9,510.00 | $0.00 | Payment for services billed |
| 08/13/2019 | $82,465.75 | $82,465.75 | $0.00 | Payment for services billed |
| 08/13/2019 | $17,500.00 | $17,500.00 | $0.00 | Payment for services billed |

| | | | | |
|---|---|---|---|---|
| 08/13/2019 | $5,591.25 | $5,591.25 | $0.00 | Payment for services billed |
| 08/13/2019 | $990.03 | $990.03 | $0.00 | Payment for services billed |
| 08/13/2019 | $416.25 | $416.25 | $0.00 | Payment for services billed |
| 08/13/2019 | $534.02 | $534.02 | $0.00 | Payment for services billed |
| 08/13/2019 | $10,000.00 | $10,000.00 | $0.00 | Payment for services billed |
| 08/13/2019 | $1,948.00 | $1,948.00 | $0.00 | Payment for services billed |
| 09/25/2019 | $14,793.09 | $14,793.09 | $0.00 | Payment for services billed |
| 09/25/2019 | $17,080.50 | $17,080.50 | $0.00 | Payment for services billed |
| 09/25/2019 | $711.70 | $711.70 | $0.00 | Payment for services billed |
| 09/25/2019 | $447.21 | $447.21 | | Payment for services billed |
| 09/25/2019 | $6,308.36 | $6,308.36 | $0.00 | Payment for services billed |
| 09/25/2019 | $12,372.89 | $12,372.89 | $0.00 | Payment for services billed |
| 09/27/2019 | $60,000.00 | | $60,000.00 | Retainer |
| 10/07/2019 | $37,756.64 | $37,756.64 | $60,000.00 | Payment for services billed |
| 10/22/2019 | $46,156.00 | $46,156.00 | $60,000.00 | Payment for services billed |
| 10/22/2019 | $18,389.50 | $18,389.50 | $60,000.00 | Payment for services billed |
| 10/22/2019 | $6,403.45 | $6,403.45 | $60,000.00 | Payment for services billed |
| 10/22/2019 | $977.25 | $977.25 | $60,000.00 | Payment for services billed |
| 10/22/2019 | $53,526.13 | $53,526.13 | $60,000.00 | Payment for services billed |
| 10/22/2019 | $127.50 | $127.50 | $60,000.00 | Payment for services billed |
| 10/22/2019 | $31,752.89 | $31,752.89 | $60,000.00 | Payment for services billed |
| 10/22/2019 | $3,208.50 | $3,208.50 | $60,000.00 | Payment for services billed |
| 11/15/2019 | $3,485.64 | $3,485.64 | $60,000.00 | Payment for services billed |
| 11/15/2019 | $2,754.43 | $2,754.43 | $60,000.00 | Payment for services billed |
| 11/15/2019 | $3,526.37 | $3,526.37 | $60,000.00 | Payment for services billed |
| 11/15/2019 | $5,383.95 | $5,383.95 | $60,000.00 | Payment for services billed |
| 11/15/2019 | $25,077.25 | $25,077.25 | $60,000.00 | Payment for services billed |
| 12/02/2019 | $7,488.50 | $7,488.50 | $60,000.00 | Payment for services billed |
| 12/02/2019 | $1,920.25 | $1,920.25 | $60,000.00 | Payment for services billed |
| 12/02/2019 | $1,950.00 | $1,950.00 | $60,000.00 | Payment for services billed |
| 12/02/2019 | $2,126.00 | $2,126.00 | $60,000.00 | Payment for services billed |
| 12/02/2019 | $2,607.16 | $2,607.16 | $60,000.00 | Payment for services billed |
| 12/02/2019 | $4,369.03 | $4,369.03 | $60,000.00 | Payment for services billed |
| 12/20/2019 | $209.20 | $209.20 | $60,000.00 | Payment for services billed |
| 12/20/2019 | $1,660.00 | $1,660.00 | $60,000.00 | Payment for services billed |
| 12/20/2019 | $379.00 | $379.00 | $60,000.00 | Payment for services billed |
| 12/20/2019 | $371.30 | $371.30 | $60,000.00 | Payment for services billed |
| 12/20/2019 | $8,712.00 | $8,712.00 | $60,000.00 | Payment for services billed |
| 12/20/2019 | $5,779.00 | $5,779.00 | $60,000.00 | Payment for services billed |
| 12/20/2019 | $2,610.50 | $2,610.50 | $60,000.00 | Payment for services billed |
| 12/20/2019 | $22,603.75 | $22,603.75 | $60,000.00 | Payment for services billed |
| 02/11/2020 | $9,993.73 | $9,993.73 | $60,000.00 | Payment for services billed |
| 02/11/2020 | $14,641.83 | $14,641.83 | $60,000.00 | Payment for services billed |

4846-5896-0562.5

| | | | | |
|---|---|---|---|---|
| 02/11/2020 | $1,913.75 | $1,913.75 | $60,000.00 | Payment for services billed |
| 02/11/2020 | $3,624.08 | $3,624.08 | $60,000.00 | Payment for services billed |
| 02/11/2020 | $7,194.90 | $7,194.90 | $60,000.00 | Payment for services billed |
| 02/11/2020 | $629.30 | $629.30 | $60,000.00 | Payment for services billed |
| 02/11/2020 | $21,052.00 | $21,052.00 | $60,000.00 | Payment for services billed |
| 02/11/2020 | $5,627.50 | $5,627.50 | $60,000.00 | Payment for services billed |
| 02/11/2020 | $1,533.00 | $1,533.00 | $60,000.00 | Payment for services billed |
| 02/18/2020 | $53,497.50 | $53,497.50 | $60,000.00 | Payment for services billed |
| 02/19/2020 | $7,206.50 | $7,206.50 | $52,793.50 | Payment for services billed |
| **Totals at Petition Date** | $1,219,733.81 | $1,159,733.81 | | |

## SCHEDULE 1

### Kleinbard Professionals to be Employed in Connection with the Chapter 11 Case

| Name | Title | Hourly Rate |
|---|---|---|
| Matthew Haverstick | Partner | $425 |
| Mark Seiberling | Partner | $425 |
| Steve Engelmyer | Partner | $415 |
| Eric Schreiner | Partner | $415 |
| Joshua Voss | Partner | $400 |
| Paul Gagne | Of Counsel | $400 |
| Shohin Vance | Associate | $320 |
| Jenna Smalley | Paralegal | $195 |
| Heidi Bondiskey | Paralegal | $195 |

4846-5896-0562.5

## SCHEDULE 2

## INTERESTED PARTIES

### Debtor & Related Entities/Trusts

Roman Catholic Diocese of Harrisburg
Harrisburg Catholic Administrative Services, Inc.
Roman Catholic Diocese of Harrisburg Charitable Trust
Roman Catholic Diocese of Harrisburg Real Estate Trust
Roman Catholic Diocese of Harrisburg Irrevocable Trust
Foundation of Catholics United in Service
Pennsylvania Catholic Conference
Catholic Charities of the Diocese of Harrisburg, Pennsylvania. Inc.
Kolbe Catholic Publishing, Inc.

### Deaneries, Parishes, and Missions

Adams Deanery, including the following parishes:
- Immaculate Heart of Mary Parish
- Saint Joseph the Worker Parish
- Basilica of the Sacred Heart Parish
- Saint Francis Xavier Parish
- Saint Joseph Parish
- Saint Vincent de Paul Parish
- Saint Aloysius Parish
- Annunciation of the Blessed Virgin Mary Parish
- Immaculate Conception of the Blessed Virgin Mary Parish

Cumberland/Perry Deanery, including the following parishes:
- Good Shepherd Parish
- Saint Patrick Parish
- Saint Bernadette Mission Parish
- Our Lady of Lourdes Parish
- Our Lady of Good Counsel Parish
- Saint Katharine Drexel Parish
- Saint Elizabeth Ann Seton Parish
- Saint Joseph Parish
- Saint Bernard Parish
- Saint Theresa of the Infant Jesus Parish

Dauphin Deanery, including the following parishes:
- Saint Matthew the Apostle Parish
- Cathedral Parish of Saint Patrick Parish
- Holy Family Parish
- Holy Name of Jesus Parish
- Our Lady of the Blessed Sacrament Parish
- Saint Catherine Labouré Parish
- Saint Francis of Assisi Parish
- Saint Margaret Mary Alacoque Parish
- Saint Joan of Arc Parish
- Sacred Heart of Jesus Parish
- Seven Sorrows of the Blessed Virgin Mary Parish
- Saint Jude Thaddeus Parish
- Queen of Peace Parish
- Prince of Peace Parish

Franklin Deanery, including the following parishes:
- Saint Rita Parish
- Saint Ignatius Parish
- Corpus Christi Parish
- Our Lady of Refuge Mission
- Immaculate Conception of the Blessed Virgin Mary Parish
- Saint Mark the Evangelist Parish
- Saint Luke the Evangelist Mission
- Our Lady of the Visitation Parish
- Saint Andrew the Apostle Parish

Lebanon Deanery, including the following parishes:
- Saint Paul the Apostle Parish
- Sacred Heart of Jesus Parish

4846-5896-0562.5

- ➢ Our Lady of Fatima Mission
- ➢ Assumption of the Blessed Virgin Mary Parish
- ➢ Saint Benedict the Abbot Parish
- ➢ Saint Cecilia Parish
- ➢ Mary, Gate of Heaven Parish
- ➢ Holy Spirit Parish

North Lancaster Deanery, including the following parishes:
- ➢ Holy Trinity Parish
- ➢ Saint Peter Parish
- ➢ Saint Peter Parish
- ➢ Our Mother of Perpetual Help Parish
- ➢ Saint James Parish
- ➢ Saint Richard Parish
- ➢ Mary, Mother of the Church Parish
- ➢ Our Lady of Lourdes Parish

Northern Deanery, including the following parishes:
- ➢ Christ the King Mission
- ➢ Immaculate Conception of the Blessed Virgin Mary Parish
- ➢ Saint Joseph Parish
- ➢ Saint Columba Parish
- ➢ Our Lady of Mercy Parish
- ➢ Saint Joseph Parish
- ➢ Sacred Heart of Jesus Parish
- ➢ Saint George Mission
- ➢ Saint Joseph Parish
- ➢ Saint Pius X Parish
- ➢ Saint Monica Parish

Northumberland Deanery, including the following parishes:
- ➢ Our Lady of Hope Parish
- ➢ Queen of the Most Holy Rosary Parish
- ➢ Holy Angels Parish
- ➢ Our Lady Help of Christians Parish
- ➢ Divine Redeemer Parish
- ➢ Our Lady of Mount Carmel Parish
- ➢ Mother Cabrini Parish
- ➢ Saint Patrick Parish
- ➢ Sacred Heart of Jesus Mission Parish

South Lancaster Deanery, including the following parishes:
- ➢ Assumption of the Blessed Virgin Mary Parish
- ➢ Sacred Heart of Jesus Parish
- ➢ Saint Anne Parish
- ➢ Saint Anthony of Padua Parish
- ➢ Saint John Neumann Parish
- ➢ Saint Joseph Parish
- ➢ Saint Leo the Great Parish
- ➢ Saint Philip the Apostle Parish
- ➢ San Juan Bautista Parish
- ➢ Saint Catherine of Siena Parish

York Deanery, including the following parishes:
- ➢ Saint Joseph Parish
- ➢ Holy Infant Parish
- ➢ Saint John the Baptist Parish
- ➢ Sacred Heart of Jesus Parish
- ➢ Immaculate Conception of the Blessed Virgin Mary Parish
- ➢ Saint Joseph Parish
- ➢ Saint Patrick Parish
- ➢ Saint Rose of Lima Parish

## Schools

- ➢ Holy Family Consolidated School
- ➢ Saint Columbia School
- ➢ Good Shepherd School
- ➢ Trinity High School
- ➢ Saint Patrick School (Cumberland/Perry Deanery)
- ➢ Corpus Christi School
- ➢ Our Lady of Lourdes Regional School
- ➢ Our Lady of the Angels School
- ➢ Saint Joseph School (York Deanery - Dallastown)
- ➢ Saint Cyril Pre-School and Kindergarten
- ➢ Saint Joseph School (Northern Deanery)
- ➢ Our Mother of Perpetual Help School
- ➢ Saint Francis Xavier School
- ➢ Saint Joseph School (Adams Deanery)
- ➢ Saint Teresa of Calcutta School (Adams Deanery - Conewago Campus)
- ➢ Bishop McDevitt High School
- ➢ Harrisburg Catholic Elementary School
- ➢ Holy Name of Jesus School
- ➢ Saint Catherine Labouré School
- ➢ Saint Margaret Mary Alacoque School
- ➢ Saint Joan of Arc School

4846-5896-0562.5

6

- ➤ Lancaster Catholic High School
- ➤ Resurrection School
- ➤ Sacred Heart School
- ➤ Saint Anne School
- ➤ San Juan Bautista Pre-School
- ➤ Lebanon Catholic School
- ➤ Sacred Heart of Jesus School
- ➤ Delone Catholic High School
- ➤ Saint Joseph Academy Pre-School
- ➤ Saint Teresa Of Calcutta School (Adams Deanery - McSherrystown Campus)
- ➤ Saint Joseph School (Cumberland/Perry Deanery)

- ➤ Seven Sorrows of the Blessed Virgin Mary School
- ➤ Saint Philip the Apostle
- ➤ Saint Theresa School
- ➤ Saint John the Baptist School
- ➤ Saint Leo the Great School
- ➤ Saint Andrew School
- ➤ Saint Joseph School (York Deanery - York)
- ➤ Saint Patrick School (York Deanery)
- ➤ Saint Rose of Lima School
- ➤ York Catholic High School

## Lenders & Counsel

PNC Bank, National Association
Scott R. Mehok, Cozen O'Connor
B. Lynn Freeman, Buchanan Ingersoll & Rooney PC

## Top 20 Unsecured Creditors

PNC Bank, National Association
Diocese of Harrisburg Priest Pension Plan
Donald Asbee



John Doe 1

Patrick Duggan

Patricia Julius

Lara McKeever

John Doe 2
John Doe 3

## Advisors & Professionals

Waller Lansden Dortch & Davis, LLP
Blake Roth
Tyler Layne
Evan Atkinson
Hunter Thornton
Melissa Jones
Chris Cronk
Ann Marie Jezisek

4846-5896-0562.5

7

Kerwin & Kerwin, LLP
Terrence J. Kerwin
Keegan Linscott & Associates, PC
Christopher G. Linscott
Conan Bardwell
Epiq Corporate Restructuring, LLC

## **Officers, Managers, and Senior Management**

### Roman Catholic Diocese of Harrisburg
Most Reverend Ronald W. Gainer, D.D., J.C.L. (Bishop of Harrisburg)
Very Reverend David L. Danneker, Ph.D. (Vicar General and Moderator of the Curia)
Mr. Don Kaercher (Chief Financial Officer)

### College of Consultors
| | |
|---|---|
| Reverend Joshua R. Brommer | Reverend Charles L. Persing |
| Very Reverend William C. Forrey, V.F. | Reverend Thomas J. Rozman |
| Reverend Monsignor William J. King | Reverend Alfred P. Sceski |
| Reverend Monsignor Robert E. Lawrence | Very Reverend Neil S. Sullivan, V.F. |
| Reverend Daniel C. Mitzel | |

### Diocesan Finance Council
Mr. Mark B. Glessner
Dr. James Forjan
Ms. Lora A. Kulick, Esq.
Mr. Donald H. Nikolaus, Esq.
Very Reverend Edward J. Quinlan
Mrs. Lisa Rohrer
Mr. Kenneth R. Shutts

### Presbyteral Council
| | |
|---|---|
| Reverend Joshua R. Brommer | Reverend Daniel C. Mitzel |
| Reverend Philip G. Burger | Reverend Brian T. Olkowski |
| Very Reverend Paul M. Clark, JCL | Reverend Charles L. Persing |
| Very Reverend Steven W. Fauser, V.F. | Reverend Dnaiel K. Richards |
| Very Reverend William C. Forrey, V.F. | Reverend Monsignor William M. Richardson |
| Reverend Robert M. Gillelan | Very Reverend Luis R. Rodriguez, V.F. |
| Reverend Leo M. Goodman | Reverend Thomas J. Rozman |
| Reverend Monsignor William J. King | Reverend Alfred P. Sceski |
| Reverend Martin Kobos, OFM Conv. | Mark M. Speitel |
| Reverend Monsignor Robert E. Lawrence | Very Reverend Neil S. Sullivan, V.F. |
| Reverend Monsignor James M. Lyons, V.F. | Reverend John A. Szada |
| Reverend Timothy D. Marcoe | Reverend Francis J. Tamburro |
| Reverend John McCloskey, OFM Cap. | Reverend Pang S. Tcheou |
| Reverend J. Michael McFadden | Reverend Allan F. Wolfe |

## **Cash Management Banks**

PNC Bank
First National Bank
M&T Bank

4846-5896-0562.5

## Landlords

Roman Catholic Diocese of Harrisburg Real Estate Trust (listed under Debtor & Related Entities/Trusts)

## Utility Providers

Bloomsburg Municipal Authority
Borough of Lewisburg Refuse Department
Capital Region Water
Citizens Electric Co.
City of Lancaster, PA
City Treasurer of Harrisburg, PA
Cocolamus Creek Disposal Service
Direct Entergy Business
Evans Disposal
Filson Water LLC
LAJSA
Lebanon Farms Disposal
Lower Paxton Township
Met-Ed - First Energy Corp.
Millersville Borough
Mostik Brothers Disposal
North Lebanon Township
Penn Waste Inc.
Pennsylvania American Water
PPL Electric Utilities Corp.
Republic Services
Suez Water Pennsylvania
Superior Plus Energy Services
Swatara Township Authority
Talley Petroleum
Town of Bloomsburg, PA
Tulpehocken Mountain Spring Water
UGI
Upper Allen Township
Walters Services Inc.
Waste Industries
Waste Management of Pennsylvania, Inc.

## Insurers and Brokers

The Graham Company
Catholic Mutual Relief Society of America
Travelers Boiler (through Catholic Mutual)
New York Marine & General Insurance Co.
The National Catholic Risk Retention Group
Federal Insurance Company (Chubb)
Starr Indemnity & Liability Insurance Company
NAS Insurance (through Catholic Mutual)
Associated Industries Insurance Company (Amtrust)
QBE Insurance Corporation
Safety National (workers' compensation surety bond)

## Governmental Entities

Office of Attorney General for the Commonwealth of Pennsylvania
Office of the District Attorney for Adams County Pennsylvania
Adams County Tax Services Department
Office of the District Attorney for Columbia County Pennsylvania
Columbia County Assessment Office & Tax Claim Bureau
Office of the District Attorney for Cumberland County Pennsylvania
Cumberland County Assessment Office
District Attorney's Office for Dauphin County Pennsylvania
Dauphin County Office of Tax Assessment
District Attorney's Office for Franklin County Pennsylvania
Franklin County Tax Assessment Department
District Attorney's Office for Juniata County Pennsylvania
Juniata County Assessor's Office
District Attorney's Office for Lancaster County Pennsylvania
Lancaster County Property Assessment Office
District Attorney's Office for Lebanon County Pennsylvania
Lebanon County Assessment Office
District Attorney's Office for Mifflin County Pennsylvania
Mifflin County Assessment Office
District Attorney's Office for Montour County Pennsylvania
Montour County Assessment Office
District Attorney's Office for Northumberland County Pennsylvania
Northumberland County Assessment Bureau
District Attorney's Office for Perry County Pennsylvania
Perry County Tax Assessment Office
District Attorney's Office for Snyder County Pennsylvania
Snyder County Assessment Office
District Attorney's Office for Union County Pennsylvania
Union County Assessment Office
District Attorney's Office for York County Pennsylvania
York County Assessment and Tax Claim Office

## Significant Litigation Parties

Donald B. Asbee
Patricia Julius a/k/a Patty Fortney
Jeffrey P. Fritz, Esq. (counsel to Patricia Julius)
Lara McKeever a/k/a Lara Fortney
Christina Heikel Connelly
████████
Ryan O'Connor (class action lead plaintiff)
Kristen Hancock (class action lead plaintiff)
Stanley Schenck (class action lead plaintiff)
Patrick Duggan (class action lead plaintiff)
Sheamus Bonner (class action lead plaintiff)
D.K. (class action lead plaintiff)
John Doe (class action lead plaintiff)
Benjamin J. Sweet (class action lead counsel)
Timothy C. Hale (class action counsel)
Shanon J. Carson (class action counsel)

4846-5896-0562.5

Sarah R. Schalman-Bergen (class action counsel)
Jeff Osterwise (class action counsel)
Patrick Madden (class action counsel)
Richard M. Serbin (class action counsel)
Benjamin D. Andreozzi (class action counsel)
Nathaniel L. Foote (class action counsel)

## **Known Survivors of Sexual Abuse**

A sealed copy of the list of all the victims of sexual abuse known to the Diocese has been made available to the United States Trustee and will be made available to the Court and any statutorily appointed committee upon request.

## **United States Bankruptcy Judges and Staff, Middle District of Pennsylvania**

Hon. Henry W. Van Eck
Hon Robert N. Opel II

## **Office of the United States Trustee, Middle District of Pennsylvania**

Frederic Baker, Acting Assistant U.S. Trustee
Wendy Paul, Paralegal Specialist
Rebecca Plesic, Paralegal Specialist
D. Troy Sellars, Trial Attorney
Gregory B. Schiller, Trial Attorney

4846-5896-0562.5

**Exhibit C**

**Declaration of the Very Reverend David L. Danneker**

4813-4264-2098.5

|  |  |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC DIOCESE OF HARRISBURG, | Case No. 1:20-bk-00599 (HWV) |
| Debtor.[1] | |

**DECLARATION OF VERY REVEREND DAVID L. DANNEKER
IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY
OF AN ORDER APPROVING THE EMPLOYMENT AND RETENTION OF
KLEINBARD, LLP AS SPECIAL COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Pursuant to 28 USC § 1746, I, David L. Danneker, Ph.D., hereby declare and state as follows:

1.     I am the Vicar General and Moderator of the Curia of the Roman Catholic Diocese of Harrisburg (the "***Debtor***"), the debtor and debtor in possession in this chapter 11 case (the "***Chapter 11 Case***"). I have served in my current capacity since June 20, 2016.

2.     In such capacity, I am familiar with the matters set forth herein and make this declaration (this "***Declaration***") in support of the Debtor's application (the "***Application***")[2] seeking approval to retain and employ Kleinbard, LLP ("***Kleinbard***"), effective as of the Petition Date, as general bankruptcy and restructuring counsel to the Debtor.

3.     I submit this Declaration in support of the Application, pursuant to the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "***U.S. Trustee Fee Guidelines***"). Except as otherwise indicated herein, all facts set forth in this Declaration are based on my personal knowledge or my discussions with other members of the

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

Debtor's management team and the Debtor's advisors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4.      I am informed by counsel that the U.S. Trustee Fee Guidelines request that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

i.      The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

ii.     The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

iii.    The number of firms the client interviewed.

iv.     If the billing rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

v.      The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

## Selection of Counsel

5.      Given Kleinbard's expertise in representing diocesan entities within the bankruptcy and restructuring context, Kleinbard is well qualified to represent the Debtor in this Chapter 11 Case. The Kleinbard attorneys leading this engagement have significant experience representing diocesan debtors in complex cases under the Bankruptcy Code. In addition, Kleinbard has extensive experience in and expertise in virtually all other areas of the law that may arise in the chapter 11 case.

2

## Rate Structure

6.      Kleinbard has informed the Debtor that its rates for bankruptcy representations are comparable to the rates Kleinbard charges for non-bankruptcy representations.

7.      Kleinbard's rates and material terms of engagement are consistent with comparably skilled professionals. The Debtor has approved Kleinbard's proposed hourly rates as set forth in the Application and the Haverstick Declaration. Kleinbard has informed the Debtor that its hourly rates are subject to periodic adjustments to reflect economic and other conditions. The Debtor has consented to such ordinary course rate increases.

## Cost Supervision

8.      The Debtor recognizes its responsibility to closely monitor the billing practices of its counsel to ensure that the fees and expenses remain consistent with the expectations and the exigencies of the Chapter 11 Case. On behalf of the Debtor, I, or someone at my direction, will review the invoices that Kleinbard regularly submits. Kleinbard's fees and expenses will be subject to periodic review on a monthly, interim and final basis during the course of the Chapter 11 Case by the Debtor, the Office of the U.S. Trustee for the Middle District of Pennsylvania, and creditors and other parties in interest upon the public filing of fee applications with the Court.

9.      In addition, at all times, I, or someone at my direction, will assure the services performed by Kleinbard are not duplicative of other professionals engaged by the Debtor in the ordinary course, such as Waller, Lansden, Dortch & Davis, LLC.

3

I declare under penalty of perjury that the foregoing is true and correct on this 24th day of

February 2020.

<div style="text-align: right;">

*/s/ David L. Danneker*
Very Reverend David L. Danneker, Ph.D.
Vicar General and Moderator of the Curia

</div>