| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC DIOCESE OF HARRISBURG, | Case No. 1:20-bk-00599 (HWV) |
| Debtor.[1] | |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO EMPLOY PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS

The Roman Catholic Diocese of Harrisburg, the debtor and debtor in possession (the "***Debtor***"), by and through its undersigned proposed counsel, files this motion, pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 2014-1, 2016-1, and 9013-1(i) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Middle District of Pennsylvania (the "***Local Rules***"), for entry of an order, substantially in the form attached to this motion as **Exhibit A**, authorizing the Debtor to employ certain professionals retained in the ordinary course of business (the "***Ordinary Course Professionals***"), effective as of the Petition Date, without submission of separate employment applications or the issuance of separate retention orders for each professional. In support of this motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.

the Middle District of Pennsylvania. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On February 19, 2020 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief in this Court, pursuant to chapter 11 of the Bankruptcy Code, commencing this case (the "*Chapter 11 Case*").

4.      The Debtor continues to operate its business as a debtor in possession, pursuant to sections 1107(a) and 1008 of the Bankruptcy Code.

5.      No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case, nor have any committees been appointed or designated.

6.      A description of the Debtor's business, the reasons for commencing this Chapter 11 Case, the relief sought from this Court, and the facts and circumstances supporting this motion are set forth in the *Informational Brie of the Roman Catholic Diocese of Harrisburg* (the "*Informational Brief*") and the *Declaration of Christopher G. Linscott in Support of First Day Motions* (the "*Linscott Declaration*" and, with the Informational Brief, collectively, the "*First Day Informational Pleadings*").

## RELIEF REQUESTED

7.      The Debtor seeks authority to employ Ordinary Course Professionals, effective as of the Petition Date, without the submission of separate employment applications or the issuance of separate retention orders for each professional.

8.     A non-exhaustive list of Ordinary Course Professionals is attached to this motion as **<u>Exhibit B</u>** and is incorporated in this paragraph by reference.

**P<span style="font-variant:small-caps">ROPOSED</span> P<span style="font-variant:small-caps">ROCEDURES FOR</span> O<span style="font-variant:small-caps">RDINARY</span> C<span style="font-variant:small-caps">OURSE</span> P<span style="font-variant:small-caps">ROFESSIONALS</span>**

9.     The Debtor seeks to continue employing the Ordinary Course Professionals, to provide a variety of professional services to this estate in the same manner and for the same or similar purposes as the Ordinary Course Professionals were employed before the Petition Date.

10.     The Ordinary Course Professionals provide a range of services to the Debtor relating to, among other things, regulatory, cost reporting services, and other matters that have a direct and significant impact on the Debtor's day-to-day operations.

11.     Continued employment of the Ordinary Course Professionals is, therefore, essential, to avoid disruption to the Debtor's normal business operations and the cost, expense, and delay of securing replacement professionals.

12.     The proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below (the "***Procedures***") are in the best interests of the Debtor, its estate, its creditors, and other parties in interest.

13.     The relief requested in this motion will save the Debtor both the time and expense associated with applying separately to retain each Ordinary Course Professional and will prevent the Debtor from incurring additional fees for the preparation and prosecution of interim and final fee applications during this Chapter 11 Case.

14.     To that end, the Debtor proposes the following, with respect to the retention of Ordinary Course Professionals:

a.     Pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, the Debtor will be authorized to employ the Ordinary Course Professionals listed on **<u>Exhibit B</u>** to this motion, in accordance with the procedures set forth in the proposed form of order, effective as of the Petition Date.

b. Each Ordinary Course Professional will provide the Debtor's attorneys, within **twenty (20) days** after the later of the date (i) of entry of the proposed order or (ii) on which the Ordinary Course Professional commences services for the Debtor, a declaration substantially in the form attached to this motion as **Exhibit C** (the "***Ordinary Course Declaration***"), certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter(s) on which the Ordinary Course Professional is to be employed.

c. The Debtor's counsel will file the Ordinary Course Declaration with this Court and serve a copy on: (i) the Office of the United States Trustee for the Middle District of Pennsylvania (the "***U.S. Trustee***"); and (ii) attorneys for any statutory committee appointed in this Chapter 11 Case (the "***Reviewing Parties***").

d. The Reviewing Parties will have **ten (10) days** after service of the Ordinary Course Declaration (the "***Objection Deadline***") to serve upon the Debtor, the other Reviewing Parties, and the relevant Ordinary Course Professional a written objection to the retention, employment, or compensation of the Ordinary Course Professional, based upon the contents of the Ordinary Course Declaration.

e. If no objection is served by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved, pursuant to sections 327 and 328 of the Bankruptcy Code, without the need for a hearing and without further order of this Court; provided, however, if an objection is served by the Objection Deadline and such objection cannot be resolved within **twenty (20) days**, the Debtor will schedule the matter for a hearing before this Court.

f. The Debtor will be authorized to retain additional Ordinary Course Professionals throughout this Chapter 11 Case; provided, however, that each additional Ordinary Course Professional shall file an Ordinary Course Declaration with the Court and, subject to the objection procedure described above, the approved retention of the Ordinary Course Professional will be effective as of the date requested in any supplemental list of Ordinary Course Professionals or the expiration of the Objection Deadline applicable for such Ordinary Course Professional, whichever is earlier.

g. Subject to the foregoing and the payment caps described below, the Debtor will be authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to the proposed order in the same manner as such Ordinary Course Professional was compensated and reimbursed before the Petition Date, without a prior application to this Court by such Ordinary Course Professional, in the full undisputed amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred, in each case calculated in

accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtor's right to dispute any such invoice)[2].

h.      The aggregate amount paid to each Ordinary Course Professional shall not exceed $150,000 for the entire period in which this Chapter 11 Case is pending, subject to further order of this Court (the "***Case Cap***").

i.      Unless this Court orders otherwise, if payment to any Ordinary Course Professional would exceed $150,000 for the entire period in which this Chapter 11 Case is pending, such Ordinary Course Professional will be required to file a separate application to be retained as a professional, pursuant to sections 327 or 328 of the Bankruptcy Code.

j.      Each Ordinary Course Professional's total compensation and reimbursement will not exceed $15,000 for each month starting from the first full month after the Petition Date (the "***Monthly Cap***"); provided, however, that the Monthly Cap will be accrued on a "rolling basis" and any Ordinary Course Professional whose compensation and reimbursements are less than the Monthly Cap for any given month is eligible to apply the difference between the Monthly Cap and the amount compensated or reimbursed in such month to any subsequent month.

k.      The Debtor may amend the compensation limitations set forth in the proposed order, upon a duly filed and served motion and further order of this Court.

l.      At three-month intervals during the pendency of this Chapter 11 Case (each, a "***Quarter***"), beginning with the Quarter ending May 31, 2020, the Debtor will file with the Court and serve on the Reviewing Parties, no later than **thirty (30) days** after the last day of such Quarter, a statement that will include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (iii) the aggregate amount of postpetition payments made to that Ordinary Course Professional to date; and (iv) a general description of the services rendered by that Ordinary Course Professional.

15.      The Debtor reserves its right to (a) dispute any invoice submitted by an Ordinary Course Professional and (b) retain additional Ordinary Course Professionals from time to time as the need arises.

---

[2] In order to make payments to third parties, the Debtor funds, or causes to be funded, payments to Harrisburg Catholic Administrative Services, Inc. ("**HCAS**"). As part of its administrative responsibilities pursuant to certain services agreements, HCAS, in turn, makes payments to such third parties on the Debtor's behalf using such funds.

4833-4288-8371.2

5

## The Ordinary Course Professional Procedures Should Be Approved

16. Section 327(a) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a)

17. Section 327(e) of the Bankruptcy Code provides that, "with the court's approval," a debtor may employ:

> for a specified special purpose, other than to represent the [debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

18. Section 328(a) of the Bankruptcy Code provides, in pertinent part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment[.]" 11 U.S.C. § 328(a).

19. And, under section 330(a)(1) of the Bankruptcy Code:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103—
>
> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

4833-4288-8371.2

20.     Finally, under section 105(a) of the Bankruptcy Code, this Court may issue any order necessary or appropriate, to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

21.     In this Chapter 11 Case, given consideration to the additional costs associated with the potential preparation of employment applications for the Ordinary Course Professionals that will receive relatively modest fees, it is impractical and costly for the Debtor to submit individual applications and proposed retention orders for each Ordinary Course Professional as would otherwise be required by Rules 2014 and 2016 of the Bankruptcy Rules.

22.     As a result, the Debtor requests that this Court implement the Procedures, in lieu of individual employment applications, retention orders, and fee applications for the Ordinary Course Professionals.

23.     Other than the Ordinary Course Professionals, all professionals employed by the Debtor to assist in the administration of this Chapter 11 Case will be retained by the Debtor pursuant to separate retention applications. Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and applicable orders of this Court.

24.     To the extent any of the Ordinary Course Professionals hold retainers, the Debtor further requests that any such Ordinary Course Professionals be authorized to apply any prepetition retainers held to prepetition amounts owed on account of services rendered to the Debtor prior to the Petition Date.

25.     This Court and others within the Third Circuit have routinely granted the same or similar relief to chapter 11 debtors in other large chapter 11 cases. *See, e.g.*, *In re New World Pasta Co.*, No. 04-02817 (Bankr. M.D. Pa. May 10, 2014). *See also In re Reading Eagle Co.*, No. 19-

11728 (Bankr. E.D. Pa. May 22, 2019); *In re R.E. Gas Dev., LLC*, No. 18-22032 (Bankr. W.D. Pa. June 26, 2018); *In re Wordsworth Academy*, No. 17-14463 (Bankr. E.D. Pa. Aug. 16, 2017); *In re Phila. Newspapers, LLC*, No. 09-11204 (Bankr. E.D. Pa. Feb. 22, 2009).

## WAIVER OF BANKRUPTCY RULE 6004(H)

26.    Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). In addition, Bankruptcy Rule 6006(d) provides that "[a]n order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 14 (fourteen) days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(d). Here, the Ordinary Course Professionals need certainty regarding their payment during the Chapter 11 Case. Accordingly, the Debtor requests that the Court waive the fourteen-day stay period under Bankruptcy Rules 6004(h) and 6006(d).

## RESERVATION OF RIGHTS

27.    Nothing contained in this motion is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

28.    Similarly, if this Court grants the relief sought in this motion, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

## NOTICE

29.    The Debtor has provided notice of this motion by electronic mail, facsimile, or overnight mail to: (a) the Office of the United States Trustee for the Middle District of

Pennsylvania; (b) the Debtor's twenty (20) largest unsecured creditors; (c) the Debtor's secured creditors; (d) the Ordinary Course Professionals, and (e) all parties entitled to notice pursuant to Rule 2002 of the Bankruptcy Rules.

30. Given the nature of the relief requested in this motion, the Debtor submits that no other or further notice is necessary or required.

## NO PRIOR REQUEST

31. The Debtor has not made a prior request to this Court or any other court for the relief sought in this motion.

*[Remainder of Page Intentionally Left Blank]*

4833-4288-8371.2

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order, substantially in the form attached to this motion as **Exhibit A**, authorizing the Debtor to employ Ordinary Course Professionals, effective as of the Petition Date, without the submission of separate employment applications or the issuance of separate retention orders for each professional, and granting such other and further relief as this Court deems just and proper.

Dated: February 24, 2020
Nashville, Tennessee

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

/s/ Blake D. Roth
Blake D. Roth (State Bar No. 306951)
Tyler N. Layne (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:      (615) 244-6380
Facsimile:      (615) 244-6804
Email:          blake.roth@wallerlaw.com
                tyler.layne@wallerlaw.com

-and-

KLEINBARD, LLC

Matthew H. Haverstick (State Bar No. 85072)
Joshua J. Voss (State Bar No. 306853)
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, Pennsylvania 19103
Telephone:      (215) 568-2000
Facsimile:      (215) 568-0140
Email:          mhaverstick@kleinbard.com
                jvoss@kleinbard.com

*Proposed Attorneys for the Debtor and Debtor In Possession*

**EXHIBIT A**
**PROPOSED ORDER**

4833-4288-8371.2

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC DIOCESE OF HARRISBURG, | Case No. 1:20-bk-00599 (HWV) |
| Debtor.[1] | |

### ORDER AUTHORIZING THE DEBTOR TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the *Debtor's Motion for Entry of an Order Authorizing the Debtor to Employ Professionals in the Ordinary Course of Business* (the "***Motion***")[2]; and upon finding that this Court has jurisdiction over the Motion and relief sought in the Motion; and upon finding that venue for the Motion is proper in this Court; and upon finding that due and sufficient notice of the Motion has been given and no other or further notice is necessary or required; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any (the "***Hearing***"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.

[2] Capitalized terms used in this order and not otherwise defined shall have the meanings ascribed to them in the Motion.

1.      The Debtor is authorized to employ the Ordinary Course Professionals set forth on

**Exhibit B** to the Motion in accordance with the following procedures (the "***Procedures***"),

effective as of the Petition Date:

    a.  each Ordinary Course Professional will provide the Debtor's attorneys, within **twenty (20) days** after the later of the date (i) of entry of this order or (ii) on which the Ordinary Course Professional commences services for the Debtor, a declaration substantially in the form attached to the Motion as **Exhibit C** (the "***Ordinary Course Declaration***"), certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter(s) on which the Ordinary Course Professional is to be employed;

    b.  the Debtor's counsel will file the Ordinary Course Declaration with this Court and serve a copy on: (i) the Office of the United States Trustee for the Middle District of Pennsylvania (the "***U.S. Trustee***"); and (ii) attorneys for any statutory committee appointed in this Chapter 11 Case (the "***Reviewing Parties***");

    c.  the Reviewing Parties and parties in interest will have **ten (10) days** after service of the Ordinary Course Declaration (the "***Objection Deadline***") to serve upon the Debtor, the other Reviewing Parties, and the relevant Ordinary Course Professional a written objection to the retention, employment, or compensation of the Ordinary Course Professional, based upon the contents of the Ordinary Course Declaration;

    d.  if no objection is served by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved without the need for a hearing and without further order of this Court; provided, however, if an objection is served by the Objection Deadline and such objection cannot be resolved within **twenty (20) days**, the Debtor will schedule the matter for a hearing before this Court;

    e.  the Debtor will be authorized to retain additional Ordinary Course Professionals throughout this Chapter 11 Case; provided, however, that each additional Ordinary Course Professional shall file an Ordinary Course Declaration with this Court and, subject to the objection procedure described above, the approved retention of the Ordinary Course Professional will be effective as of the expiration of the Objection Deadline applicable for such Ordinary Course Professional;

    f.  the Debtor shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100 percent of fees and disbursements to each of the Ordinary Course Professional's retained pursuant to these procedures (including the filing of a Declaration of Disinterestedness) upon the Ordinary Course Professional's submission to the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; *provided*, *however*, that while this Chapter 11 case is

pending, the fees of each Ordinary Course Professional are subject to the caps described below;

g. the aggregate amount paid to each Ordinary Course Professional shall not exceed $150,000 (the "***Case Cap***") for the entire period in which this Chapter 11 Case is pending, subject to further order of this Court;

h. each Ordinary Course Professional's total compensation and reimbursement will not exceed $15,000 for each month starting from the first full month after the Petition Date (the "***Monthly Cap***");

i. to the extent an Ordinary Course Professional seeks compensation in excess of the Monthly Cap, the Ordinary Course Professional will file with the Court a notice of fees in excess of the Monthly Cap (the "***Notice of Excess Fees***") and an invoice setting forth in reasonable detail, the nature of the services rendered, all time entries for the month, and all disbursements actually incurred for the month in which the Excess Fees were incurred. (For avoidance of doubt, this invoice will list all time entries and all fees incurred by the Ordinary Course Professional for the relevant month.) Interested parties shall then have 14 days to file an objection to the Notice of Excess Fees with the Court. If after 14 days no objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100 percent of its fees and 100 percent of its expenses without the need to file a fee application. To the extent an Ordinary Course Professional seeks compensation in excess of the Case Cap, the Debtor shall file an application to employ such Ordinary Course Professional pursuant to sections 327 or 328 of the Bankruptcy Code, as applicable, and such Ordinary Course Professional's subsequent compensation shall be governed by the Court's order, if any, approving such Ordinary Course Professional's employment;

j. the Debtor may amend the compensation limitations set forth in this order, upon a duly filed and served motion and further order of this Court; and

k. at three-month intervals during the pendency of this Chapter 11 Case (each, a "***Quarter***"), beginning with the Quarter ending May 31, 2020, the Debtor will file with this Court and serve on the Reviewing Parties, no later than **thirty (30) days** after the last day of such Quarter, a statement that will include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (iii) the aggregate amount of postpetition payments made to that Ordinary Course Professional to date; and (iv) a general description of the services rendered by that Ordinary Course Professional.

2.     Entry of this order and approval of the Procedures does not affect the Debtor's rights to (a) dispute any invoice submitted by an Ordinary Course Professional or (b) retain additional Ordinary Course Professionals from time to time as the need arises.

3.     All caps set forth in the Procedures are without prejudice to the Debtor's ability to request that this Court increase the terms of such caps at a later time.

4.     The form of the Ordinary Course Declaration is approved in its entirety.

5.     The Ordinary Course Professionals are authorized to apply any prepetition retainers held to prepetition amounts owed on account of services rendered to the Debtor prior to the Petition Date, as set forth in the Motion.

6.     To the extent that any agreement between the Debtor and an Ordinary Course Professional provides for the indemnification by the Debtor of such Ordinary Course Professional in connection with the services that are the subject of the Motion (each such agreement, an "*OCP Agreement*"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of this case:

   a. The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than those described in such OCP Agreement, unless such services and indemnification therefor are approved by the Court;

   b. Notwithstanding anything to the contrary in the OCP Agreement, the Debtor shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense related to such OCP Agreement that is either: (i) judicially determined (the determination having become final) to have arisen from the Ordinary Course Professional's gross negligence or willful misconduct, fraud, bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtor alleges the breach of the Ordinary Course Professional's contractual obligations under the OCP Agreement; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by this Order;

4833-4288-8371.2

4

c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the chapter 11 case, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including without limitation the advancement of defense costs, the Ordinary Course Professional must file an application therefor in the Court, and the Debtor may not pay any such amounts to the Ordinary Course Professional before the entry of an order by the Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Ordinary Course Professional for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify the Ordinary Course Professional.  All parties in interest in this chapter 11 case shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution or reimbursement; and

d.  In the event that the Ordinary Course Professional seeks reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by the Court after notice and a hearing.

7.      This Order shall not apply to any professional retained by the Debtor pursuant to a separate order of the Court.

8.      Notwithstanding anything herein to the contrary, nothing in this Order shall prevent the U.S. Trustee from seeking a determination from the Court (a) requiring an Ordinary Course Professional to file a separate retention application under section 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the Monthly Cap or Case Cap.

9.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, this Order shall be immediately effective and enforceable upon its entry.

10.     The Debtor is authorized to take all steps necessary or appropriate to carry out the terms of this order.

11.    This Court retains jurisdiction to hear and determine all matters arising from or related to this order or its implementation, interpretation, or enforcement.

4833-4288-8371.2

6

**EXHIBIT B**
**ORDINARY COURSE PROFESSIONALS**

| Ordinary Course Professional | Address | Type of Service |
|---|---|---|
| Kerwin & Kerwin, LLP | 2601 North Front Street, Ste. 101 Harrisburg, PA 17110 | General Counsel |
| McKonly & Asbury | 415 Fallowfield Road, Camp Hill, PA 17011 | Internal Audit |
| Riverview Communications, LLC | 121 State Street, Harrisburg, PA 17101 | Public Relations |
| Conrad Segal | 501 Corporate Cir., Harrisburg, PA 17110 | Actuary |

**EXHIBIT C**
**ORDINARY COURSE DECLARATION**

4833-4288-8371.2

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### HARRISBURG DIVISION

In re:

ROMAN CATHOLIC DIOCESE OF
HARRISBURG,

Debtor.[1]

Chapter 11

Case No. 1:20-bk-00599 (HWV)

## DECLARATION AND DISCLOSURE STATEMENT OF [＿＿＿＿], ON BEHALF OF [＿＿＿＿]

Pursuant to 28 U.S.C. § 1746, I, [＿＿＿＿＿], declare:

1.      I am a **[insert title]** of **[firm]** located at **[street, city, state, zip code]** (the "***Firm***").

2.      The above-captioned debtor and debtor in possession (the "***Debtor***") has requested that the Firm provide **[description of type of services]** services to the Debtor, and the Firm has consented to provide such services (the "***Services***").

3.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this Chapter 11 Case, for persons that are parties in interest in the Chapter 11 Case.

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor or other parties in interest in this Chapter 11 Case.

5.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person, other than the principals and regular employees of the Firm.

---

[1] The last four digits of the Debtor's federal tax identification number are: 4791. The Debtor's principal place of business is located at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.

4833-4288-8371.2

6.      Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate, with respect to the matters on which the Firm is to be retained.

7.      The Debtor owes the Firm $[_____] for prepetition services.

8.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described in this declaration, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: [_____] [____], 20[___]


By: _____