IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC DIOCESE OF HARRISBURG,<br><br>                    Debtors. | Case No. 1:20-bk-00599 (HWV)<br><br>Chapter 11 |

**CLAIMANTS' NOS. 102 and 103 RESPONSE TO INSURANCE COMPANIES' OBJECTIONS TO PROOFS OF CLAIM**

AND NOW, come the Claimants (hereinafter "KBA Claimants"), by and through counsel, Ketterer, Browne & Associates, who hereby respond to the insurance companies Travelers' and LMI 's (the "Insurers") Objections to KBA Claimants' Proofs of Claim ("POCs") and respectfully state as follows:

## INTRODUCTION

1. This Honorable Court should overrule the Insurers' Objections as the Insurers are not interested parties under 11 USCS § 1109(b) and the Roman Catholic Diocese of Harrisburg (the "Debtor") has not objected to KBA Claimants' POCs as being barred by the statute of limitations.

## BACKGROUND

2. On February 19, 2020, the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code in this Court ("Chapter 11 Case").

3. KBA Claimants filed their individual POCs in the Chapter 11 Case and upon information and belief, the abuse described in the POCs falls within the Insurers' coverage periods.

4. The Insurers filed objections to KBA Claimants' POCs arguing that each POC should be disallowed because they are barred by the statute of limitations. With respect to Claimant 103, Claim No. 237, LMI made an additional argument that claim was time barred.

## THE INSURERS' OBJECTIONS SHOULD BE OVERRULED

5. The Insurers are not parties in interest under 11 USCS § 1109(b) therefore they have no right to object to KBA Claimants' POCs.

6. The Insurers are insurance companies of the Debtor, whose insurance has not yet been implicated by KBA Claimants' POCs.

7. The Debtor does not object to KBA Claimants' POCs. The Insurers' rights are subordinate to the Debtor.

8. "[N]umerous courts have upheld the right of an entity to file a proof of claim, even if that claim is clearly barred by the applicable statute of limitations. See, e.g., In re McGregor, 398 B.R. at 564 (Bankr. N.D. Ms.); In re Andrews, 394 B.R. 384, 388 (Bankr. E.D.N.C. 2008); In re Simpson, 2008 Bankr. LEXIS 2457, 2008 WL 4216317, at *2, *3 (Bankr. N.D. Ala. 2008); In re Varona, 388 B.R. 705, 723-24 (Bankr. E.D. Va. 2008)." Keeler v. PRA Receivables Mgmt., LLC (In re Keeler), 440 B.R. 354, 363 (Bankr. E.D. Pa. 2009).

9. "A debt barred by the statute of limitations is not extinguished; rather, it is subject to an affirmative defense that can be waived." Keeler v. PRA Receivables Mgmt., LLC (In re Keeler), 440 B.R. 354, 365 (Bankr. E.D. Pa. 2009).

10. The Debtor as the correct party in interest has waived the affirmative defense of KBA Claimants' POCs being allegedly barred by the statute of limitations.

11. The Insurance Companies seek to interfere with this Chapter 11 Case and object to Claimants' POCs which were filed in accordance with this Honorable Court's Order.

12. Furthermore, and with respect to KBA Claimant 103, Claim No. 237, there is a pending Motion to Extend the Claims Bar Date or File a Late Claim.

## CLAIMANTS' REQUEST

13. The KBA Claimants request that this Honorable Court overrule the Insurers' Objections outright.

14. If Insurers' Objections are sustained, KBA Claimants request the Court order dismissal without prejudice so the claims may be filed in the future in the event that the statute of limitations is amended.

## CONCLUSION

WHEREFORE, KBA Claimants respectfully request that this Honorable Court overrule the Insurers' Objections. Alternatively, should this Honorable Court sustain the Insurers' Objections, KBA Claimants respectfully request that the Court dismiss the claims without prejudice so they might be refiled if the statute of limitations is amended.

KETTERER, BROWNE & ASSOCIATES

Date: April 28, 2022

*/s/ Derek T. Braslow*
Derek T. Braslow, Esq. (ID #78994)
Derek@KBAattorneys.com
230 Sugartown Road, Suite 20
Wayne, PA 19087
410.943.2070

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
# HARRISBURG DIVISION

In re:

ROMAN CATHOLIC DIOCESE OF HARRISBURG,

          Debtors.

Case No. 1:20-bk-00599 (HWV)

Chapter 11

## ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of the Objections of the Insurance Companies to Ketterer, Browne & Associates' Proofs of Claim, IT IS HEREBY ORDERED, that said Objections are OVERRULED. The Claimants' Proofs of Claim (Nos. 237 and 100015) are allowed.

BY THE COURT,

_____

J.